# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

STATE OF TEXAS; GREG ABBOTT, i*n his official capacity as Governor of Texas*; TEXAS DEPARTMENT OF PUBLIC SAFETY; STEVEN MCCRAW, *in his official capacity as Director of Texas Department of Public Safety*,

        Defendants-Appellants.

LAS AMERICAS IMMIGRANT ADVOCACY CENTER; AMERICAN GATEWAYS; COUNTY OF EL PASO, TEXAS,

        Plaintiff-Appellee,

v.

STEVEN MCCRAW, *in his official capacity as Director of Texas Department of Public Safety*,

        Defendant-Appellant.

No. 24-50149

## UNITED STATES' OPPOSITION TO EMERGENCY MOTION FOR ADMINISTRATIVE STAY

The United States opposes defendants' emergency motion for an administrative stay pending consideration of their motion for a stay pending appeal. Such a stay would affirmatively alter the status quo that has existed uninterrupted for almost 150 years.

In this case, the United States challenges Texas's Senate Bill 4 (SB 4). SB 4 was passed on November 16, 2023, and signed into law on December 28; its effective date is Tuesday, March 5, 2024—90 days after the end of the legislative session in which it was adopted. If the law is permitted to go into effect, it would impose state criminal penalties on noncitizens who enter or reenter Texas from Mexico in violation of federal law and would allow Texas courts to order the removal of noncitizens from the country. Tex. Penal Code ch. 51; Tex. Code of Crim. Proc. ch. 5B. On February 29, 2024, the district court entered a preliminary injunction prohibiting defendants from enforcing SB 4. Dkt. 42 at 114.

An administrative stay allows a court to manage its docket and give due consideration to a pending motion for emergency relief. *See, e.g.*, *In re Abbott*, 800 F. App'x 296, 298 (5th Cir. 2020). An administrative stay "in this context . . . is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019); *see also Hassoun v. Searls*, 976 F.3d 121, 130 n.5 (2d Cir. 2020); *Brady v. National Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011); *Cobell v. Norton*, No. 03-5262, 2004 WL 603456, at *1 (D.C. Cir. Mar. 24, 2004).

No administrative stay is warranted here. For well over a century, the federal government has exercised exclusive authority over the entry and removal of noncitizens. *See, e.g.*, *Chy v. Freeman*, 92 U.S. 275, 280 (1875); *Ping v. United States*, 130 U.S. 581, 603–05 (1889); *Truax v. Raich*, 239 U.S. 33, 42 (1915). SB 4 has not yet gone into effect. The uninterrupted status quo, therefore, is that Texas has no authority to arrest or prosecute noncitizens for crossing the U.S.–Mexico border or to remove them from the United States to Mexico. Granting an administrative stay and allowing Texas to enforce SB 4 would disrupt the status quo and would risk the chaotic implementation of SB 4 at the southern border. *See Doe #1*, 944 F.3d at 1223 ("Here, the status quo would be disrupted by granting the temporary stay request. Therefore, we deny the request for a temporary stay.") Moreover, granting an administrative stay would allow Texas to seriously interfere with the United States' foreign relations, including our critical diplomatic relationship with Mexico.

As discussed below, Texas's motion for stay pending appeal will be fully briefed in a matter of days. If, upon consideration of Texas's fully briefed motion, the Court concludes that Texas has satisfied the traditional stay factors, it has the option of staying the preliminary injunction at that point. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). But if the Court grants an administrative stay and then concludes that Texas is not entitled to a stay pending appeal, then Texas will have been allowed to change the facts on the ground to the detriment of the federal government. No one benefits if

the State of Texas repeatedly toggles between being allowed to and prohibited from enforcing SB 4.

The United States intends to file expeditiously a full opposition to Texas's motion for stay pending appeal. Unless the Court orders an earlier response, the United States will file its opposition later today (Saturday, March 2). In that opposition, the United States will explain why the district court's thorough and well-reasoned opinion correctly concluded that the Supreme Court's decision in *Arizona* v. *United States*, 567 U.S. 387 (2012), "expressly forbids the sort of 'concurrent' criminalization that Texas seeks to impose," Dkt. 42 at 36, and that SB 4 plainly exceeds the State's authority, *id.* at 29–65. The United States will also argue that the district court correctly held that Texas's "invasion" defense fails on the merits and cannot overcome otherwise applicable federal law, *id.* at 65–98, that Congress has not displaced the United States' right to bring an equitable action for injunction, *id.* at 24–27, and that the balance of the harms and equities decisively favors the United States, *id.* at 99–104, 107–08. The Court should wait until it has the benefit of adversarial briefing before it decides whether a stay is warranted.

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' motion for an administrative stay.

        Respectfully submitted,

        BRIAN M. BOYNTON
          *Principal Deputy Assistant*
           *Attorney General*

        SARAH E. HARRINGTON
          *Deputy Assistant Attorney General*

        JAIME ESPARZA
          *United States Attorney*

        DANIEL TENNY
        LEIF OVERVOLD

        /s/ Maxwell A. Baldi
        MAXWELL A. BALDI
          *Attorneys, Appellate Staff*
          *Civil Division, Room 7513*
          *U.S. Department of Justice*
          *950 Pennsylvania Ave., N.W.*
          *Washington, D.C. 20530*
          *(202) 532-0211*
          *maxwell.baldi@usdoj.gov*

March 2024

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 778 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

                                                */s/ Maxwell A. Baldi*
                                               MAXWELL A. BALDI