

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7513
Washington, DC 20530

---

April 12, 2024

<u>VIA CM/ECF</u>
Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re: *United States v. Texas*, No. 24-50149

Dear Mr. Cayce:

Pursuant to the Court's order dated April 8, 2024, the United States submits this letter brief identifying instances in which Congress has provided express statutory authorization for equitable remedies in actions brought by the federal government.

Although we are unaware of any comprehensive list, we have identified more than 350 statutory provisions that expressly authorize the United States (or a federal agency or officer) to seek injunctive relief. As discussed below, those provisions do not call into doubt the Supreme Court's recognition in *In re Debs* that it is "obvious" that the federal government may proceed in federal court for injunctive relief "whenever the wrongs complained of . . . are in respect of matters which by the constitution are intrusted to the care of the nation, and concerning which the nation owes the duty to all the citizens of securing to them their common rights." 158 U.S. 564, 586 (1895); *see also United States v. American Bell Tel. Co.*, 128 U.S. 315 (1888) (noting that a prior Supreme Court case "was careful to say that the cases in which the instrumentality of the court cannot thus be used are those where the United States has no pecuniary interest in the remedy sought, and is also under no obligation to the party who will be benefited to sustain an action for his use, and also where it does not appear that any obligation existed on the part of the United States to the public or to any individual"). Rather, the existence of each of the express provisions identified below reflects one or more circumstances that, in the particular context at issue, made it appropriate for Congress either to modify the availability of equitable relief as compared to an historical baseline, to set forth the specific point or circumstance under when an

injunctive action by the government to enforce a conduct-regulating scheme against violators would be appropriate (often as one of a range of remedies), or to clarify that related statutory provisions have not "displace[d] the equitable relief that is traditionally available to enforce federal law," *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 329 (2015).

First, although there are exceptions—one of which applied in *Debs* itself, *see* 158 U.S. at 593–94—courts of equity traditionally would not enjoin criminal offenses. *See Harkrader v. Wadley*, 172 U.S. 148, 165 (1898); 4 John Norton Pomeroy, *A Treatise on Equity Jurisprudence* § 1347, at 949–50 (Spencer W. Symons ed., 5th ed. 1944). Many federal regulations, however, carry both civil and criminal penalties. *See generally* Mike Chase, *How to Become a Federal Criminal* (2019). Federal statutes thus frequently make clear that both injunctive and criminal remedies (as well as civil penalties and other sanctions) are available for federal regulatory violations.

Second, many statutes provide for special procedures or for relief that might not have been available based on traditional equitable principles or other aspects of the statutory scheme. For example, traditionally, courts of equity would not issue injunctions to ensure that assets remain available to pay judgments or penalties. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 321 (1999). When Congress enacts specialized schemes to allow the government to seek injunctions to freeze assets, it provides for more robust relief than could have been obtained at chancery. *See, e.g.*, 42 U.S.C. § 1320a-7a(k). Some statutes also call for specialized procedures or standards in connection with traditional equitable relief. *See, e.g.*, 43 U.S.C. § 1062 (contemplating that U.S. Attorneys will seek injunctions against unlawful enclosure of public lands when citizens file an affidavit with the U.S. Attorney sufficiently describing the land and violator); 12 U.S.C. § 1821(b)(18)–(19) (authorizing Federal Deposit Insurance Corporation to seek injunctions to assume control of insolvent depository institutions without showing irreparable harm). One statute expressly overrides a statutory provision that would otherwise have prohibited equitable relief. *See* 29 U.S.C. § 178(a)–(b) (authorizing Attorney General to seek injunctions to halt labor strikes or lockouts during national emergencies notwithstanding the general prohibition on strike injunctions contained in 29 U.S.C. § 104). Similarly, a provision of the Foreign Intelligence Surveillance Act makes clear that Congress contemplated collateral federal proceedings to enforce a provision that prohibits, among other things, certain pending state-court proceedings. See 50 U.S.C. § 1885b(b). In contrast, another statute limits the injunctive relief the Attorney General may seek to enforce a trucking-fuel-tax or vehicle-registration compact by subjecting those suits to the Tax Anti-Injunction Act. *See* 49 U.S.C. § 31706(c); *cf. Department of Emp. v. United States*, 385 U.S. 355, 358 (1966) (limiting application of Tax Anti-Injunction Act in suits brought by United States). And a different statute

provides for an injunctive action either by the United States or a specified private party; including the United States in this provision avoids giving rise to the inference that only the private party could sue. *See* 16 U.S.C. § 284g(b). Each of these statutes serves not merely to state that the United States may seek equitable relief, but to address specific statutory features that might otherwise have suggested that the United States could not seek equitable relief in the specific context at issue or that statutory provisions had displaced traditional equitable remedies.

Third, some statutes authorize injunctions as a basic method for enforcing a federal scheme that regulates primary conduct, whether through statute or regulation, again often as part of a broader enforcement framework that includes administrative orders, civil penalties, and other remedies. It is rational for Congress to include an injunctive action by the government (or other parties) in an identification of all applicable remedies. In addition, some courts have questioned whether the United States has general authority to seek relief as *parens patriae* to vindicate purely private rights. Congress has in some instances made clear that the United States may seek injunctive relief in the course of a general program of enforcing federal laws whose violations in a particular case may primarily harm private parties. Many of the statutes cited in the Court's supplemental-briefing order have these features and fall in this category. Relatedly, although some agencies conduct in-house adjudications, Congress may also channel dispute resolution for new statutory provisions to the courts. *See, e.g.*, *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020) (describing how SEC may both order and seek equitable relief). *Compare, e.g.*, 15 U.S.C. § 78u-3(c)–(d) (authorizing Securities and Exchange Commission to enter binding temporary cease-and-desist orders subject to judicial review), *with, e.g.*, 12 U.S.C. § 4632(e) (authorizing Attorney General to seek injunctions to enforce cease-and-desist orders against certain government-sponsored enterprises). And so, when Congress intends for a federal agency to enforce orders by seeking judicial injunctions, it makes sense that Congress says so. For example, when Congress provides that the International Trade Commission may seek injunctions to enforce its cease-and-desist orders, 19 U.S.C. § 1337(f)(2), or when it authorizes the Secretary of Transportation to seek injunctions to enforce daylight savings time, 15 U.S.C. § 260a(c), it does not implicitly abolish the preexisting right of the United States as sovereign to sue in its courts for injunctive relief in appropriate circumstances. Instead, it specifies one form of remedy available under a new statutory regime. Whether or not Congress's creation of an express remedy in a specific statute affects the availability of equitable relief to enforce *that statute* (as the Court found in *Armstrong*, for example, *see* 575 U.S. at 327–29), it says nothing about equitable rights of action more broadly. *See id.* at 329-30 (analyzing whether Congress acted to "displace the equitable relief that is traditionally available to enforce federal law" by looking to statutory provisions that addressed the same subject before the Court, rather than statutory remedies in unrelated areas). Here,

where the United States seeks to vindicate core sovereign interests, the lack of express statutory authorization is immaterial.

These circumstances explain all the federal statutes expressly authorizing injunctive relief of which we are aware. Moreover, even if in one or more instances Congress made express in statute what has long been clear from the Supreme Court's case law—namely, that the United States may seek injunctive relief in federal court to protect its sovereign interests—that "belt-and-suspenders" drafting would not give rise to the inference that such statutory authorization would be necessary in every other case. *See In re Coughlin*, 33 F.4th 600, 609 (1st Cir. 2022) (citing Ethan J. Leib & James J. Brudney, *The Belt-and-Suspenders Canon*, 105 Iowa L. Rev. 735 (2020)). Texas's invocation of statutes from disparate contexts does nothing to support the idea that Congress has somehow displaced the equitable remedy that the United States has invoked in the circumstances of this case. The existence of comprehensive legislation in some areas does not displace background equity in others. *Cf. Middlesex Cty. Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 14–15 (1981). Just as the availability of equitable relief under statutes such as 42 U.S.C. § 1983 does not displace the right of action recognized in *Ex parte Young*, the express availability of equitable relief in certain federal statutes does not displace the United States' long-recognized authority to seek equitable relief against actions, including by state and local governments, that interfere with the operation of federal programs and enforcement schemes or with interests that the national government is responsible for protecting. And the federal government has properly invoked that traditional authority here, where it is proceeding under the express authorization that Congress has conferred on the Department of Justice to represent the United States in federal court, 28 U.S.C. § 516, invoking federal jurisdiction over cases in which the United States is the plaintiff, *id.* § 1345, and seeking equitable relief under the general grant of equitable jurisdiction to the courts, *id.* § 1331. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359 n.5 (1959) (explaining that after the fusion of law and equity section 1331 continues to confer equitable jurisdiction).

***

While there is no comprehensive list of statutes that expressly authorize the United States to seek injunctive relief, we have identified the following relevant provisions and listed them in one of the three categories described above. Although some statutes may fit in more than one category, we list each statutory provision once only. We understand the Court's inquiry to focus on injunctive relief rather than other forms of equitable relief such as restitution or disgorgement. Although we have identified some statutes that authorize those other forms of relief, they plainly have no bearing on whether Congress would have presumed that explicit statutory

authority was necessary to obtain a prohibitory injunction of the type at issue in this case.[1]

- **Statutes authorizing injunctions against conduct that may constitute a crime (99).** 7 U.S.C. § 13a-1(a)–(b) (authorizing Commodity Futures Trading Commission to seek injunctions against violations of commodities laws); 7 U.S.C. § 2159 (authorizing Attorney General to seek injunctions against dealing in stolen animals or placing the health of any animal in serious danger); 7 U.S.C. §§ 3807(a), 7735, 8314(b) (authorizing Attorney General to seek injunctions against violations of certain agriculture regulations); 8 U.S.C. § 1324a(f) (authorizing Attorney General to seek injunctions against pattern or practice of employing undocumented noncitizens); 12 U.S.C. § 2607(d)(4) (authorizing Consumer Financial Protection Bureau or Secretary of Housing & Urban Development to seek injunctions against unlawful kickbacks); 12 U.S.C. § 1844(g)(2) (authorizing the Board of Governors of the Federal Reserve System to seek injunctions to enforce bank-holding-company regulations and to enforce orders against bank-holding companies); 12 U.S.C. § 1954 (authorizing Secretary of the Treasury to seek injunctions against violations of bank recordkeeping regulations); 12 U.S.C. § 4632(e) (authorizing Attorney General to seek injunctions to enforce cease-and-desist orders against certain government-sponsored enterprises); 15 U.S.C. §§ 4, 8, 25 (authorizing U.S. Attorneys to seek injunctions against antitrust violations); 15 U.S.C. §§ 68e(b), 69g(b), 70(f) (authorizing Federal Trade Commission to seek injunctions to enforce labeling requirements); 15 U.S.C. § 77t(b) (authorizing Securities & Exchange Commission to seek injunctions against violations of certain

[1] *See, e.g.*, 7 U.S.C. § 13a-1(d)(3) (authorizing Commodity Futures Trading Commission to seek equitable remedies including restitution and disgorgement); 8 U.S.C. § 1188(g)(2) (authorizing Secretary of Labor to seek specific performance of certain contractual obligations); 12 U.S.C. § 5565(a)(2)(A), (C), (D) (authorizing Consumer Financial Protection Bureau to seek rescission or reformation of contracts, restitution, and disgorgement); 15 U.S.C. § 78u(d)(5), (7) (authorizing Securities & Exchange Commission to seek disgorgement and "any equitable relief that may be appropriate or necessary for the benefit of investors"); 16 U.S.C. § 460x-11(4)(A) (authorizing Secretary of the Interior to quiet title to land for scenic roads as part of condemnation process); 29 U.S.C. § 2617(d)(2) (authorizing Secretary of Labor to seek "other equitable relief as may be appropriate, including employment, reinstatement, and promotion" to enforce Family and Medical Leave Act); 30 U.S.C. § 1020 (authorizing Attorney General to seek to quiet title to mineral rights).

securities laws); 15 U.S.C. §§ 78dd(d), 78dd-3(d) (authorizing Attorney General to seek injunctions against violations of certain securities laws); 15 U.S.C. §§ 78u(d), 80a-41(d), 80b-9(d) (authorizing Securities & Exchange Commission to seek injunctions against violations of certain securities laws); 15 U.S.C. § 378 (authorizing Attorney General to seek injunctions against violations of cigarette-tax laws); 15 U.S.C. § 715i (authorizing President to seek injunctions against unlawful interstate transportation of petroleum); 15 U.S.C. § 717s(a) (authorizing Federal Power Commission to seek injunctions against violations of natural-gas regulations); 15 U.S.C. § 797(b)(4) (authorizing Attorney General to seek injunctions against unlawful transportation of natural gas); 15 U.S.C. § 1195(a) (authorizing Consumer Product Safety Commission to seek injunctions against violations of flammable-fabric regulations); 15 U.S.C. § 1267 (authorizing United States to seek injunctions against violations of the Federal Hazardous Substances Labeling Act); 15 U.S.C. § 1714(a) (authorizing Director of the Consumer Financial Protection Bureau to seek injunctions against violations of interstate-land-sales regulations); 15 U.S.C. §§ 2064(g), 2071(a) (authorizing Consumer Product Safety Commission to seek injunctions against distribution of unsafe products); 15 U.S.C. § 2616 (authorizing Administrator of the Environmental Protection Agency to seek injunctions against violations of toxic-substances regulations); 15 U.S.C. § 3414(b)(1)–(2) (authorizing Federal Energy Regulation Commission or, in certain emergencies, the President to seek injunctions against violations of natural-gas regulations); 15 U.S.C. § 5408(a)(1) (authorizing Attorney General to seek injunctions against violations of metallic-fasteners regulations); 15 U.S.C. § 6309(a) (authorizing Attorney General to seek injunctions against violations of boxing-safety regulations); 16 U.S.C. § 820 (authorizing Attorney General to seek injunctions against violations of water-power regulations); 16 U.S.C. § 825m(a) (authorizing Federal Power Commission to seek injunctions against violations of power regulations); 16 U.S.C. § 1540(e) (authorizing Attorney General to seek injunctions against violations of the Endangered Species Act); 16 U.S.C. § 1861(d) (authorizing Secretary of Commerce and Secretary of Homeland Security or Secretary of the Navy to seek injunctions against violations of national-fishery-management-program regulations); 18 U.S.C. § 177 (authorizing United States to seek injunctions against biological-weapons offenses); 18 U.S.C. § 216(c) (authorizing Attorney General to seek injunctions against bribery): 18 U.S.C. § 229D (authorizing United States to seek injunctions against chemical-weapons offenses); 18 U.S.C. § 248(c)(2) (authorizing Attorney General to seek injunctions against unlawful interference with individuals' access to reproductive health services and places of religious worship);

18 U.S.C. § 1345 (authorizing Attorney General to seek injunctions against criminal fraud); 18 U.S.C. § 1388(c)(1)–(2) (authorizing Attorney General to seek injunctions against certain demonstrations and disruptions at veterans' funerals); 18 U.S.C. § 1514(a)(1), (b)(1) (authorizing United States to seek injunctions against harassment of victims and witnesses of crime); 18 U.S.C. § 1595A(a) (authorizing Attorney General to seek injunctions against peonage, slavery, and human trafficking); 18 U.S.C. § 1836(a) (authorizing Attorney General to seek injunctions against theft of trade secrets); 18 U.S.C. § 1964(a)–(b) (authorizing Attorney General to seek injunctions against racketeering); 18 U.S.C. § 2322(a)(2) (authorizing Attorney General to seek injunctions against operating unlawful chop shops); 18 U.S.C. § 2339B(c) (authorizing Attorney General to seek injunctions against providing material support to designated foreign terrorist organizations); 18 U.S.C. § 2346 (authorizing Attorney General to seek injunctions against violations of cigarette-smuggling laws); 18 U.S.C. §§ 2511(5)(a)(ii)(A), 2521 (authorizing Attorney General to seek injunctions against unlawful wiretaps); 21 U.S.C. §§ 332(a), 360pp(a) (authorizing United States to seek injunctions against violations of the Federal Food, Drug, & Cosmetic Act); 21 U.S.C. § 467c (authorizing United States to seek injunctions against sale of unsafe poultry and poultry products); 21 U.S.C. § 843(f)(1) (authorizing Attorney General to seek injunctions against unlawful distribution of controlled substances and other controlled-substance offenses); 22 U.S.C. § 618(f) (authorizing Attorney General to seek injunctions against violations of the Foreign Agent Registration Act); 22 U.S.C. § 2518(b)(2) (authorizing Attorney General to seek injunctions against misuse of agency names or insignia); 22 U.S.C. § 2651a(m)(4) (authorizing Attorney General to seek injunctions against former State Department officials' engaging in prohibited lobbying); 29 U.S.C. § 662(a) (authorizing Secretary of Labor to seek injunctions against violations of workplace-safety regulations); 29 U.S.C. § 1852(a) (authorizing Secretary of Agriculture to seek injunctions against violations of protections for migrant and seasonal agricultural workers); 30 U.S.C. § 195(c) (authorizing Attorney General to seek injunctions against violations of mining regulations); 30 U.S.C. § 818 (authorizing Secretary of Labor to seek injunctions against mine-safety violations); 31 U.S.C. § 5320 (authorizing Secretary of the Treasury to seek injunctions against violation of anti-money-laundering regulations); 31 U.S.C. § 5365(b)(a) (authorizing United States to seek injunctions against unlawful internet-gambling transactions); 33 U.S.C. §§ 403a, 406, 519 (authorizing Attorney General to seek injunctions to compel removal of obstructions to navigable waters); 33 U.S.C. § 495(a) (authorizing Attorney General to seek injunctions to compel compliance with certain Coast Guard

orders); 33 U.S.C. § 1319(b) (authorizing Administrator of the Environmental Protection Agency to seek injunctions to compel compliance with certain environmental regulations); 33 U.S.C. § 1344(s)(3) (authorizing Secretary of the Army to seek injunctions to compel compliance with permits to discharge dredged or fill material into the navigable waters); 33 U.S.C. §§ 1414b(g)(3), 1415(d) (authorizing Attorney General to seek injunctions against violations of certain environmental regulations); 33 U.S.C. § 1514(b)(3) (authorizing Attorney General to seek injunctions to compel compliance with deepwater-port regulations); 33 U.S.C. § 2604 (authorizing Secretary of Transportation or Administrator of the Environmental Protection Agency to seek injunctions to compel compliance with shore protection regulations); 38 U.S.C. § 2413(c)(1)–(2) (authorizing Attorney General to seek injunctions against certain demonstrations and disruptions at veterans' cemeteries); 39 U.S.C. § 3011 (authorizing Attorney General to seek injunctions against mailing of obscene materials); 42 U.S.C. § 2280 (authorizing Attorney General to seek injunctions against violations of atomic-energy regulations); 42 U.S.C. § 6395(d) (authorizing Attorney General to seek injunctions against violations of certain environmental regulations); 42 U.S.C. §§ 6921(b)(3)(B)(iv), 6928(a)(1), 6992d(a)(1) (authorizing Administrator of the Environmental Protection Agency to seek injunctions to compel compliance with certain environmental regulations); 42 U.S.C. § 8434 (authorizing Secretary of Energy to seek injunctions against violations of power-plant regulations); 42 U.S.C. § 9152(b)(1) (authorizing Attorney General to seek injunctions against violations of certain environmental regulations); 43 U.S.C. § 1733(b) (authorizing Attorney General to seek injunctions against violation of land-management regulations); 46 U.S.C. § 2305(a) (authorizing Attorney General or United States to seek injunctions against negligent operation of vessels); 46 U.S.C. § 4311(f) (authorizing Attorney General to seek injunctions against sale of unsafe recreational vessels); 47 U.S.C. § 36 (authorizing United States to seek injunctions against landing or operating unlicensed submarine cables or to require the removal thereof); 47 U.S.C. § 223(b)(6) (authorizing Attorney General to seek injunctions to halt obscene or harassing phone calls); 49 U.S.C. § 5122(a) (authorizing Attorney General, at the request of Secretary of Transportation, to seek injunctions to enforce certain transportation regulations); 49 U.S.C. § 20111(a)(2) (authorizing Secretary of Transportation to seek injunctions to enforce certain transportation regulations); 49 U.S.C. § 20112(a)(1) (authorizing Attorney General, at the request of Secretary of Transportation, to seek injunctions to enforce certain transportation regulations); 49 U.S.C. § 60120(a)(1) (authorizing

Attorney General, at the request of Secretary of Transportation, to seek injunctions to enforce certain transportation regulations); 49 U.S.C. § 30163(a) (authorizing Attorney General to seek injunctions against violations of motor-vehicle-safety requirements including some criminal provisions); 49 U.S.C. §§ 32507(c), 32709(c), 33115(c) (authorizing Secretary of Transportation or Attorney General to seek injunctions against sale of motor vehicles that fail to meet federal standards).

- **Statutes creating specialized forms of injunctive relief or imposing specialized standards (33).** 5 U.S.C. § 8477(e)(3)(A)(iii)–(iv) (authorizing Secretary of Labor to seek injunctions against trustees of Federal Retirement Thrift Investment Management System against breaches of fiduciary duties even though Secretary is neither a trustee nor a beneficiary of the trust); 7 U.S.C. § 228a (authorizing Attorney General to seek temporary injunction during pendency of petitions for review of orders of Secretary of Agriculture); 7 U.S.C. §§ 194(g), 228b-3(c), 1600 (authorizing Secretary of Agriculture to seek temporary injunction as part of petition-for-review proceedings and providing that a decree of the court of appeals affirming or modifying certain orders of the Secretary shall function as an injunction); 7 U.S.C. § 292 (authorizing Secretary of Agriculture to seek temporary injunction during pendency of reviews of antitrust orders and authorizing court to enter permanent injunction); 10 U.S.C. §§ 425, 8921(c) (authorizing Attorney General to seek injunctions against misuse of agency names or insignia, requiring expedited proceedings, and authorizing special interim relief); 12 U.S.C. § 1708(c)(6)(C) (authorizing Secretary of the Treasury to seek injunctions to enforce cease-and-desist orders against violations of mortgage regulations and requiring court to issue injunction if it finds violations or threatened violations); 12 U.S.C. § 1715z-4a(b) (authorizing Attorney General, at the request of Secretary of the Treasury, to seek temporary relief to protect certain governmental interests and assets); 12 U.S.C. § 1787(b)(3)(G)–(F) (authorizing National Credit Union Administration Board to seek injunctions to assume control of insolvent credit unions without showing irreparable harm); 12 U.S.C. § 1821(b)(18)–(19) (authorizing Federal Deposit Insurance Corporation to seek injunctions to assume control of insolvent depository institutions without showing irreparable harm); 12 U.S.C. § 4617(a)(16)–(17) (authorizing Federal Housing Finance Agency, acting as a conservator or receiver, to seek injunctions to assume control of insolvent government-sponsored-entities without showing irreparable harm); 12 U.S.C. § 5390(a)(13)–(14) (authorizing Securities Investor Protection Corporation to seek injunctions to assume control of insolvent financial companies without showing

irreparable harm); 15 U.S.C. § 522 (authorizing Secretary of Commerce to seek temporary injunction during pendency for review of antitrust order and authorizing court to enter permanent injunction); 16 U.S.C. § 284g(b) (authorizing Secretary of the Interior or the Wolf Trap Foundation for the Performing Arts to seek to vindicate easement against the State of Virginia in Wolf Trap National Park for the Performing Arts); 16 U.S.C. §§ 459e-1(i), 459e-2(g) (authorizing Secretary of the Interior to seek injunctions to temporarily prohibit use of property within the Fire Island National Seashore for up to 180 days); 16 U.S.C. § 460x-11(4)(B) (authorizing Secretary of the Interior to seek injunctions to temporarily prohibit use of property within Sleeping Bear Dunes National Lakeshore); 16 U.S.C. § 544h(b)(2) (authorizing Secretary of the Interior to seek injunctions to temporarily prohibit use of scenic areas within national forests); 18 U.S.C. § 1963(d)(1), (e) (authorizing United States to seek temporary injunction to preserve property for criminal forfeiture); 21 U.S.C. § 853(e)(1) (same); 29 U.S.C. § 178 (authorizing Attorney General to seek injunctions to halt labor strikes or lockouts during national emergencies notwithstanding the prohibition on strike injunctions contained in 29 U.S.C. § 104); 42 U.S.C. § 1320a-7a(k) (authorizing Secretary of Health & Human Services to seek injunctions against fraud and against disposal of assets that may be required to pay civil penalties); 42 U.S.C. § 1320a-8a(h) (authorizing Commissioner of Social Security to seek injunctions against fraud and to prevent disposal of assets that may be required to pay civil penalties); 42 U.S.C. § 2000h-2 (authorizing Attorney General to intervene in any equal-protection action filed by a private party and seek "the same relief as if it had instituted the action"); 43 U.S.C. § 1062 (authorizing U.S. Attorneys to seek injunctions against unlawful enclosure of public lands upon certain showing by affidavit); 49 U.S.C. § 31706 (authorizing Attorney General to seek, subject to the Tax Anti-Injunction Act, injunctions to enforce interstate fuel-tax and vehicle-registration agreements); 50 U.S.C. § 1885b(b) (authorizing United States to seek injunctions against state efforts to interfere with electronic-communication-service providers' cooperation with intelligence community including injunctions against certain pending state-court proceedings); 50 U.S.C. §§ 3233(b), 3513(b), 3613(b) (authorizing Attorney General to seek injunctions against misuse of agency names or insignia, requiring expedited proceedings, and authorizing special interim relief); 50 U.S.C. § 4556(a) (authorizing President to seek injunctions against violations of Defense Production Act and setting standard for injunction to issue).

- **Statutes authorizing enforcement of federal regulatory schemes (226).** 5 U.S.C. § 7123(b) (authorizing Federal Labor Relations Authority to seek injunctions to enforce labor-management-relations orders); 7 U.S.C. § 216 (authorizing Attorney General to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 217b(f)(3) (authorizing Secretary of Agriculture to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 499e(c)(5) (authorizing Secretary of Agriculture to seek injunctions to prevent dissipation of proceeds held in trust from the sale of certain agricultural commodities); 7 U.S.C. § 499h(d) (authorizing Attorney General to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. §§ 608a(7), 1359hh(d)(2) (authorizing U.S. Attorneys to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 1446(d)(5)(A) authorizing Attorney General to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 1601 (authorizing Secretary of Agriculture or Attorney General to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 1636b(f) (authorizing Attorney General to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 1637b(c)(4)(D) (authorizing United States to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 2009cc-12(a) (authorizing Secretary of Agriculture to seek injunctions against violations of certain agricultural regulations); 7 U.S.C. § 2146(c) (authorizing Secretary of Agriculture to seek injunctions against violations of certain animal-welfare regulations); 7 U.S.C. §§ 2305(b), 2621(a), 2714(a), 2908(b)–(c), 3410(a), 4314(a), 4510(a), 4815(a), 4610(a), 4910(a), 6009(a)–(b), 6107(a)–(b), 6207(a)–(b), 6307(a)–(b), 6411(a)–(b), 6808(a)–(b), 7107(a)–(b), 7419(a)–(b), 7448(a)–(b), 7468(a)–(b), 7807(a)–(b), 7487 (authorizing Attorney General to seek injunctions against violations of certain agricultural regulations); 8 U.S.C. § 1324b(j) (authorizing Special Counsel for Immigration-Related Unfair Employment Practices to seek injunctions to enforce orders prohibiting some employment discrimination based on national origin or citizenship status); 10 U.S.C. § 4701(c)(4) (authorizing head of any relevant executive agency to seek injunctions to enforce whistleblower-protection orders); 11 U.S.C. § 110(j)(2)(B)(3) (authorizing United States Trustee to seek injunctions against bankruptcy1petition preparers for failure to comply with sanctions orders); 12 U.S.C. § 1731b(h) (authorizing Attorney General to seek injunctions against transient occupancy of certain housing in violation of mortgage regulations); 12 U.S.C. § 1782(d)(1) (authorizing National Credit Union Administration Board to seek injunctions to compel credit unions to transfer control of assets or to file reports and statements); 12 U.S.C. §§ 1815(c)(5), 1817(f), (j)(15)(B) (authorizing Federal Deposit Insurance

Corporation to seek injunctions to compel depository institutions to transfer control of assets or to file reports and statements); 12 U.S.C. § 1467a(g)(4) (authorizing the Board of Governors of the Federal Reserve System to seek injunctions to enforce bank-holding-company regulations and to enforce orders against bank-holding companies); 12 U.S.C. § 1973 (authorizing U.S. Attorneys to seek injunctions to enforce anti-tying regulations for banks); 12 U.S.C. § 2263 (authorizing Farm Credit Administration to seek injunctions to enforce cease-and-desist orders); 12 U.S.C. § 4584(a) (authorizing Director of the Federal Housing Finance Agency to seek injunctions to enforce cease-and-desist orders); 12 U.S.C. § 4635(a) (authorizing Director of the Federal Housing Finance Agency to seek injunctions against violations of certain regulations governing government-sponsored enterprises); 12 U.S.C. § 5564(a) (authorizing Consumer Financial Protection Bureau to seek injunctions against violations of consumer-financial-protection laws); 15 U.S.C. § 7a-3(b)(E) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 15 U.S.C. § 18a(f) (authorizing United States and Federal Trade Commission to seek injunctions to prevent mergers); 15 U.S.C. §§ 45(*l*), 53(a)–(b), 57b(b) (authorizing Federal Trade Commission to seek injunctions to enforce Federal Trade Commission Act and various regulations); 15 U.S.C. § 80a-35(a) (authorizing Securities & Exchange Commission to seek injunctions against violations of certain securities laws); 15 U.S.C. § 260a(c) (authorizing Secretary of Transportation to seek injunctions to enforce daylight savings time); 15 U.S.C. §§ 687c(a), 689*l*(a) (authorizing Small Business Administration to seek injunctions against violations of certain Small Business Administration regulations); 15 U.S.C. § 719i(c) (authorizing Attorney General to seek injunctions against unlawful transportation of natural gas); 15 U.S.C. § 792(b)(4) (authorizing Attorney General to seek injunctions against violations of coal-allocation regulations and energy reporting requirements); 15 U.S.C. § 1339 (authorizing Attorney General to seek injunctions against violations of tobacco-labeling regulations); 15 U.S.C. § 1691e(h) (authorizing Attorney General to seek injunctions against discriminatory banking practices); 15 U.S.C. § 2055(b)(3) (authorizing Consumer Product Safety Commission to seek injunctions against distribution of inaccurate documents); 15 U.S.C. § 2087(c)(6) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 15 U.S.C. § 2310(c) (authorizing Federal Trade Commission to seek injunctions to enforce the Federal Trade Commission Act and various regulations); 15 U.S.C. § 2603(e)(2)(C)(iii) (authorizing Attorney General and Administrator of Environmental Protection Agency to seek injunctions against violations of regulations

governing chemical-safety advisory committee); 15 U.S.C. § 2606(a)–(b) (authorizing Administrator of Environmental Protection Agency to seek injunctions against violations of toxic-substances regulations); 15 U.S.C. § 2648(b) (authorizing Attorney General to seek injunctions to abate asbestos contamination in schools); 15 U.S.C. § 3151(c) (authorizing Attorney General to seek injunctions against discrimination in certain federally funded employment-promotion programs); 15 U.S.C. § 3207(b)(2) (authorizing Secretary of Energy to seek injunctions to enforce right to participate in state public-utility ratemaking proceedings); 15 U.S.C. § 4405 (authorizing Federal Trade Commission and Attorney General to seek injunctions against violations of tobacco-labeling regulations); 15 U.S.C. § 8708 (authorizing Attorney General to seek injunctions against violations of concrete-masonry-product regulations); 16 U.S.C. § 460tt(c)(1) (authorizing United States to seek injunctions to halt construction of Cross Florida Barge Canal); 16 U.S.C. § 544m(b)(1)(A) (authorizing Attorney General to seek injunctions to enforce scenic-forest regulations); 16 U.S.C. § 544m(b)(1)(B) (authorizing Columbia River Gorge Commission to seek injunctions to enforce scenic-forest regulations); 16 U.S.C. § 806 (authorizing Attorney General to seek injunctions against violations of water-power regulations and to revoke water-power permits and licenses); 16 U.S.C. § 973i(e) (authorizing Attorney General to seek injunctions against violations of South Pacific tuna-fishing orders); 16 U.S.C. § 1437(j) (authorizing Attorney General to seek injunctions against violations of marine-sanctuary regulations); 16 U.S.C. § 2633(b)(1) (authorizing Secretary of Energy to seek injunctions to enforce right to participate in state public-utility ratemaking proceedings); 16 U.S.C. § 3706(c) (authorizing Attorney General to seek injunctions against misconduct by National Fish & Wildlife Foundation); 16 U.S.C. § 4016(a) (authorizing Attorney General to seek injunctions against violations of fisheries-marketing regulations); 16 U.S.C. § 5203(2) (authorizing Attorney General to seek injunctions against obstructions of lawful recreational hunting); 19 U.S.C. § 1337(f)(2) (authorizing International Trade Commission to seek injunctions to enforce cease-and-desist orders); 19 U.S.C. § 4532(e)(5)(B) (authorizing Secretary of the Treasury and Secretary of Labor to seek injunctions to enforce labor requirements for imported automotive goods); 22 U.S.C. § 4311(a) (authorizing Attorney General to seek injunctions to prohibit unlawful provision of benefits to foreign diplomatic missions); 22 U.S.C. § 5203(b) (authorizing Attorney General to seek injunctions to bar prohibited transactions with Palestine Liberation Organization); 22 U.S.C. § 6303(h) (authorizing Attorney General to seek injunctions to bar financing of unlawful nuclear proliferation and to enforce sanctions against unlawful

nuclear proliferation); 25 U.S.C. § 1621e(e)(1)(B) (authorizing United States to seek injunctions to enforce right to recover certain healthcare costs); 25 U.S.C. § 305e(b)(1) (authorizing Attorney General to seek injunctions to bar the sale of counterfeit tribal goods); 25 U.S.C. § 4161(c)(2) (authorizing Attorney General to seek injunctions against violations of conditions of Native American housing-assistance grants); 25 U.S.C. § 4237(c)(2)(b) (authorizing Attorney General to seek injunctions against violations of conditions of Native Hawaiian housing-assistance grants); 26 U.S.C. §§ 7407(a), 7408(a), 7409(a) (authorizing United States to seek injunctions against certain violations of the Internal Revenue Code); 26 U.S.C. §§ 9010(c), 9011(b)(1), 9040(c) (authorizing Federal Election Commission to seek injunctions against violations of campaign-finance regulations); 27 U.S.C. §§ 207, 219 (authorizing Attorney General to seek injunctions against violations of alcoholic-beverage regulations); 28 U.S.C. § 1738C(b) (authorizing Attorney General to seek injunctions against denials "full faith and credit to any public act, record, or judicial proceeding" of a state "pertaining to a marriage between [two] individuals" "on the basis of the sex, race, ethnicity, or national origin of those individuals"); 28 U.S.C. § 3703 (authorizing Attorney General to seek injunctions against unlawful gambling);[2] 29 U.S.C. § 160(j) (authorizing National Labor Relations Board to seek injunctions against unfair labor practices); 29 U.S.C. §§ 212(b), 440, 464(a) (authorizing Secretary of Labor to seek injunctions against violations of labor regulations); 29 U.S.C. § 792(e)(1) (authoring executive director of the Architectural and Transportation Barriers Compliance Board to injunctions to enforce orders of the Board); 29 U.S.C. § 1024(a)(5) (authorizing Secretary of Labor to seek injunctions to enforce employee-benefit-plan reporting requirements); 29 U.S.C. § 1303(e)(1) (authorizing Pension Benefit Guaranty Corporation to seek injunctions to enforce plan-termination-insurance regulations); 29 U.S.C. §§ 2005(b), 2617(d)(1) (authorizing Secretary of Labor to seek injunctions against violations of certain labor regulations); 29 U.S.C. § 1132(a)(5), (8) (authorizing Secretary of Labor to seek injunctions against violations of ERISA requirements); 29 U.S.C. § 1855(b) (authorizing Secretary of Agriculture to seek injunctions against retaliation against migrant workers); 29 U.S.C. § 2511(a) (authorizing Administrator of the Wage and Hour Division to seek injunctions against violations of fair-labor standards); 29 U.S.C. § 3248(c) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in

[2] Held unconstitutional in *Murphy v. National Collegiate Athletic Ass'n*, 584 U.S. 453 (2018).

providing workforce-development funding); 30 U.S.C. §§ 1242(c), 1271(c) (authorizing Attorney General to seek injunctions against violations of mining regulations); 30 U.S.C. § 1020 (authorizing Attorney General to seek, as part of quiet title proceedings, injunctions limiting production of minerals except if in accordance with federal regulations); 31 U.S.C. § 6715 (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in local-government programs and activities); 33 U.S.C. §§ 403a, 406, 519 (authorizing Attorney General to seek injunctions to compel removal of obstructions to navigable waters); 33 U.S.C. § 921(d) (authorizing deputy commissioners of Benefits Review Board to seek injunctions to enforce compensation orders); 33 U.S.C. § 941(e) (authorizing Secretary of Labor seek injunctions to enforce longshoremen-safety regulations); 33 U.S.C. § 1321(e) (authorizing Attorney General to seek injunctions to abate an imminent and substantial endangerment); 33 U.S.C. § 1322(i) (authorizing United States to seek injunctions against sales of vessels without marine-sanitation devices); 33 U.S.C. § 1364(a) (authorizing Administrator of Environmental Protection Agency to seek injunctions against violations of water-pollution regulations); 33 U.S.C. § 2236(b)(3) (authorizing Attorney General to seek injunctions against collection of unlawful harbor fees); 33 U.S.C. § 4216(b) (authorizing Attorney General to seek injunctions against misconduct by Marine Debris Foundation); 34 U.S.C. § 10228(c)(3) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in federally funded law-enforcement agencies); 34 U.S.C. § 12601(b) (authorizing Attorney General to seek injunctions against pattern or practice of depriving persons of rights through police misconduct); 36 U.S.C. § 151709 (authorizing Attorney General to seek injunctions against misconduct by National Film Preservation Foundation); 36 U.S.C. § 151309 (authorizing Attorney General to seek injunctions against misconduct by National Fallen Firefighters Foundation); 36 U.S.C. § 90109 (authorizing Attorney General to seek injunctions against misconduct by Help America Vote Foundation); 38 U.S.C. § 4323(e) (authorizing Attorney General to seek injunctions to enforce regulations protecting servicemembers' employment and reemployment rights); 39 U.S.C. § 3007(a) (authorizing U.S. Postal Service to seek injunctions against unlawful mailing of nonmailable matter and requiring the detention of nonmailable matter); 39 U.S.C. § 3018(g)(1)–(2) (authorizing Attorney General to seek injunctions against unlawful mailing of hazardous materials); 41 U.S.C. § 2622(d) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 41 U.S.C. §§ 4705(d)(3), 4712(c)(4) (authorizing head of any relevant executive agency to seek injunctions to enforce whistleblower-protection orders); 42 U.S.C.

§§ 263a(j), 263b(j) (authorizing Secretary of Health & Human Services to seek injunctions against unsafe laboratories and mammography activities and facilities); 42 U.S.C. § 290cc-33b)(2) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing homelessness-transition assistance); 42 U.S.C. §§ 300g-3(b), 300h-3(c), 300i(a), 300j(e), (authorizing Administrator of the Environmental Protection Agency to seek injunctions to compel compliance with certain environmental regulations); 42 U.S.C. § 300ff-139(a) (authorizing Secretary of Health & Human Services to seek injunctions to enforce infectious-disease-exposure notification requirements); 42 U.S.C. § 300j-9(i)(4) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 42 U.S.C. § 300w-7(c) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing preventative-health-and-health-services funding); 42 U.S.C. § 300x-57(b)(2) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing mental-health and substance-abuse funding); 42 U.S.C. § 708(c) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing maternal-and-child-health-services funding); 42 U.S.C.§ 1997a(a) (authorizing Attorney General to seek injunctions to eliminate unlawful prison conditions); 42 U.S.C. §§ 2000a-3(a), 2000a-5(a) (authorizing Attorney General to seek injunctions to protect civil rights); 42 U.S.C. § 2000e-5(g) (authorizing Equal Employment Opportunity Commission to seek injunctions against unlawful employment practices); 42 U.S.C. §§ 2000e-6(a), 3614(d)(1)(A) (authorizing Attorney General to seek injunctions to protect civil rights); 42 U.S.C. § 4852d(b)(2) (authorizing Secretary of Housing & Urban Development to seek injunctions against violations of lead-paint-disclosure regulations); 42 U.S.C. § 5309(c) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing community-development funding); 42 U.S.C. § 5311(b)(2) (authorizing Attorney General to seek injunctions against violations of conditions of community-development grants); 42 U.S.C. § 5411(a) (authorizing U.S. Attorneys and Attorney General to seek injunctions against violations of manufactured-home regulations); 42 U.S.C. § 5851(d) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 42 U.S.C. § 6304 (authorizing Federal Trade Commission and Attorney General to seek injunctions against violations of energy-conservation requirements); 42 U.S.C. §§ 6973(a), 6991e(a)(1), 6992d(a)(1), 7413(b), 7477 (authorizing Administrator of the Environmental Protection Agency to seek injunctions to compel compliance with certain environmental regulations); 42 U.S.C. § 7523

(authorizing United States to seek injunctions against violations of certain motor-vehicle-emission regulations); 42 U.S.C. § 7545(d)(2) (authorizing United States to seek injunctions against violations of emission requirements and fuel standards); 42 U.S.C. § 7603 (authorizing Administrator of the Environmental Protection Agency to seek injunctions to abate an imminent and substantial endangerment); 42 U.S.C. § 7622(e) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 42 U.S.C. § 8625(c) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing low-income home-energy assistance); 42 U.S.C. § 9606(a) (authorizing Attorney General to seek injunctions to abate an imminent and substantial endangerment); 42 U.S.C. § 9918(c)(3) (authorizing Attorney General to seek injunctions against pattern or practice of discrimination in providing community-service block grants); 42 U.S.C. § 10406(c)(2)(D) (authorizing Attorney General to seek injunctions against violations of conditions of state block grants); 42 U.S.C. § 12188(b) (authorizing Attorney General to seek injunctions to protect civil rights); 42 U.S.C. § 14304(a)(2) (authorizing Administrator of the Environmental Protection Agency to seek injunctions to compel compliance with certain environmental regulations); 43 U.S.C. § 1350(a) (authorizing Attorney General and U.S. Attorneys to seek injunctions against violations of the Outer Continental Shelf Lands Act); 45 U.S.C. § 321n(j)(5)(F) (authoring Railroad Retirement Board to seek injunctions against violations of National Railroad Retirement Investment Trust regulations); 46 U.S.C. § 41307(a)–(c) (authorizing Federal Maritime Commission to seek injunctions against violations of ocean-shipping regulations); 46 U.S.C. § 41308(a) (authorizing Attorney General to seek injunctions to enforce certain Federal Maritime Commission orders); 46 U.S.C. § 42104(e) (authorizing Federal Maritime Commission to seek injunctions to enforce certain orders); 46 U.S.C. § 80507(c) (authorizing Secretary of Labor to seek injunctions against whistleblower retaliation); 47 U.S.C. § 214(c) (authorizing United States and Federal Communications Commission to seek injunctions against unlawfully placed communications lines); 47 U.S.C. § 401 (authorizing Attorney General to seek injunctions against violations of Communications Act of 1934); 49 U.S.C. § 306(e) (authorizing Attorney General to seek injunctions against discrimination in federally funded transportation activities); 49 U.S.C. § 507(c) (authorizing Attorney General to seek injunctions against violations of commercial-vehicle safety regulations); 49 U.S.C. § 1151(a)–(b) (authorizing National Transportation Safety Board and Attorney General to seek injunctions to enforce transportation-safety regulations and orders); 49 U.S.C. § 6715(e) (authorizing Attorney General to seek injunctions

against discrimination in federally funded public-transportation activities); 49 U.S.C. § 11702 (authorizing Surface Transportation Board to seek injunctions to enforce certain railway laws, regulations, and agency orders); 49 U.S.C. § 11703 (authorizing Attorney General to seek injunctions to enforce railway regulations and authorizing United States to compel a rail carrier to provide transportation as a common carrier to an individual); 49 U.S.C. § 13508(c) (authorizing Secretary of Transportation and Surface Transportation Board to seek injunctions to enforce reporting requirements on agricultural cooperatives); 49 U.S.C. § 13902(c)(7) (authorizing Secretary of Transportation and Attorney General to seek injunctions against violations of motor-carrier-registration regulations); 49 U.S.C. § 14504a(i) (authorizing Attorney General to seek injunctions to enforce unified-carrier-registration regulations and agreements); 49 U.S.C. §§ 14702(a), 15902 (authorizing Secretary of Transportation and Surface Transportation Board to seek injunctions to enforce certain transportation laws, regulations, and agency orders); 49 U.S.C. § 15903 (authorizing Attorney General to seek injunctions to enforce certain pipeline laws, regulations, and agency orders and authorizing United States to seek injunctions to compel pipeline carriers to provide transportation or service to individuals); 49 U.S.C. § 24103 (authorizing Attorney General to seek injunctions against Amtrak and other rail carriers to enforce rail-passenger-transportation regulations); 49 U.S.C. § 20109(d)(2)(iii) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 49 U.S.C. § 22403(j) (authorizing Attorney General, upon request by Secretary of Transportation, to seek injunctions against violations of conditions of financing for railroad rehabilitation and improvements); 49 U.S.C. § 30171(b)(5) (authorizing Secretary of Transportation to seek injunctions to enforce whistleblower-protection orders); 49 U.S.C. § 31105(e) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 49 U.S.C. § 31115(b)(7), (c)(8)(A) (authorizing Secretary of Transportation and Attorney General to seek injunctions against violations of freight-forwarder-surety regulations and surety-broker regulations); 49 U.S.C. § 32308(d) (authorizing Attorney General to seek injunctions to enforce certain transportation regulations); 49 U.S.C. § 46106 (authorizing Secretary of Transportation to seek injunctions to enforce air-commerce-and-safety regulations and orders); 49 U.S.C. § 46107(a)–(b) (authorizing Attorney General to seek injunctions to enforce air-commerce-and-safety regulations and orders); 49 U.S.C. § 42121(b)(5) (authorizing Secretary of Labor to seek injunctions to enforce whistleblower-protection orders); 49 U.S.C. § 47111 (authorizing Secretary of Transportation to seek injunctions to enforce conditions of airport grants); 49 U.S.C. § 60129(b)(5) (authorizing Secretary

of Labor to seek injunctions to enforce whistleblower-protection orders); 50 U.S.C. § 2702(k)(2)(B) (authorizing Secretary of Energy to seek injunctions to enforce whistleblower protections); 50 U.S.C. § 4041(b)(1)–(2) (authorizing Attorney General to seek injunctions against pattern or practice of violations of Servicemembers Civil Relief Act); 50 U.S.C. § 4565(d)(3) (authorizing Attorney General to seek injunctions to enforce orders prohibiting or suspending certain transactions with foreign actors); 50 U.S.C. § 4565(*l*)(6)(D)(iii) (authorizing Committee on Foreign Investment in the United States to seek injunctions to enforce mitigation and compliance conditions); 51 U.S.C. § 20141(b) (authorizing Attorney General to seek injunctions against misuse of agency names); 51 U.S.C. § 60123(a)(2) (authorizing Secretary of Commerce to seek injunctions to terminate licenses to operate private remote sensing space systems); 52 U.S.C. §§ 10101,[3] 10306(b), 10701(a)(1), 10308(d), 10504, 20105(a), 20307, 20510(a), 21111 (authorizing Attorney General to seek injunctions to protect voting rights); 52 U.S.C. §§ 30107(a)(6), 30109(a)(6) (authorizing Federal Election Commission to seek injunctions against violations of campaign-finance laws).

***

In short, Congress's enactment of some statutes that include provisions expressly providing for the United States to seek equitable relief against violations in certain specified circumstances does not diminish the United States' preexisting authority to vindicate its sovereign authority and interests by seeking an injunction. Here, the United States has done so by seeking an injunction to prevent the enforcement of a state statute that interferes with federal government's administration of immigration law by intruding into a field that is exclusively occupied by the federal government and that conflicts with the standards and enforcement procedures under federal law.

The Court should affirm the preliminary injunction.

[3] The Court identified 42 U.S.C. § 1971 in its April 8 order. Section 1971 has been editorially reclassified as 52 U.S.C. § 10101.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SARAH E. HARRINGTON
*Deputy Assistant Attorney General*

JAIME ESPARZA
*United States Attorney*

DANIEL TENNY
LEIF OVERVOLD

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI
*Attorneys, Appellate Staff*
*Civil Division, Room 7513*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 532-0211*
*maxwell.baldi@usdoj.gov*

cc: All counsel of record (by CM/ECF)