

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Aaron L. Nielson
Solicitor General

Aaron.Nielson@oag.texas.gov
(512) 463-2100

April 12, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
Court of Appeals for The Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *United States v. State of Texas*, No. 24-50149

Dear Mr. Cayce:

The State of Texas submits this letter in response to the Court's directive of April 8, 2024, to "identif[y] all other instances of equitable remedies statutorily authorized in suits by the United States." ECF 173. Texas has identified approximately 300 such statutes, which are set forth in Exhibit A to this letter.[1]

Although Texas has done its best to search the corpus of federal statutory law, even that extraordinary number no doubt fails to capture every statute that authorizes the United States to seek equitable relief. But it does capture how Congress has not understood either *In re Debs*, 158 U.S. 564 (1895), or *Ex parte Young*, 209 U.S. 123 (1908), to create a generalized equitable cause of action that the U.S. Department of Justice may invoke to enjoin state law. To the contrary, these statutes reflect that Congress considers *itself* to be the ultimate arbiter of when a federal agency may sue, on what theory, and for what relief. They also reflect that "in the border-security context," *Egbert v. Boule*, 596 U.S. 482, 494 (2022), no less than any other, Congress alone decides which federal causes of action exist and which federal remedies are available, *see* 8 U.S.C. §1324a(f)(2) (allowing the U.S. Attorney General to seek injunctive relief when he has "cause to believe that a person or entity is engaged in a pattern or practice of employment, recruitment, or

---

[1] Consistent with the Court's instruction to identify statutes where equitable relief is "statutorily authorized," Texas has not focused on historic statutes that have been repealed. Including such statutes would likely yield even greater numbers.

Letter to Mr. Cayce, Clerk
Page 2

referral" of unlawfully present aliens).

Some of these statutes are well-known to the courts because they are regularly invoked by the United States. For example, when there is at least a "reasonable" chance that federal voting rights are being violated, the Voting Rights Act permits the U.S. Attorney General to

> institute for the United States, or in the name of the United States, an action for preventive relief, including an application for a temporary or permanent injunction, restraining order, or other order, and including an order directed to the State and State or local election officials to require them (1) to permit persons listed under chapters 103 to 107 of this title to vote and (2) to count such votes.

52 U.S.C. §10308(d). And as the Court's directive observes, the Sherman Act provides that

> district courts of the United States are invested with jurisdiction to prevent and restrain violations of [the Act]; and it shall be the duty of the several United States attorneys, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations.

15 U.S.C. §4.

But such statutes are only a small sample. The hundreds of examples Texas has collected span the seemingly mundane to the most hot-button issues, allowing the United States to seek equitable relief for a vast range of subjects, including agricultural law,[2] civil rights,[3] commercial transportation,[4] consumer protection,[5]

---

[2] *See, e.g.*, 7 U.S.C. §216 (1921 Packers and Stockyards Act, Section 315, 42 Stat. 159, 167–168, allowing United States to seek a "writ of injunction" to ensure obedience to federal law).

[3] *See, e.g.*, 42 U.S.C. §2000a-5(a) (Title II of 1964 Civil Rights Act, Section 206, 78 Stat. 241, 245, allowing United States to seek "preventive relief" with respect to public accommodations); *see also id.* §2000b(a) (similar, public facilities); *id.* §2000c-6(a) (similar, desegregation); *id.* §2000e-6(a) (similar, employment discrimination).

[4] *See, e.g.*, 33 U.S.C. §406 (1899 Rivers and Harbors Appropriation Act, Section 12, 30 Stat. 1151, allowing United States to enjoin the removal of structures from commercial highways).

[5] *See, e.g.*, 25 U.S.C. §305e(b)(1) (1990 Indian Arts & Crafts Act, Section 105, 104 Stat. 4662, 4664, allowing United States to obtain "equitable relief" against misrepresenting goods).

Letter to Mr. Cayce, Clerk
Page 3

criminal law,[6] education,[7] energy markets,[8] environmental law,[9] food and drug law,[10] foreign affairs,[11] housing,[12] labor relations,[13] national defense,[14] prisoner rights,[15] securities,[16] and telecommunications.[17] Indeed, Congress has empowered it to seek injunctive relief to protect against unauthorized use of "Smokey Bear" or "Woodsy Owl," 16 U.S.C. §580p-4 (enacted in 1974 Act to Prevent Unauthorized Use of National Symbols, Section 4, 88 Stat. 244, 245), and to "prevent and restrain any person from violating, any order or regulation" seeking to furnish America with a supply of fresh flowers, 7 U.S.C. §4314 (enacted in 1981 Floral Research and Consumer Information Act, Section 1715, 95 Stat. 1213, 1356). Meanwhile Congress

---

[6] *See, e.g.*, 18 U.S.C. §177(a) (1989 Biological Weapons Anti-Terrorism Act, Section 3(a), 104 Stat. 201, 202, allowing United States to seek "injunction" respecting biological weapons).

[7] *See, e.g.*, 20 U.S.C. §§1706, 1712–1718 (1974 Amendments to the 1934 Elementary and Secondary Education Act, Section 207, 88 Stat. 484, 516, allowing United States to seek injunctive remedies for students).

[8] *See, e.g.*, 15 U.S.C. §717s(a) (1938 Natural Gas Act, Section 20(a), 52 Stat. 821, 832, allowing United States to seek an injunction respecting natural gas).

[9] *See, e.g.*, 16 U.S.C. §1540(e)(6) (1982 Amendments to 1973 Endangered Species Act, Section 7, 96 Stat. 1411, 1425, allowing United States to sue to protect animals).

[10] *See, e.g.*, 21 U.S.C. §§332, 337 (1938 Food, Drug, & Cosmetic Act, Sections 302, 307, 52 Stat. 1040, 1043, 1046, allowing United States to seek an injunction respecting public health).

[11] *See, e.g.*, 22 U.S.C. §618(f) (1966 Amendments to 1938 Foreign Agents Registration Act, Section 7, 80 Stat. 244, 248, allowing United States to seek order "enjoining such acts [of a foreign agent] or enjoining such person from continuing to act as an agent of such foreign principal").

[12] *See, e.g.*, 12 U.S.C. §2607(d)(4) (2010 Dodd-Frank Wall Street Reform & Consumer Protection Act, Section 1098, 124 Stat. 1376, 2104, allowing United States to sue to enjoin kickbacks).

[13] *See, e.g.*, 29 U.S.C. §§204(b), 217 (1938 Fair Labor Standards Act, Sections 4(b), 17, 52 Stat. 1060, 1062, 1069, allowing United States to sue to restrain violations of minimum wage rules).

[14] *See, e.g.*, 50 U.S.C. §4556(a)–(b) (1950 Defense Production Act, Section 706, 64 Stat. 798, 817, allowing United States to seek order enjoining violations of provisions regarding military preparedness).

[15] *See, e.g.*, 42 U.S.C. §1997a(a) (1980 Civil Rights of Institutionalized Persons Act, Section 3, 94 Stat. 349, 350, allowing United States to seek "equitable relief" where, *inter alia*, "the Attorney General has reasonable cause to believe that any State" is engaged in an "egregious" "pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities" that has caused "grievous harm").

[16] *See, e.g.*, 15 U.S.C. §77t (1933 Securities Act, Section 20(b), 48 Stat. 74, 86, allowing Securities & Exchange Commission to seek order enjoining violations of securities laws).

[17] *See, e.g.*, 47 U.S.C. §401(a)–(b) (1934 Communications Act, Section 401, 48 Stat. 1064, 1092-1093, allowing United States to sue to restrain violations of an order of the FCC).

Letter to Mr. Cayce, Clerk
Page 4

has also authorized federal suits for injunctive relief in disputes over access to abortion clinics, 18 U.S.C. §248(c)(2)(A) (enacted in 1994 Freedom of Access to Clinic Entrances Act, 108 Stat. 694), and interstate disputes over same-sex marriage, 28 U.S.C. §1738C(b) (enacted in 2022 Respect for Marriage Act, 136 Stat. 2305).

There is not a hint in these statutes that Congress believes the United States' need for statutory authorization to pursue equitable relief somehow turns on whether the Executive Branch deems an issue significant. Nor has Congress created a general cause of action for "preemption," which this Court has emphasized would typically be raised as a "*defense*" in a state-law enforcement proceeding (here of S.B.4). *City of Austin v. Paxton,* 943 F.3d 993, 1000 n.1 (5th Cir. 2019).

Instead, Congress has been deliberate in selecting when the United States may seek injunctive relief and against whom such relief is available. For example, in 1938, Congress authorized equitable relief (there, disgorgement) only for private persons under the Fair Labor Standards Act, *see* Section 16, 52 Stat. 1060, 1069, *codified as amended at* 29 U.S.C. §216(b). But in 1949, Congress amended the statute to allow the United States to seek such relief as well, *see* 1949 Amendments, Section 14, 63 Stat. 910, 919, *codified as amended at* 29 U.S.C. §216(c). "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397 (1995). And perhaps of even greater relevance here, while Congress often authorizes the United States to seek equitable relief against individuals, *see, e.g.*, 26 U.S.C. §7407(a) (tax preparers), it sometimes instead expressly authorizes the United States to seek equitable relief against the States.[18]

Congress's view that a statutory cause of action is necessary for the United States to seek equitable relief—at least for something other than a traditional equitable remedy—is also not a modern innovation. For example, just three months before the Supreme Court's decision in *Debs*, Congress authorized the United States to seek an injunction against the occupation of public lands. *See* Act of Feb. 25, 1885, 23 Stat. 321, *codified at* 43 U.S.C. §1062. Just a few years after *Debs*, Congress authorized the United States to seek equitable relief to remove obstructions to commercial navigation of water highways. *See* Act of Sept. 19, 1890, Section 10, 26

---

[18] *See, e.g.*, 29 U.S.C. §3248(c); 34 U.S.C. §10228(c)(3); 42 U.S.C. §290cc-33(b); 42 U.S.C. §300w-7(c); 42 U.S.C. §300x-57(b)(2); 42 U.S.C. §5309(c); 42 U.S.C. §10406(c)(2)(D); 52 U.S.C. §10504; 52 U.S.C. §20105(a).

Letter to Mr. Cayce, Clerk
Page 5

Stat. 426, 454-55. None of that would make sense if *Debs* were a blank check to proceed in equity. The same is likewise true with respect to *Ex parte Young*. Congress has no reason to enact statutes expressly allowing the United States to seek injunctive relief against States for violations of federal law if the United States can simply rely on *Ex parte Young*. *See, e.g.*, footnote 18, *supra*; 42 U.S.C. §290cc-33(b).

As counsel for Texas explained during oral argument, such statutory law is irreconcilable with the federal government's theory that it can pursue a claim here against Texas even though Congress has not enacted a statutory cause of action. And it is irreconcilable with the federal government's own conduct in other pending litigation. For example, in litigation over buoys Texas has deployed in the Rio Grande, the federal government did not rely on an unspecified action in equity, but rather statutory provisions it claims authorize it to sue Texas. Later, it added claims under a treaty with Mexico. Even then, however, the United States did not initially rely on the theory it presses now. Yet as undersigned counsel explained during oral argument, the federal government—relying on the Court's stay opinion in this case—has now taken the extraordinary position that it can equitably enforce even a *non-self-executing* treaty despite having no statutory cause of action. *See* Exhibits B and C. Texas thus urges the Court to hold that the federal government cannot seek injunctive relief for any alleged violations of the Supremacy Clause unless and until Congress enacts a statute allowing the federal government to do so.

Respectfully submitted,

/s/ Aaron L. Nielson
Aaron L. Nielson
*Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)

# Exhibit A: Statutes Authorizing the United States to Seek Injunctive Relief

**Statutes Authorizing the United States to Seek Injunctive Relief**

1.  5 U.S.C. §7123(d), enacted in the 1978 Civil Service Reform Act, Section 701, 92 Stat. 1111, 1213 ("The [Federal Labor Relations Authority] may, upon issuance of a complaint as provided in section 7118 of this title charging that any person has engaged in or is engaging in an unfair labor practice, petition any United States district court … for appropriate temporary relief (including a restraining order).").

2.  5 U.S.C. §8477(e)(3)(A)(iii), (v), enacted in the 1986 Federal Employees' Retirement System Act, Section 101(a), 100 Stat. 514, 582 ("A civil action may be brought in the district courts of the United States ... by the Secretary of Labor against any fiduciary other than a Member of the [Federal Retirement Thrift Investment] Board or the Executive Director of the Board ... to enjoin any act or practice which violates any provision of subsection (b) or (c); ... [or] to enjoin any act or practice which violates subsection (g)(2) or (h) of section 8472 of this title….").

3.  6 U.S.C. §1142(c)(5), enacted in the 2007 Implementing Recommendations of the 9/11 Commission Act, Section 1413, 121 Stat. 414 ("Whenever any person has failed to comply with an order issued under paragraph (3), the Secretary of Labor may file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order. In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief and compensatory damages.").

4.  7 U.S.C. §13a-1(a), enacted in the 1974 Commodity Futures Trading Commission Act, Section 205, 88 Stat. 1389, 1402 ("Whenever it shall appear to the [Commodity Futures Trading] Commission that any registered entity or other person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of this chapter or any rule, regulation, or order thereunder, or is restraining trading in any commodity for future delivery or any swap, the Commission may bring an action in the proper district court of the United States or the proper United States court of any territory or other place subject to the jurisdiction of the United States, to enjoin such act or practice.").

5.  7 U.S.C. §136q(d)(4), enacted in the 1988 Federal Insecticide, Fungicide, and Rodenticide Act Amendments, Section 401, 102 Stat. 2654, 2669 ("If the Administrator [of the Environmental Protection Agency] finds that a person

who is subject to a regulation or order under subsection (a)(2) or (b) has failed substantially to comply with that regulation or order [concerning pesticides], the Administrator may take action under section 136k or 136l of this title or obtain injunctive relief under section 136n(c) of this title against such person or any successor in interest of any such person.").

6. 7 U.S.C. §2146(c) ("The Secretary [of Agriculture] may prosecute any inquiry necessary to his duties under this chapter in any part of the United States, including any territory, or possession thereof, the District of Columbia, or the Commonwealth of Puerto Rico. The powers conferred by said sections 49 and 50 of Title 15 on the district courts of the United States may be exercised for the purposes of this chapter by any district court of the United States. The United States district courts, the District Court of Guam, the District Court of the Virgin Islands, the highest court of American Samoa, and the United States courts of the other territories, are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 2149(c) of this title.").

7. 7 U.S.C. §216, enacted in the 1921 Packers and Stockyards Act, Section 315, 42 Stat. 159, 167–168 ("If any stockyard owner, market agency, or dealer fails to obey any order of the Secretary [of Agriculture] other than for the payment of money while the same is in effect, the Secretary, or any party injured thereby, or the United States by its Attorney General, may apply to the district court for the district in which such person has his principal place of business for the enforcement of such order. If after hearing the court determines that the order was lawfully made and duly served and that such person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such person, his officers, agents, or representatives from further disobedience of such order or to enjoin upon him or them obedience to the same.").

8. 7 U.S.C. §217b(f)(3), enacted in the 2021 Consolidated Appropriations Act, Section 763, 134 Stat. 1182, 2115 ("Whenever the Secretary [of Agriculture] has reason to believe that a dealer subject to this section has failed to perform the duties required by this section or whenever the Secretary has reason to believe that it will be in the best interest of unpaid cash sellers, the Secretary [may] … file suit in the United States district court for the district in which the dealer resides to enjoin the dealer's failure to perform the duties required by this section, preserve trust assets, and to enforce the trust.  Attorneys employed by

the Secretary may, with the approval of the Attorney General, represent the Secretary in any such suit.").

9.  7 U.S.C. §228a, enacted in the 1976 Amendments to the 1921 Packers and Stockyards Act, Section 5, 90 Stat. 1249, 1250 ("Whenever the Secretary [of Agriculture] has reason to believe that a person has violated Chapter 9 of Title VII], the Secretary may notify the Attorney General, who may apply to the United States district court for the district in which such person has his principal place of business or in which he resides for a temporary injunction or restraining order.").

10. 7 U.S.C. §292, enacted in the 1922 Capper-Volstead Act, Section 2, 42 Stat. 388, 388–389 ("If the Secretary of Agriculture shall have reason to believe that any such association monopolizes or restrains trade in interstate or foreign commerce to such an extent that the price of any agricultural product is unduly enhanced by reason thereof, he shall serve upon such association a complaint stating his charge in that respect .... [T]he Secretary of Agriculture shall file in the district court in the judicial district in which such association has its principal place of business a certified copy of the order and of all the records in the proceeding, together with a petition asking that the order be enforced, and shall give notice to the Attorney General and to said association of such filing. Such district court shall thereupon have jurisdiction to enter a decree affirming, modifying, or setting aside said order, or enter such other decree as the court may deem equitable, and may make rules as to pleadings and proceedings to be had in considering such order. ... The Department of Justice shall have charge of the enforcement of such order. After the order is so filed in such district court and while pending for review therein the court may issue a temporary writ of injunction forbidding such association from violating such order or any part thereof. The court may, upon conclusion of its hearing, enforce its decree by a permanent injunction or other appropriate remedy.").

11. 7 U.S.C. §608a(6)–(8), enacted in the 1934 Amendments to the 1933 Agricultural Adjustment Act, Section 4, 48 Stat. 672 ("The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts. ... Upon the request of the Secretary of Agriculture, it shall be the duty of the several United States attorneys, in their respective districts, under the directions of the Attorney General, to institute proceedings to enforce the remedies and to collect the forfeitures provided for in, or pursuant to this chapter. ... The remedies provided for in this section shall be in addition to, and not exclusive of, any of

the remedies or penalties provided for elsewhere in this chapter or now or hereafter existing at law or in equity.").

12.   7 U.S.C. §1359hh(d)(1)–(2), enacted in the 2002 Farm Security and Rural Investment Act, Section 1403, 116 Stat. 134, 202 ("The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating, this subpart or any regulation issued thereunder.... Whenever the Secretary [of Agriculture] shall so request, it shall be the duty of the several United States attorneys, in their respective districts, to institute proceedings to enforce the remedies and to collect the penalties provided for in this subpart. The Secretary may elect not to refer to a United States attorney any violation of this subpart or regulation when the Secretary determines that the administration and enforcement of this subpart would be adequately served by written notice or warning to any person committing the violation.").

13.   7 U.S.C. §1446(d)(5)(A), enacted in the 1982 Amendments to the 1949 Agricultural Act, Section 101, 96 Stat. 763, 765 ("The district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating, any provision of this subsection or any regulation issued under this subsection. Any such civil action authorized to be brought under this subsection shall be referred to the Attorney General for appropriate action. The Secretary [of Agriculture] is not required, however, to refer to the Attorney General minor violations of this subsection whenever the Secretary believes that the administration and enforcement of this subsection would be adequately served by suitable written notice or warning to any person committing such violation.").

14.   7 U.S.C. §1636b(f), enacted in the 1999 Amendments to the 1946 Agricultural Marketing Act, Section 911, 113 Stat. 1135, 1202 ("If the Secretary [of Agriculture] has reason to believe that any person subject to this subchapter has failed or refused to provide the Secretary information required to be reported pursuant to this subchapter [concerning livestock disclosures for cattle, swine, lambs], and that it would be in the public interest to enjoin the person from further failure to comply with the reporting requirements, the Secretary may notify the Attorney General of the failure. … The Attorney General may apply to the appropriate district court of the United States for a temporary or permanent injunction or restraining order. …. When needed to carry out this subchapter, the court shall, on a proper showing, issue a temporary injunction or restraining order without bond.").

15.  7 U.S.C. §2009cc-12(a)(1), enacted in the 2002 Farm Security and Rural Investment Act, Section 6029, 116 Stat. 134, 399 ("Whenever, in the judgment of the Secretary [of Agriculture], a rural business investment company or any other person has engaged or is about to engage in any act or practice that constitutes or will constitute a violation of a provision of this subchapter [concerning the rural business investment program] (including any rule, regulation, order, or participation agreement under this subchapter), the Secretary may apply to the appropriate district court of the United States for an order enjoining the act or practice, or for an order enforcing compliance with the provision, rule, regulation, order, or participation agreement.").

16.  7 U.S.C. §2020(g), enacted in the 1977 Amendments to the 1964 Food Stamp Act, Section 1301, 91 Stat. 913, 969 ("If the State agency does not correct such failure within that specified period, the Secretary [of Agriculture] may refer the matter to the Attorney General with a request that injunctive relief be sought to require compliance forthwith by the State agency and, upon suit by the Attorney General in an appropriate district court of the United States having jurisdiction of the geographic area in which the State agency is located and a showing that noncompliance has occurred, appropriate injunctive relief shall issue ….").

17.  7 U.S.C. §2028(b)(2)(C)(iii), enacted in the 1981 Omnibus Budget Reconciliation Act, Section 116(a)(2), 95 Stat. 357, 364 ("Upon a finding under subparagraph (C)(i) of a substantial failure to comply with any of the requirements of subparagraphs (A) and (B) and subsection (b)(1)(A), the Secretary [of Agriculture] may, in addition to or in lieu of any action taken under subparagraphs (C)(i) and (C)(ii), refer the matter to the Attorney General with a request that injunctive relief be sought to require compliance by the Commonwealth of Puerto Rico, and upon suit by the Attorney General in an appropriate district court of the United States and a showing that noncompliance has occurred, appropriate injunctive relief shall issue.").

18.  7 U.S.C. §2159(a), enacted in the 1990 Food, Agriculture, Conservation, and Trade Act, Section 2503(2), 104 Stat. 3359, 4067 ("Whenever the Secretary [of Agriculture] has reason to believe that any dealer, carrier, exhibitor, or intermediate handler is dealing in stolen animals, or is placing the health of any animal in serious danger in violation of this chapter or the regulations or standards promulgated thereunder, the Secretary shall notify the Attorney General, who may apply to the United States district court in which such dealer, carrier, exhibitor, or intermediate handler resides or conducts business for a temporary restraining order or injunction to prevent any such person from

operating in violation of this chapter or the regulations and standards prescribed under this chapter.").

19.    7 U.S.C. §2305(b), enacted in the 1967 Agricultural Fair Practices Act, Section 6, 82 Stat. 93, 95 ("Whenever the Secretary of Agriculture has reasonable cause to believe that any handler, or group of handlers, has engaged in any act or practice prohibited by section 2303 of this title, he may request the Attorney General to bring civil action in his behalf in the appropriate district court of the United States by filing with it a complaint (1) setting forth facts pertaining to such act or practice, and (2) requesting such preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the handler, or handlers, responsible for such acts or practices. Upon receipt of such request, the Attorney General is authorized to file such complaint.").

20.    7 U.S.C. §2908. enacted in the 1985 Food Security Act, Section 1601(b), 99 Stat. 1605  ("(a) Restraining order; civil penalty [] If the Secretary [of Agriculture] believes that the administration and enforcement of this chapter or an order would be adequately served by such procedure, following an opportunity for an administrative hearing on the record, the Secretary may–(1) issue an order to restrain or prevent a person from violating an order; and [] (2) assess a civil penalty of not more than $5,000 for violation of such order. [] (b) Jurisdiction of district court [] The district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain a person from violating, an order or regulation made or issued under this chapter. [] (c) Civil action to be referred to Attorney General [] A civil action authorized to be brought under this section shall be referred to the Attorney General for appropriate action.").

21.    7 U.S.C. §3410(a), enacted in the 1977 Food and Agriculture Act, 91 Stat. 913("The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order or regulation made or issued pursuant to this chapter. Any civil action authorized to be brought under this chapter shall be referred to the Attorney General for appropriate action: Provided, That nothing in this chapter shall be construed as requiring the Secretary [of Agriculture] to refer to the Attorney General minor violations of this chapter whenever the Secretary believes that the administration and enforcement of the program would be adequately served by suitable written notice or warning to any person committing such violation.").

22.    7 U.S.C. §3807(a), enacted in the 1980 Swine Health Protection Act, Section 8, 94 Stat. 2229, 2232 ("The Attorney General, upon the request of the Secretary [of Agriculture], shall bring an action to enjoin the violation of, or to compel

compliance with, any provision of this chapter or any regulation issued by the Secretary hereunder by any person. Such action shall be brought in the appropriate United States district court for the judicial district in which such person resides or transacts business or in which the violation or omission has occurred or is about to occur.").

23. 7 U.S.C. §4314, enacted in the 1981 Floral Research and Consumer Information Act, Section 1715, 95 Stat. 1213, 1356 ("The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating, any order or regulation made or issued pursuant to this chapter [seeking to furnish a "steady supply of fresh flowers and plants" and "strengthen the floral industry's position on the marketplace"]. Any civil action authorized to be brought under this subsection shall be referred to the Attorney General for appropriate action ....").

24. 7 U.S.C. §7735(2), enacted in the 2000 Agricultural Risk Protection Act, Section 425, 114 Stat. 358, 451 ("The Attorney General may . . . bring an action to enjoin the violation of or to compel compliance with this chapter, or to enjoin any interference by any person with the Secretary [of Agriculture] in carrying out this chapter, whenever the Secretary has reason to believe that the person has violated, or is about to violate this chapter, or has interfered, or is about to interfere, with the Secretary ....").

25. 7 U.S.C. §8314(b)(2), enacted in the 2002 Farm Security and Rural Investment Act, Section 10415, 116 Stat. 134, 505 ("The Attorney General may . . . bring an action to enjoin the violation of or to compel compliance with this chapter, or to enjoin any interference by any person with the Secretary [of Agriculture] in carrying out this chapter, in any case in which the Secretary has reason to believe that the person has violated, or is about to violate this chapter or has interfered, or is about to interfere, with the actions of the Secretary ....").

26. 8 U.S.C. §1324a(f)(2), enacted in the 1986 Immigration Reform and Control Act, Section 101, 100 Stat. 3359, 3368 ("Whenever the Attorney General has reasonable cause to believe that a person or entity is engaged in a pattern or practice of employment, recruitment, or referral in violation of paragraph (1)(A) or (2) of subsection (a) [concerning the employment of illegal aliens], the Attorney General may bring a civil action in the appropriate district court of the United States requesting such relief, including a permanent or temporary injunction, restraining order, or other order against the person or entity, as the Attorney General deems necessary.").

27. 12 U.S.C. §1467a(g)(4) ("[T]he Board [of Governors of the Federal Reserve System] may bring an action in the proper United States district court, or the United States court of any territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices ....").

28. 10 U.S.C. §8921(c), enacted in the 1985 Department of Defense Authorization Act, Section 1532(a)(1), 98 Stat. 2492, 2631 ("Whenever it appears to the Attorney General of the United States that any person is engaged or is about to engage in an act or practice which constitutes or will constitute conduct prohibited by subsection (b), the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such act or practice. Such court may, at any time before final determination, enter such restraining orders or prohibitions, or take such other action as is warranted, to prevent injury to the United States or to any person or class of persons for whose protection the action is brought.")

29. 10 U.S.C. §425(b), enacted in the 1998 Intelligence Authorization Act, Section 503, 111 Stat. 2248, 2262 ("Whenever it appears to the Attorney General that any person is engaged or is about to engage in an act or practice" which misuses certain government seals, he "may initiate a civil proceeding in a district court of the United States to enjoin such act or practice. Such court shall proceed as soon as practicable to the hearing and determination of such action and may, at any time before final determination, enter such restraining orders or prohibitions, or take such other actions as is warranted, to prevent injury to the United States or to any person or class of persons for whose protection the action is brought.").

30. 12 U.S.C. §1467a(g)(4), enacted in the 1989 Financial Institutions Reform, Recovery, and Enforcement Act, 103 Stat. 318 ("Whenever it appears to the [Board of Governors of the Federal Reserve System] that any person is engaged or has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this section or of any regulation or order thereunder, the Board may bring an action in the proper United States district court, or the United States court of any territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, to enforce compliance with this section or any regulation or order, or to require the divestiture of any acquisition in violation of this section, or for any combination of the foregoing, and such courts shall have jurisdiction of such actions.").

31. 12 U.S.C. §1731b(h), enacted in the 1954 Amendments to the 1934 National Housing Act, Section 132, 68 Stat. 590, 611–612 ("Whenever he finds a violation

of any provision of this section has occurred or is about to occur, the Attorney General shall petition the district court of the United States … within whose jurisdictional limits the person doing or committing the acts or practices constituting the alleged violation of this section shall be found, for an order enjoining such acts or practices, and upon a showing by the Attorney General that such acts or practices constituting such violation have been engaged in or are about to be engaged in, a permanent or temporary injunction, restraining order, or other order, with or without such injunction or restraining order, shall be granted without bond.").

**32.** 12 U.S.C. §1954, enacted in the 1970 Amendments to the Federal Deposit Insurance Act, Section 124, 84 Stat. 1114, 1117 ("Whenever it appears to the Secretary [of the Treasury] that any person has engaged, is engaged, or is about to engage in any acts or practices constituting a violation of any regulation under this chapter, he may in his discretion bring an action, in the proper district court of the United States … to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.").

**33.** 12 U.S.C. §1973, enacted in the 1970 Bank Holding Company Act Amendments, Section 106(c), 84 Stat. 1760, 1767 ("The district courts of the United States have jurisdiction to prevent and restrain violations of section 1972 of this title and it is the duty of the United States attorneys, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations. The proceedings may be by way of a petition setting forth the case and praying that the violation be enjoined or otherwise prohibited.").

**34.** 12 U.S.C. §2263, enacted in the 1971 Farm Credit Act, Section 5.27, 99 Stat. 1678 ("In the case of violation or threatened violation of, or failure to obey, a temporary cease and desist order issued under section 2262 of this title, the Farm Credit Administration may apply to the United States district court, or the United States court of any territory, within the jurisdiction of which the home office of the institution is located, for an injunction to enforce such order, and, if the court shall determine that there has been such violation or threatened violation or failure to obey, it shall be the duty of the court to issue such injunction.").

**35.** 12 U.S.C. §2607(d)(4), enacted in the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, Section 1098, 124 Stat. 1376, 2104 ("The [Consumer Financial Protection] Bureau, the Secretary [of Housing and Urban Development], or the attorney general or the insurance commissioner of any State may bring an action to enjoin violations of this section [concerning

kickbacks and unearned fees involving home mortgages]. Except, to the extent that a person is subject to the jurisdiction of the Bureau, the Secretary, or the attorney general or the insurance commissioner of any State, the Bureau shall have primary authority to enforce or administer this section, subject to subtitle B of the Consumer Financial Protection Act of 2010.").

36.   12 U.S.C. §4632(e), enacted in the 1992 Housing and Community Development Act, Section 1372, 106 Stat. 3988 ("In the case of violation or threatened violation of, or failure to obey, a temporary order issued pursuant to this section, the Director [of the Federal Housing Finance Agency] may bring an action in the United States District Court for the District of Columbia for an injunction to enforce such order.").

37.   12 U.S.C. §5564(a), (f), enacted in the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, Section 1054, 124 Stat. 1376, 2028 ("If any person violates a Federal consumer financial law [i.e., nearly 20 different laws enumerated at 12 U.S.C. §5481(12)], the [Consumer Financial Protection] Bureau may, subject to sections 5514, 5515, and 5516 of this title, commence a civil action against such person to impose a civil penalty or to seek all appropriate legal and equitable relief including a permanent or temporary injunction as permitted by law….").

38.   12 U.S.C. §5567(c)(5), enacted in the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, Section 1057, 124 Stat. 1376, 2035 ("If any person has failed to comply with a final order issued under paragraph (4) [concerning employment discrimination against whistleblowers to the CFPB], the Secretary of Labor may file a civil action in the United States district court for the district in which the violation was found to have occurred, or in the United States district court for the District of Columbia, to enforce such order.  In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief including injunctive relief and compensatory damages.").

39.   15 U.S.C. §4, enacted in the 1890 Sherman Act, Section 4, 26 Stat. 209 ("The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title; and it shall be the duty of the several United States attorneys, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations. Such proceedings may be by way of petition setting forth the case and praying that such violation shall be enjoined or otherwise prohibited.").

40. 15 U.S.C. §9, enacted in the 1894 Tax Act, Section 74, 28 Stat. 509, 570 ("The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of section 8 of this title; and it shall be the duty of the several United States attorneys, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations. Such proceedings may be by way of petitions setting forth the case and praying that such violations shall be enjoined or otherwise prohibited.").

41. 15 U.S.C. §18a(g), enacted in the 1976 Amendments to the 1914 Clayton Act, Section 201, 90 Stat. 1383, 1390 ("If any person, or any officer, director, partner, agent, or employee thereof, fails substantially to comply with the notification requirement under subsection (a) or any request for the submission of additional information or documentary material under subsection (e)(1) of this section within the waiting period specified in subsection (b)(1) and as may be extended under subsection (e)(2), the United States district court … may grant such other equitable relief as the court in its discretion determines necessary or appropriate, upon application of the Federal Trade Commission or the Assistant Attorney General.").

42. 15 U.S.C. §25, enacted in the 1914 Clayton Act, Section 15, 38 Stat. 730, 736–737 ("The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of this Act, and it shall be the duty of the several United States attorneys, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations. Such proceedings may be by way of petition setting forth the case and praying that such violation shall be enjoined or otherwise prohibited.").

43. 15 U.S.C. §45(*l*), enacted in the 1914 Federal Trade Commission Act, Section 5, 38 Stat. 717, 719 ("Any person, partnership, or corporation who violates an order of the [Federal Trade] Commission after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $10,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the Attorney General of the United States…In such actions, the United States district courts are empowered to grant mandatory injunctions and such other and further equitable relief as they deem appropriate in the enforcement of such final orders of the Commission.").

44.  15 U.S.C. §49 ("Upon the application of the Attorney General of the United States, at the request of the Commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person, partnership, or corporation to comply with the provisions of this subchapter or any order of the [Federal Trade] Commission made in pursuance thereof.").

45.  15 U.S.C. §53(b), enacted in the 1973 Amendments to the 1914 Federal Trade Commission Act, Section 408(F), 87 Stat. 576, 592 ("Whenever the [Federal Trade] Commission has reason to believe—(1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, …the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin such act or practice.").

46.  15 U.S.C. §57b(a), (b) ("If any person, partnership, or corporation violates any rule under this subchapter respecting unfair or deceptive acts or practices (other than an interpretive rule, or a rule violation of which the [Federal Trade] Commission has provided is not an unfair or deceptive act or practice in violation of section 45(a) of this title), then the Commission may commence a civil action against such person, partnership, or corporation for relief under subsection (b) in a United States district court or in any court of competent jurisdiction of a State …. The court in an action under subsection (a) shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be. Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.").

47.  15 U.S.C. §68e(b), enacted in the 1939 Wool Products Labeling Act, Section 7, 54 Stat. 1128, 1131 ("Whenever the Commission has reason to believe that—(1) Any person is violating, or is about to violate, sections 68a, 68c, 68f, or 68g of this title, and that (2) It would be to the public interest to enjoin such violation until complaint is issued by the Commission under the Federal Trade Commission Act and such complaint dismissed by the Commission or set aside by the court on review, or until order to cease and desist made thereon by the Commission has become final within the meaning of the Federal Trade Commission Act, the Commission may bring suit in the district court of the United States for the district … in which such person resides or transacts

12

business, to enjoin such violation, and upon proper showing a temporary injunction or restraining order shall be granted without bond.").

48. 15 U.S.C. §69g(b), enacted in the 1951 Fur Products Labeling Act, Section 9, 65 Stat. 175, 180 ("Whenever the Commission has reason to believe that—(1) any person is violating, or is about to violate, section 69a, 69d, or 69h(b) of this title; and (2) it would be to the public interest to enjoin such violation until complaint is issued by the Commission under the Federal Trade Commission Act and such complaint dismissed by the Commission or set aside by the court on review, or until order to cease and desist made thereon by the Commission has become final within the meaning of said Act, the Commission may bring suit in the district court of the United States … in which such person resides or transacts business, to enjoin such violation, and upon proper showing a temporary injunction or restraining order shall be granted without bond.").

49. 15 U.S.C. §70f, enacted in the 1958 Textile Fiber Products Identification Act, Section 8, 72 Stat. 1717, 1721 ("Whenever the [Federal Trade] Commission has reason to believe—(a) that any person is doing, or is about to do, an act which by section 70a, 70c, 70d, 70g, or 70h(b) of this title is declared to be unlawful; …, the Commission may bring suit in the district court of the United States or in the United States court of any Territory, for the district or Territory in which such person resides or transacts business, to enjoin the doing of such act and upon proper showing a temporary injunction or restraining order shall be granted without bond.").

50. 15 U.S.C. §77t(b), enacted in the 1933 Securities Act, Section 20(b), 48 Stat. 74, 86 ("Whenever it shall appear to the [Securities and Exchange] Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this subchapter, or of any rule or regulation prescribed under authority thereof, the Commission may, in its discretion, bring an action in any district court of the United States, or United States court of any Territory, to enjoin such acts or practices, and upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond.").

51. 15 U.S.C. §78u(d)(1), enacted in the 1975 Amendments to the 1934 Securities Exchange Act, Section 17(2), 89 Stat. 97, 154 ("Whenever it shall appear to the [Securities and Exchange] Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter [or, *inter alia*,] the rules or regulations thereunder, … it may in its discretion bring an action in the proper district court of the United States, the United States District Court for the District of Columbia, or the United States courts of any territory or other place subject to the jurisdiction of the United

States, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.").

52. 15 U.S.C. §78u(d)(5), enacted in the 2002 Sarbanes-Oxley Act, Section 305(b), 116 Stat. 745, 778 ("In any action or proceeding brought or instituted by the [Securities and Exchange] Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors.").

53. 15 U.S.C. §78u(e), enacted in the 1975 Amendments to the 1934 Securities Exchange Act, Section 17(2), 89 Stat. 97, 154 ("Upon application of the [Securities and Exchange] Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter," and specified "rules, regulations, and orders", "(2) any national securities exchange or registered securities association to enforce compliance by its members and persons associated with its members with the provisions of this chapter, the rules, regulations, and orders thereunder, and the rules of such exchange or association, or (3) any registered clearing agency to enforce compliance by its participants with the provisions of the rules of such clearing agency.").

54. 15 U.S.C. §78dd-2(d)(1), enacted in the 1977 Foreign Corrupt Practices Act, Section 104, 91 Stat. 1494, 1496 ("When it appears to the Attorney General that any domestic concern to which this section applies, or officer, director, employee, agent, or stockholder thereof, is engaged, or about to engage, in any act or practice constituting a violation of subsection (a) or (i) of this section, the Attorney General may, in his discretion, bring a civil action in an appropriate district court of the United States to enjoin such act or practice, and upon a proper showing, a permanent injunction or a temporary restraining order shall be granted without bond.").

55. 15 U.S.C. §78dd-3(d)(1), enacted in the 1998 International Anti-Bribery and Fair Competition Act, Section 4, 112 Stat. 3302, 3306 ("When it appears to the Attorney General that any person to which this section applies, or officer, director, employee, agent, or stockholder thereof, is engaged, or about to engage, in any act or practice constituting a violation of subsection (a) of this section, the Attorney General may, in his discretion, bring a civil action in an appropriate district court of the United States to enjoin such act or practice, and upon a proper showing, a permanent injunction or a temporary restraining order shall be granted without bond.").

56. 15 U.S.C. §80a-35(a), enacted in the 1940 Investment Advisers Act, Section 36, 54 Stat. 789, 841 ("The [Securities and Exchange] Commission is authorized to

bring an action in the proper district court of the United States, …alleging that a person who is, or at the time of the alleged misconduct was, serving or acting in one or more of the following capacities has engaged within five years of the commencement of the action or is about to engage in any act or practice constituting a breach of fiduciary duty involving personal misconduct in respect of any registered investment company for which such person so serves or acts, or at the time of the alleged misconduct, so served or acted …. If such allegations are established, the court may enjoin such persons from acting in any or all such capacities either permanently or temporarily and award such injunctive or other relief against such person as may be reasonable and appropriate in the circumstances, having due regard to the protection of investors and to the effectuation of the policies declared in section 80a-1(b) of this title.").

57. 15 U.S.C. §80a-41(d), enacted in the 1940 Investment Advisers Act, Section 42, 54 Stat. 789, 842–843 ("Whenever it shall appear to the [Securities and Exchange] Commission that any person has engaged or is about to engage in any act or practice constituting a violation of any provision of this subchapter, or of any rule, regulation, or order hereunder, it may in its discretion bring an action in the proper district court of the United States, or the proper United States court of any Territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices and to enforce compliance with this subchapter or any rule, regulation, or order hereunder.").

58. 15 U.S.C. §80b-9(d), enacted in the 1940 Investment Advisers Act, Section 209, 54 Stat. 789, 854 ("Whenever it shall appear to the [Securities and Exchange] Commission that any person has engaged, is engaged, or is about to engage in any act or practice constituting a violation of any provision of this subchapter, or of any rule, regulation, or order hereunder, or that any person has aided, abetted, counseled, commanded, induced, or procured, is aiding, abetting, counseling, commanding, inducing, or procuring, or is about to aid, abet, counsel, command, induce, or procure such a violation, it may in its discretion bring an action in the proper district court of the United States, or the proper United States court of any Territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices and to enforce compliance with this subchapter or any rule, regulation, or order hereunder.").

59. 15 U.S.C. §522, enacted in the 1934 Act Authorizing Associations of Producers of Aquatic Products, Section 2, 48 Stat. 1213, 1214 ("If the Secretary of Commerce shall have reason to believe that any such association monopolizes or restrains trade in interstate or foreign commerce to such an extent that the price of any aquatic product is unduly enhanced by reason thereof, he shall serve upon such association a complaint stating his charge in that respect …. [T]he Secretary of Commerce shall file in the district court in the judicial district

in which such association has its principal place of business a certified copy of the order and of all the records in the proceedings, together with a petition asking that the order be enforced, and shall give notice to the Attorney General and to said association of such filing. Such district court shall thereupon have jurisdiction to enter a decree affirming, modifying, or setting aside said order, or enter such other decree as the court may deem equitable, and may make rules as to pleadings and proceedings to be had in considering such order. ... The Department of Justice shall have charge of the enforcement of such order. After the order is so filed in such district court and while pending for review therein, the court may issue a temporary writ of injunction forbidding such association from violating such order or any part thereof. The court shall, upon conclusion of its hearing, enforce its decree by a permanent injunction or other appropriate remedy.").

60.    15 U.S.C. §687c(a), enacted in the 1961 Amendments to the 1958 Small Business Investment Act, Section 9, 75 Stat. 752, 755–756 ("Whenever, in the judgment of the [Small Business] Administration, a licensee or any other person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this chapter, or of any rule or regulation under this chapter, or of any order issued under this chapter, the Administration may make application to the proper district court of the United States ... for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions and, upon a showing by the Administration that such licensee or other person has engaged or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond.").

61.    15 U.S.C. §689l(a) ("Whenever, in the judgment of the Administrator [of the Small Business Administration], a New Markets Venture Capital company or any other person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this chapter," he shall seek " order enjoining such acts or practices, ... and such courts shall have jurisdiction of such actions and, upon a showing by the Administrator that such New Markets Venture Capital company or other person has engaged or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond.").

62.    15 U.S.C. §715i(a)–(b), enacted in the 1935 Connally Hot Oil Act, Section 10, 49 Stat. 30, 33 ("Upon application of the President, by the Attorney General, the United States District Courts shall have jurisdiction to issue mandatory injunctions commanding any person to comply with the provisions of this chapter or any regulation issued thereunder.... Whenever it shall appear to the President that any person is engaged or about to engage in any acts or practices

that constitute or will constitute a violation of any provision of this chapter or of any regulation thereunder, he may in his discretion, by the Attorney General, bring an action in the proper United States District Court to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.").

63.  15 U.S.C. §717s(a), enacted in the 1938 Natural Gas Act, Section 20(a), 52 Stat. 821, 832 ("Whenever it shall appear to the [Federal Power] Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this chapter, or of any rule, regulation, or order thereunder, it may in its discretion bring an action in the proper district court of the United States … to enjoin such acts or practices and to enforce compliance with this chapter or any rule, regulation, or order thereunder, and upon a proper showing a permanent or temporary injunction or decree or restraining order shall be granted without bond.").

64.  15 U.S.C. §717s(b), enacted in the 1938 Natural Gas Act, Section 20(b), 52 Stat. 821, 832 ("Upon application of the [Federal Energy Regulatory] Commission the district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this chapter or any rule, regulation, or order of the Commission thereunder.").

65.  15 U.S.C. §719i(c), enacted in the 1976 Alaska Natural Gas Transportation Act, Section 11, 90 Stat. 2903, 2914 ("Upon a request of such officer or agency, as the case may be, the Attorney General may commence a civil action for appropriate relief, including a permanent or temporary injunction or a civil penalty not to exceed $25,000 per day for violations of the compliance order issued under subsection (a).").

66.  15 U.S.C. §797(b)(4), enacted in the 1974 Energy Supply and Environmental Coordination Act, Section 12, 88 Stat. 246, 265 ("Whenever it appears to the Federal Energy Administrator … that any individual or organization has engaged, is engaged, or is about to engage in acts or practices constituting a violation of subsection (a) the Federal Energy Administrator or such person may request the Attorney General to bring a civil action to enjoin such acts or practices, and upon a proper showing, a temporary restraining order or a preliminary or permanent injunction shall be granted without bond.").

67.  15 U.S.C. §1195(a), enacted in the 1953 Flammable Fabrics Act, Section 6, 67 Stat. 111, 113 ("Whenever the Commission has reason to believe that any person is violating or is about to violate section 1192 of this title, or a rule or

regulation prescribed under section 1194(c) of this title, and that it would be in the public interest to enjoin such violation until complaint under the Federal Trade Commission Act is issued and dismissed by the Commission or until order to cease and desist made thereon by the Commission has become final within the meaning of the Federal Trade Commission Act or is set aside by the court on review, the Commission may bring suit in the district court of the United States for the district in which such person resides or transacts business … to enjoin such violation and upon proper showing a temporary injunction or restraining order shall be granted without bond.").

68. 15 U.S.C. §1268, enacted in the 1960 Federal Hazardous Substances Labeling Act, Section 8, 74 Stat. 372, 378 ("All criminal proceedings and all libel or injunction proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States.").

69. 15 U.S.C. §1277(f), enacted in the 1988 Amendments to the Federal Hazardous Substances Act, 102 Stat. 4568, 4568 ("The [Consumer Product Safety] Commission may bring an action under section 1267 of this title to enjoin the purchase of any art material required to be labeled under this chapter which is for use by children in pre-kindergarten, kindergarten, or grades 1 through 6.").

70. 15 U.S.C. §1339 ("The several district courts of the United States are invested with jurisdiction, for cause shown, to prevent and restrain violations of this chapter upon the application of the Attorney General of the United States acting through the several United States attorneys in their several districts.").

71. 15 U.S.C. §1691e(h), enacted in the 1976 Equal Credit Opportunity Act, 90 Stat. 253 ("When a matter is referred to the Attorney General pursuant to subsection (g), or whenever he has reason to believe that one or more creditors are engaged in a pattern or practice in violation of this subchapter, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including actual and punitive damages and injunctive relief.").

72. 15 U.S.C. §1714(a), enacted in the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, Section 1098A(1), 124 Stat. 1376, 2105 ("Whenever it shall appear to the Director [of the Bureau of Consumer Financial Protection] that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this chapter, or of any rule or regulation prescribed pursuant thereto, he may, in his discretion, bring an action in any district court of the United States, or the United States

District Court for the District of Columbia to enjoin such acts or practices, and, upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond.").

73. 15 U.S.C. §2064(g)(1), enacted in the 1976 Amendments to the 1972 Consumer Product Safety Act, Section 12, 90 Stat. 503, 508 ("If the [Consumer Product Safety] Commission has initiated a proceeding under this section for the issuance of an order under subsection (d) with respect to a product which the Commission has reason to believe presents a substantial product hazard, the Commission (without regard to section 2076(b)(7) of this title) or the Attorney General may, in accordance with 2061(d)(1)2 of this title, apply to a district court of the United States for the issuance of a preliminary injunction to restrain the distribution in commerce of such product pending the completion of such proceeding.").

74. 15 U.S.C. §2071(a), enacted in the 1972 Consumer Product Safety Act, Section 22, 86 Stat. 1207, 1225–1226 ("The United States district courts shall have jurisdiction to take the following action: (1) Restrain any violation of section 2068 of this title [i.e., prohibitions on selling non-conforming, banned, or mislabeled products, refusing to furnish information, failing to comply with CPSC order]. (2) Restrain any person from manufacturing for sale, offering for sale, distributing in commerce, or importing into the United States a product in violation of an order in effect under section 2064(d) of this title [i.e., repair, refund, replacement of hazardous products]. (3) Restrain any person from distributing in commerce a product which does not comply with a consumer product safety rule. Such actions may be brought by the [Consumer Product Safety] Commission (without regard to section 2076(b)(7)(A) of this title) or by the Attorney General in any United States district court for a district wherein any act, omission, or transaction constituting the violation occurred, or in such court for the district wherein the defendant is found or transacts business.").

75. 15 U.S.C. §2087(b)(6), enacted in the 2008 Consumer Product Safety Improvement Act, Section 219(a), 122 Stat. 3016, 3062 ("Whenever any person has failed to comply with an order issued under paragraph (3) [concerning product-safety whistleblowers], the Secretary [of Labor] may file a civil action in the United States district court for the district in which the violation was found to occur, or in the United States district court for the District of Columbia, to enforce such order. In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief and compensatory damages.").

76. 15 U.S.C. §2310(c)(1), enacted in the 1975 Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, Section 110, 88 Stat. 2183, 2189 ("The district courts of the United States shall have jurisdiction of any action brought

by the Attorney General (in his capacity as such), or by the [Federal Trade] Commission by any of its attorneys designated by it for such purpose, to restrain (A) any warrantor from making a deceptive warranty with respect to a consumer product, or (B) any person from failing to comply with [this chapter]. Upon proper showing that, weighing the equities and considering the Commission's or Attorney General's likelihood of ultimate success, such action would be in the public interest and after notice to the defendant, a temporary restraining order or preliminary injunction may be granted without bond.").

77.    15 U.S.C. §2622(d) ("Whenever a person has failed to comply with an order issued under subsection (b)(2), the Secretary [of Labor] shall file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order. In actions brought under this subsection, the district courts shall have jurisdiction to grant all appropriate relief, including injunctive relief and compensatory and exemplary damages.").

78.    15 U.S.C. §2648(b), enacted in the 1986 Asbestos Hazard Emergency Response Act, Section 2, 100 Stat. 2970, 2985 ("Upon receipt of evidence that the presence of airborne asbestos or the condition of friable asbestos-containing material in a school building governed by a local educational agency poses an imminent and substantial endangerment to human health or the environment[–](1) the Administrator [of the Environmental Protection Agency] may request the Attorney General to bring suit, or (2) the Governor of a State may bring suit, [–] to secure such relief as may be necessary to respond to the hazard. The district court of the United States in the district in which the response will be carried out shall have jurisdiction to grant such relief, including injunctive relief.").

79.    15 U.S.C. §3054(j)(1), enacted in the 2020 Horseracing Integrity and Safety Act, 134 Stat. 3259 ("In addition to civil sanctions imposed under section 3057 of this title, the [Horseracing Integrity and Safety] Authority may commence a civil action against a covered person or racetrack that has engaged, is engaged, or is about to engage, in acts or practices constituting a violation of this chapter or any rule established under this chapter in the proper district court … to enjoin such acts or practices, to enforce any civil sanctions imposed under that section, and for all other relief to which the Authority may be entitled.").

80.    15 U.S.C. §3414(b)(1), enacted in the 1978 Natural Gas Policy Act, Section 504, 92 Stat. 3350, 3401 ("Except as provided in paragraph (2), whenever it appears to the Commission that any person is engaged or about to engage in any act or practice which constitutes or will constitute a violation of any provision of this chapter [concerning sales of natural gas], or of any rule or order thereunder, the Commission may bring an action in the District Court of the United States for the District of Columbia or any other appropriate district court of the United

States to enjoin such act or practice and to enforce compliance with this chapter, or any rule or order thereunder.").

**81.** 15 U.S.C. §3414(b)(2), enacted in the 1978 Natural Gas Policy Act, Section 504, 92 Stat. 3350, 3401 ("Whenever it appears to the President that any person has engaged, is engaged, or is about to engage in acts or practices constituting a violation of any order under section 3362 of this title or any order or supplemental order issued under section 3363 of this title, the President may bring a civil action in any appropriate district court of the United States to enjoin such acts or practices.").

**82.** 15 U.S.C §4016(b)(5) ("The Attorney General may file suit pursuant to section 25 of this title to enjoin conduct threatening clear and irreparable harm to the national interest.").

**83.** 15 U.S.C. §4405 ("The several district courts of the United States are vested with jurisdiction, for cause shown, to prevent and restrain violations of sections 4402 and 4403 of this title upon application of the Federal Trade Commission in the case of a violation of section 4402 of this title or upon application of the Attorney General of the United States acting through the several United States attorneys in their several districts in the case of a violation of section 4402 or 4403 of this title.").

**84.** 15 U.S.C. §5408(a)(1), enacted in the 1990 Fastener Quality Act, Section 9, 104 Stat. 2943, 2950 ("The Attorney General may bring an action in an appropriate United States district court for appropriate declaratory and injunctive relief against any person who violates this chapter or any regulation under this chapter.").

**85.** 15 U.S.C. §6309(a), enacted in the 1996 Professional Boxing Safety Act, Section 10, 110 Stat. 3309, 3312 ("Whenever the Attorney General of the United States has reasonable cause to believe that a person is engaged in a violation of this chapter, the Attorney General may bring a civil action in the appropriate district court of the United States requesting such relief, including a permanent or temporary injunction, restraining order, or other order, against the person, as the Attorney General determines to be necessary to restrain the person from continuing to engage in, sanction, promote, or otherwise participate in a professional boxing match in violation of this chapter.").

**86.** 16 U.S.C. §459e-2(g) ("Notwithstanding any other provision of sections 459e to 459e-9 of this title, the Secretary of the Interior, acting through the Attorney General of the United States, may apply to the United States District Court for the Eastern District of New York for a temporary restraining order or injunction to prohibit the use of, including construction upon, any property within the

21

seashore in a manner that[–](1) will cause or is likely to cause significant harm to the natural resources of the seashore, or (2) is inconsistent with the purposes for which the seashore was established. [–] Except to the extent the Court may deem necessary in extraordinary circumstances, no such order or injunction shall continue in effect for more than one hundred and eighty days. During the period of such order or injunction, the Secretary shall diligently and in good faith negotiate with the owner of the property to assure that following termination of the order or injunction, the inconsistent use is abated or the significant harm to the natural resources is mitigated.").

87.    16 U.S.C. §460tt(c)(1) ("The United States is directed to vigorously enforce the agreement referred to in subsections (a) and (b) in the courts of the United States and shall be entitled to any remedies in equity or law, including, without limitation, injunctive relief.").

88.    16 U.S.C. §544m(b)(1)(A) ("Except as otherwise limited by sections 544 to 544p of this title, the Attorney General of the United States may, at the request of the Secretary [of Agriculture], institute a civil action for an injunction or other appropriate order to prevent any person or entity from utilizing lands within the special management areas in violation of the provisions of sections 544 to 544p of this title, interim guideline adopted or other action taken by the Secretary pursuant to sections 544 to 544p of this title.").

89.    16 U.S.C. §580p-4(a), enacted in the 1974 Act to Prevent Unauthorized Use of National Symbols, Section 4, 88 Stat. 244, 245 ("Whoever, except as provided by rules and regulations issued by the Secretary [of Agriculture], manufactures, uses, or reproduces the character 'Smokey Bear' or the name 'Smokey Bear', or a facsimile or simulation of such character or name in such a manner as suggests 'Smokey Bear' may be enjoined from such manufacture, use, or reproduction at the suit of the Attorney General upon complaint by the Secretary.").

90.    16 U.S.C. §580p-4(b), enacted in the 1974 Act to Prevent Unauthorized Use of National Symbols, Section 4, 88 Stat. 244, 245 ("Whoever, except as provided by rules and regulations issued by the Secretary [of Agriculture], manufactures, uses, or reproduces the character 'Woodsy Owl ', the name 'Woodsy Owl', or the slogan 'Give a Hoot, Don't Pollute', or a facsimile or simulation of such character, name, or slogan in such a manner as suggests 'Woodsy Owl' may be enjoined from such manufacture, use, or reproduction at the suit of the Attorney General upon complaint by the Secretary.").

91.    16 U.S.C. §583e, enacted in the Act of Mar. 29, 1944, 58 Stat. 134 ("In addition to any other remedy available under existing law, upon failure of any private owner of forest land which is subject to a cooperative agreement entered into

pursuant to this subchapter to comply with the terms of such agreement, or upon failure of any purchaser of timber or other forest products from such land to comply with the terms and conditions required by such agreement to be included in the contract of sale, the Attorney General, at the request of the Secretary [of Agriculture or Interior as] concerned, is authorized to institute against such owner or such purchaser a proceeding in equity in the proper district court of the United States, to require compliance with the terms and conditions of said cooperative agreement; and jurisdiction is conferred upon said district courts to hear and determine such proceedings, to order compliance with the terms and conditions of cooperative agreements entered into pursuant to this subchapter, and to make such temporary and final orders as shall be deemed just in the premises.").

92.  16 U.S.C. §806, enacted in the 1920 Federal Water Power Act, Section 13, 41 Stat. 1063, 1071 ("In case the construction of the project works, or of any specified part thereof, has been begun but not completed within the time prescribed in the license, or as extended by the [Federal Power Commission], then the Attorney General, upon the request of the commission, shall institute proceedings in equity in the district court of the United States for the district in which any part of the project is situated for the revocation of said license, the sale of the works constructed, and such other equitable relief as the case may demand, as provided for in section 820 of this title.").

93.  16 U.S.C. §820, enacted in the 1920 Federal Water Power Act, Section 26, 41 Stat. 1063, 1076 ("The Attorney General may, on request of the [Federal Power Commission] or of the Secretary of the Army, institute proceedings in equity … for the purpose of revoking for violation of its terms any permit or license issued hereunder ….").

94.  16 U.S.C. §825m(a)–(b), enacted in the 1935 Amendments to the 1920 Federal Water Power Act, Section 213, 49 Stat. 803, 861 ("Whenever it shall appear to the [Federal Energy Regulatory] Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this chapter, or of any rule, regulation, or order thereunder, it may in its discretion bring an action in the proper District Court of the United States … to enjoin such acts or practices and to enforce compliance with this chapter or any rule, regulation, or order thereunder, and upon a proper showing a permanent or temporary injunction or decree or restraining order shall be granted without bond. …. Upon application of the Commission the district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this chapter or any rule, regulation, or order of the Commission thereunder.").

23

95. 16 U.S.C. §833j ("The Secretary of the Interior may, in the name of the United States, under the supervision of the Attorney General, bring such suits at law or in equity as in his judgment may be necessary to carry out the purposes of this chapter; and he shall be represented in the prosecution and defense of all litigation affecting the status or operation of the Fort Peck project by the United States attorneys for the districts, respectively, in which such litigation may arise, or by such attorney or attorneys as the Attorney General may designate as authorized by law, in conjunction with the regularly employed attorneys of the Bureau.").

96. 16 U.S.C. §973i(e), enacted in the 1988 South Pacific Tuna Act, 102 Stat. 598 ("Upon a request by the Secretary [of Commerce], the Attorney General shall commence a civil action for appropriate relief, including permanent or temporary injunction, to enforce any order issued by the Secretary under this section.").

97. 16 U.S.C. §1437(j) ("Injunctive relief [] If the Secretary [of Commerce] determines that there is an imminent risk of destruction or loss of or injury to a sanctuary resource, or that there has been actual destruction or loss of, or injury to, a sanctuary resource which may give rise to liability under section 1443 of this title, the Attorney General, upon request of the Secretary, shall seek to obtain such relief as may be necessary to abate such risk or actual destruction, loss, or injury, or to restore or replace the sanctuary resource, or both.").

98. 16 U.S.C.§1540(e)(6), enacted in the 1982 Amendments to the 1973 Endangered Species Act, Section 7, 96 Stat. 1411, 1425 ("The Attorney General of the United States may seek to enjoin any person who is alleged to be in violation of any provision of this chapter or regulation issued under authority thereof.").

99. 16 U.S.C. §3706(c), enacted in the 1984 National Fish and Wildlife Foundation Establishment Act, 98 Stat. 110 ("If the [National Fish and Wildlife] Foundation–(1) engages in, or threatens to engage in, any act, practice, or policy that is inconsistent with its purposes set forth in section 3701(b) of this title; or (2) refuses, fails, or neglects to discharge its obligations under this chapter, or threatens to do so; the Attorney General of the United States may petition in the United States District Court for the District of Columbia for such equitable relief as may be necessary or appropriate.").

100. 16 U.S.C. §5203, enacted in the 1994 Violent Crime Control and Law Enforcement Act, 108 Stat. 2122 ("Injunctive relief against a violation of section 5201 of this title may be sought by–(1) the head of a State agency with jurisdiction over fish or wildlife management; (2) the Attorney General of the United States; or (3) any person who is or would be adversely affected by the violation.").

101. 18 U.S.C. §177(a), enacted in the 1989 Biological Weapons Anti-Terrorism Act, Section 3(a), 104 Stat. 201, 202 ("The United States may obtain in a civil action an injunction against—(1) the conduct prohibited under section 175 of this title [i.e., prohibitions on biological weapons]; (2) the preparation, solicitation, attempt, threat, or conspiracy to engage in conduct prohibited under section 175 of this title; or (3) the development, production, stockpiling, transferring, acquisition, retention, or possession, or the attempted development, production, stockpiling, transferring, acquisition, retention, or possession of any biological agent, toxin, or delivery system of a type or in a quantity that under the circumstances has no apparent justification for prophylactic, protective, or other peaceful purposes.").

102. 18 U.S.C. §216(c) ("If the Attorney General has reason to believe that a person is engaging in conduct constituting an offense under section 203, 204, 205, 207, 208, or 209 of this title, the Attorney General may petition an appropriate United States district court for an order prohibiting that person from engaging in such conduct.").

103. 18 U.S.C. §248(c)(2), enacted in the 1994 Freedom of Access to Clinic Entrances Act, 108 Stat. 694 ("If the Attorney General of the United States has reasonable cause to believe that any person or group of persons is being, has been, or may be injured by conduct constituting a violation of this section, the Attorney General may commence a civil action in any appropriate United States District Court. … [T]he court may award appropriate relief, including temporary, preliminary or permanent injunctive relief, and compensatory damages ….").

104. 18 U.S.C. §706a(e), enacted in the 2006 Geneva Distinctive Emblems Protection Act, Section 2(a), 120 Stat. 3673, 3673 ("A violation of this section or section 706 [concerning fraudulent display of Red Cross and similar insignia] may be enjoined at the civil suit of the Attorney General.").

105. 18 U.S.C. §709, enacted in the 1948 Amendments to Title 18, Section 709, 62 Stat. 683, 733–734 ("A violation of this section [concerning false advertising with use of various federal agencies' names] may be enjoined at the suit of the

25

United States Attorney, upon complaint by any duly authorized representative of any department or agency of the United States.").

**106.** 18 U.S.C. §713(f), enacted in the 1971 Act to Prevent Unauthorized Use of Federal Seals, Section 1, 84 Stat. 1940, 1941 ("A violation of the provisions of this section may be enjoined at the suit of the Attorney General, (1) in the case of the great seal of the United States and the seals of the President and Vice President, upon complaint by any authorized representative of any department or agency of the United States; (2) in the case of the seal of the United States Senate, upon complaint by the Secretary of the Senate; (3) in the case of the seal of the United States House of Representatives, upon complaint by the Clerk of the House of Representatives; and (4) in the case of the seal of the United States Congress, upon complaint by the Secretary of the Senate and the Clerk of the House of Representatives, acting jointly.").

**107.** 18 U.S.C. §983(j)(1) ("Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture ....").

**108.** 18 U.S.C. §1034(b) ("If the Attorney General has reason to believe that a person is engaged in conduct constituting an offense under section 1033, the Attorney General may petition an appropriate United States district court for an order prohibiting that person from engaging in such conduct.").

**109.** 18 U.S.C. §1345(a)(1), enacted in the 1990 Crime Control Act, Section 2521(a)(2), 104 Stat. 4789, 4865 ("If a person is—(A) violating or about to violate this chapter or section 287, 371 (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof), or 1001 of this title; (B) committing or about to commit a banking law violation (as defined in section 3322(d) of this title); or (C) committing or about to commit a Federal health care offense; the Attorney General may commence a civil action in any Federal court to enjoin such violation.").

**110.** 18 U.S.C. §1345(a)(2) , enacted in the 1990 Crime Control Act, Section 2521(a)(2), 104 Stat. 4789, 4865 ("If a person is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a banking law violation (as defined in section 3322(d) of this title) or a Federal health care offense or property which is traceable to such violation, the Attorney General may commence a civil action in any Federal court—(A) to enjoin such alienation or disposition of property; or (B) for a restraining order to—(i)

prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property or property of equivalent value; and (ii)appoint a temporary receiver to administer such restraining order.").

111. 18 U.S.C. §1388(c)(1)-(2) ("(1) District courts.–The district courts of the United States shall have jurisdiction–(A) to prevent and restrain violations of this section; and (B) for the adjudication of any claims for relief under this section. (2) Attorney general.–The Attorney General may institute proceedings under this section.").

112. 18 U.S.C. §1514(a)(1), enacted in the 1982 Victim and Witness Protection Act, Section 4(a), 96 Stat. 1248, 1250 ("A United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds, from specific facts shown by affidavit or by verified complaint, that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title [tampering with a victim or witness], other than an offense consisting of misleading conduct, or under section 1513 of this title [retaliating against a victim or witness].").

113. 18 U.S.C. §1514(b)(1), enacted in the 1982 Victim and Witness Protection Act, Section 4(a), 96 Stat. 1248, 1250 ("A United States district court, upon motion of the attorney for the Government, or its own motion, shall issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case or investigation if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case or investigation exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title [tampering with a victim or witness], other than an offense consisting of misleading conduct, or under section 1513 of this title [retaliating against a victim or witness].").

114. 18 U.S.C. §1595A(a), enacted in the 2014 Trafficking Victims Protection Act, 132 Stat. 5266–5267 ("Whenever it shall appear that any person is engaged or is about to engage in any act that constitutes or will constitute a violation of this chapter, chapter 110, or chapter 117, or a conspiracy under section 371 to commit a violation of this chapter, chapter 110, or chapter 117, the Attorney General may bring a civil action in a district court of the United States seeking an order to enjoin such act.").

**115.** 18 U.S.C. §1836(a), enacted in the 1996 Economic Espionage Act, 110 Stat. 3490 ("The Attorney General may, in a civil action, obtain appropriate injunctive relief against any violation of this chapter.").

**116.** 18 U.S.C. §1964(a)–(b), enacted in the 1970 Organized Crime Control Act, Section 901, 84 Stat. 922, 943–944 ("The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons. … The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.").

**117.** 18 U.S.C. §2322(a)(2), enacted in the 1992 Anti Car Theft Act, 106 Stat. 3385 ("The Attorney General shall, as appropriate, in the case of any person who violates paragraph (1), commence a civil action for permanent or temporary injunction to restrain such violation.").

**118.** 18 U.S.C. §2339B(c), enacted in the 1996 Antiterrorism and Effective Death Penalty Act, Section 303(a), 110 Stat. 1214, 1250 ("Whenever it appears to the Secretary [of the Treasury] or the Attorney General that any person is engaged in, or is about to engage in, any act that constitutes, or would constitute, a violation of this section, the Attorney General may initiate civil action in a district court of the United States to enjoin such violation.").

**119.** 18 U.S.C. §2521, enacted in the 1986 Electronic Communications Privacy Act, 100 Stat. 1859 ("Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a felony violation of this chapter, the Attorney General may initiate a civil action in a district court of the United States to enjoin such violation.").

**120.** 20 U.S.C. §1706, enacted in the 1974 Amendments to the 1934 Elementary and Secondary Education Act, Section 207, 88 Stat. 484, 516 ("An individual denied an equal educational opportunity, as defined by this subchapter may institute a civil action in an appropriate district court of the United States against such

parties, and for such relief, as may be appropriate. The Attorney General of the United States … for or in the name of the United States, may also institute such a civil action on behalf of such an individual.").

121. 30 U.S.C. §1722(a) ("In addition to any other remedy under this chapter or any mineral leasing law, the Attorney General of the United States or his designee may bring a civil action in a district court of the United States, which shall have jurisdiction over such actions–(1) to restrain any violation of this chapter; or (2) to compel the taking of any action required by or under this chapter or any mineral leasing law of the United States.").

122. 21 U.S.C. §§332, 337(a), enacted in the 1938 Food, Drug, and Cosmetic Act, Sections 302, 307, 52 Stat. 1040, 1043, 1046 ("The district courts of the United States and the United States courts of the Territories shall have jurisdiction, for cause shown to restrain violations of section 331 of this title…. Except as provided in subsection (b), all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States. Subpoenas for witnesses who are required to attend a court of the United States, in any district, may run into any other district in any proceeding under this section.").

123. 21 U.S.C. §399d(b)(6) ("Whenever any person has failed to comply with an order issued under paragraph (3), the Secretary [of Labor] may file a civil action in the United States district court for the district in which the violation was found to occur, or in the United States district court for the District of Columbia, to enforce such order. In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief and compensatory damages.").

124. 21 U.S.C. §467c ("The United States district courts, the District Court of Guam, the District Court of the Virgin Islands, the highest court of American Samoa, and the United States courts of the other territories, are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 457(d) or 467 of this title. All proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States.").

125. 21 U.S.C. §843(f)(1), enacted in the 1996 Comprehensive Methamphetamine Control Act, 110 Stat. 3102 ("In addition to any penalty provided in this section, the Attorney General is authorized to commence a civil action for appropriate

declaratory or injunctive relief relating to violations of this section, section 842 of this title, or 856 of this title.").

**126.** 22 U.S.C. §618(f), enacted in the 1966 Amendments to the 1938 Foreign Agents Registration Act, Section 7, 80 Stat. 244, 248 ("[T]he Attorney General may make application to the appropriate United States district court for an order enjoining such acts or enjoining such person from continuing to act as an agent of such foreign principal, or for an order requiring compliance with any appropriate provision of the subchapter or regulation thereunder.").

**127.** 22 U.S.C. §4109(b) ("The [Foreign Service Labor Relations] Board may petition the United States Court of Appeals for the District of Columbia for the enforcement of any order of the Board under this subchapter and for any appropriate temporary relief or restraining order.").

**128.** 22 U.S.C. §5203(b), enacted in the 1987 Anti-Terrorism Act, Section 1004, 101 Stat. 1331, 1407 ("Any district court of the United States for a district in which a violation of this chapter occurs shall have authority, upon petition of relief by the Attorney General, to grant injunctive and such other equitable relief as it shall deem necessary to enforce the provisions of this chapter.").

**129.** 22 U.S.C. §2518(b)(2), enacted in the 1963 Peace Corps Act Amendments, Section 7, 77 Stat. 359, 360 ("A violation of this subsection [regarding misuse of the Peace Corps name or insignia] may be enjoined at the suit of the Attorney General, United States attorneys, or other persons duly authorized to represent the United States.").

**130.** 22 U.S.C. §6303(h), enacted in the 1994 Nuclear Proliferation Prevention Act, Section 824, 108 Stat. 382, 512 ("The Attorney General may bring an action in an appropriate district court of the United States for injunctive and other appropriate relief with respect to [nuclear bombs].").

**131.** 25 U.S.C. §305e(b)(1), enacted in the 1990 Indian Arts and Crafts Act, Section 105, 104 Stat. 4662, 4664 ("A person specified in subsection (d) may, in a civil action in a court of competent jurisdiction, bring an action against a person who, directly or indirectly, offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States, to ... obtain injunctive or other equitable relief ...."); *id.* §305e(d)(1)(A) ("A civil

action under subsection (b) may be initiated by ... the Attorney General, at the request of the Secretary [of Interior] acting on behalf of [Indians].").

**132.** 25 U.S.C. §1621e(e)(1) ("The United States, an Indian tribe, or tribal organization may enforce the right of recovery provided under subsection (a) by– ... instituting a separate civil action, including a civil action for injunctive relief and other relief and including, with respect to a political subdivision or local governmental entity of a State, such an action against an official thereof.").

**133.** 25 U.S.C. §4161(c) ("Upon such a referral, the Attorney General may bring a civil action in any United States district court having venue thereof for such relief as may be appropriate, including an action to recover the amount of the assistance furnished under this chapter that was not expended in accordance with it, or for mandatory or injunctive relief.").

**134.** 25 U.S.C. §4237(c) ("Upon receiving a referral under paragraph (1), the Attorney General may bring a civil action in any United States district court of appropriate jurisdiction for such relief as may be appropriate, including an action–(A) to recover the amount of the assistance furnished under this subchapter that was not expended in accordance with this subchapter; or (B) for mandatory or injunctive relief.").

**135.** 26 U.S.C. §7407(a), enacted in the1976 Tax Reform Act, 90 Stat. 1693 ("A civil action in the name of the United States to enjoin any person who is a tax return preparer from further engaging in any conduct described in subsection (b) or from further acting as a tax return preparer may be commenced at the request of the Secretary [of the Treasury].").

**136.** 26 U.S.C. §7408(a), enacted in the 1982 Tax Equity and Fiscal Responsibility Act, 96 Stat. 612 ("A civil action in the name of the United States to enjoin any person from further engaging in specified conduct may be commenced at the request of the Secretary [of the Treasury].").

**137.** 26 U.S.C. §7409(a)(1), enacted in the 1987 Omnibus Budget Reconciliation Act, 101 Stat. 1330–1468 ("If the requirements of paragraph (2) are met, a civil action in the name of the United States may be commenced at the request of the Secretary [of the Treasury] to enjoin any section 501(c)(3) organization from further making political expenditures ....").

**138.** 26 U.S.C. §9010(c), enacted in the 1971 Presidential Election Campaign Fund Act, 85 Stat. 569–570 ("The [Federal Election] Commission is authorized

through attorneys and counsel described in subsection (a) to petition the courts of the United States for declaratory or injunctive relief concerning any civil matter covered by the provisions of this subtitle or section 6096.").

**139.** 26 U.S.C. §9011(b)(1), enacted in the 1971 Presidential Election Campaign Fund Act, 85 Stat. 569–570 ("The [Federal Election] Commission, the national committee of any political party, and individuals eligible to vote for President are authorized to institute such actions, including actions for declaratory judgment or injunctive relief, as may be appropriate to implement or construe any provision of this chapter.").

**140.** 26 U.S.C. §9040(c), enacted in the 1974 Federal Election Campaign Act Amendments, 88 Stat. 1302 ("The [Federal Election] Commission is authorized, through attorneys and counsel described in subsection (a), to petition the courts of the United States for such injunctive relief as is appropriate to implement any provision of this chapter.").

**141.** 27 U.S.C. §207 ("The District Courts of the United States … where the offense is committed or threatened or of which the offender is an inhabitant or has his principal place of business, are vested with jurisdiction of any suit brought by the Attorney General in the name of the United States, to prevent and restrain violations of any of the provisions of this subchapter.").

**142.** 27 U.S.C. §219(a) ("The several district courts of the United States are vested with jurisdiction, for cause shown, to prevent and restrain violations of this subchapter upon the application of the Attorney General of the United States acting through the several United States attorneys in their several districts.").

**143.** 28 U.S.C. §1738C(b), enacted in the 2022 Respect for Marriage Act, 136 Stat. 2305 ("The Attorney General may bring a civil action in the appropriate United States district court against any person who violates subsection (a) for declaratory and injunctive relief.").

**144.** 28 U.S.C. §3703, enacted in the 1992 Professional and Amateur Sports Protection Act, 106 Stat. 4228 ("A civil action to enjoin a violation of section 3702 may be commenced in an appropriate district court of the United States by the Attorney General of the United States, or by a professional sports organization or amateur sports organization whose competitive game is alleged to be the basis of such violation.").

145. 29 U.S.C. §160(e), (h), enacted in the 1935 National Labor Relations Act, Section 10(e), (h), 49 Stat. 449, 454–455 ("The [National Labor Relations] Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of Title 28. … When granting appropriate temporary relief or a restraining order, or making and entering a decree enforcing, modifying, and enforcing as so modified or setting aside in whole or in part an order of the Board, as provided in this section, the jurisdiction of courts sitting in equity shall not be limited by chapter 6 of this title.").

146. 29 U.S.C. §160(j), enacted in the 1947 Labor Management Relations Act (i.e., Taft-Hartley Act), Section 101, 61 Stat. 136, 149–150 ("The [National Labor Relations] Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.").

147. 29 U.S.C. §178(a), enacted in the 1947 Labor Management Relations Act (i.e., Taft-Hartley Act), Section 208, 61 Stat. 136, 155 ("Upon receiving a report from a board of inquiry the President may direct the Attorney General to petition any district court of the United States having jurisdiction of the parties to enjoin such strike or lock-out or the continuing thereof, and if the court finds that such threatened or actual strike or lock-out—(i) affects an entire industry or a substantial part thereof engaged in trade, commerce, transportation, transmission, or communication among the several States or with foreign nations, or engaged in the production of goods for commerce; and (ii) if permitted to occur or to continue, will imperil the national health or safety, it shall have jurisdiction to enjoin any such strike or lockout, or the continuing thereof, and to make such other orders as may be appropriate.").

148. 29 U.S.C. §212(b), enacted in the 1938 Fair Labor Standards Act, Section 12, 52 Stat. 1060, 1067 ("The Secretary of Labor or any of his authorized representatives, shall make all investigations and inspections under section

211(a) of this title with respect to the employment of minors, and, subject to the direction and control of the Attorney General, shall bring all actions under section 217 of this title to enjoin any act or practice which is unlawful by reason of the existence of oppressive child labor, and shall administer all other provisions of this chapter relating to oppressive child labor.").

149.  29 U.S.C. §§ 204DS(b), 217, enacted in the 1938 Fair Labor Standards Act, Sections 4(b), 17, 52 Stat. 1060, 1062, 1069 ("Attorneys appointed under this section may appear for and represent the Administrator [of the Wage and Hour Division] in any litigation, but all such litigation shall be subject to the direction and control of the Attorney General. … The district courts … shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).").

150.  29 U.S.C. §440, enacted in the 1959 Labor-Management Reporting and Disclosure Act, Section 210, 73 Stat. 519, 530 ("Whenever it shall appear that any person has violated or is about to violate any of the provisions of this subchapter, the Secretary [of Labor] may bring a civil action for such relief (including injunctions) as may be appropriate.").

151.  29 U.S.C. §464(a) ("Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this subchapter (except section 461 of this title) the Secretary [of Labor] shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate.").

152.  29 U.S.C. §1024(a)(5)(C) ("If the Secretary [of Labor] rejects a filing of a report under paragraph (4) and if a revised filing satisfactory to the Secretary is not submitted within 45 days after the Secretary makes his determination under paragraph (4) to reject the filing, and if the Secretary deems it in the best interest of the participants, he may take any one or more of the following actions– … bring a civil action for such legal or equitable relief as may be appropriate to enforce the provisions of this part ….").

153. 29 U.S.C. §1132(a)(5), enacted in the 1974 Employee Retirement Income Security Act, Section 502(a)(5), 88 Stat. 829, 89 ("A civil action may be brought … except as otherwise provided in subsection (b), by the Secretary [of Labor] (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter.").

154. 29 U.S.C. §1132(a)(8), enacted in the 1993 Amendments to the 1974 Employee Retirement Income Security Act, Section 4301(c), 107 Stat. 312, 376 ("A civil action may be brought … by the Secretary [of Labor], or by an employer or other person referred to in section 1021(f)(1) of this title, (A) to enjoin any act or practice which violates subsection (f) of section 1021 of this title, or (B) to obtain appropriate equitable relief (i) to redress such violation or (ii) to enforce such subsection.").

155. 29 U.S.C. §1852(a), enacted in the 1983 Migrant and Seasonal Agricultural Worker Protection Act, Section 502, 96 Stat. 2583, 2596 ("The Secretary [of Labor] may petition any appropriate district court of the United States for temporary or permanent injunctive relief if the Secretary determines that this chapter, or any regulation under this chapter, has been violated.").

156. 29 U.S.C. §2005(b), enacted in the 1988 Employee Polygraph Protection Act, Section 6, 102 Stat. 646, 647 ("The Secretary [of Labor] may bring an action under this section to restrain violations of this chapter [concerning polygraphs] …. In any action brought under this section, the district courts of the United States shall have jurisdiction, for cause shown, to issue temporary or permanent restraining orders and injunctions to require compliance with this chapter, including such legal or equitable relief incident thereto as may be appropriate, including, but not limited to, employment, reinstatement, promotion, and the payment of lost wages and benefits.").

157. 29 U.S.C. §3248(c), enacted in the 2014 Workforce Innovation and Opportunity Act, 128 Stat. 1597 ("When a matter is referred to the Attorney General pursuant to subsection (b)(1), or whenever the Attorney General has reason to believe that a State or other recipient of funds under this subchapter is engaged in a pattern or practice of discrimination in violation of a provision of law referred to in subsection (a)(1) or in violation of paragraph (2), (3), (4), or (5) of subsection (a), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

158. 30 U.S.C. §818(a)(1), enacted in the 1969 Federal Coal Mine Health and Safety Act, Section 108, 83 Stat. 742, 756 ("The Secretary [of Labor] may institute a civil action for relief, including a permanent or temporary injunction,

restraining order, or any other appropriate order in the district court of the United States for the district in which a coal or other mine is located or in which the operator of such mine has his principal office, whenever such operator or his agent [refuses to comply with orders or inspections of the Labor Department of Health and Human Services].").

159. 30 U.S.C. §818(a)(2), enacted in the 1977 Amendments to the 1969 Coal Mine Health and Safety Act, Section 201, 91 Stat. 1290, 1309 ("The Secretary [of Labor] may institute a civil action for relief, including permanent or temporary injunction, restraining order, … whenever the Secretary believes that the operator of a coal or other mine is engaged in a pattern of violation of the mandatory health or safety standards of this chapter, which in the judgment of the Secretary constitutes a continuing hazard to the health or safety of miners.").

160. 30 U.S.C. §1271(c), enacted in the 1977 Surface Mining Control and Reclamation Act, Section 521, 91 Stat. 445, 504 ("The Secretary [of the Interior] may request the Attorney General to institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order in the district court of the United States for the district in which the surface coal mining and reclamation operation is located or in which the permittee thereof has his principal office ....").

161. 31 U.S.C. §5320, enacted in the 1982 Amendments to Title 31 (monetary and finance laws), Section 5320, 96 Stat. 877, 999 ("When the Secretary of the Treasury believes a person has violated, is violating, or will violate this subchapter or a regulation prescribed or order issued under this subchapter, the Secretary may bring a civil action in the appropriate district court of the United States … to enjoin the violation or to enforce compliance with the subchapter, regulation, or order.").

162. 31 U.S.C. §5365(b)(1)(B), enacted in the 2006 Unlawful Internet Gambling Enforcement Act, Section 802(a), 120 Stat. 1884, 1959 ("Upon application of the United States under this paragraph, the district court may enter a temporary restraining order, a preliminary injunction, or an injunction against any person to prevent or restrain a restricted transaction, in accordance with rule 65 of the Federal Rules of Civil Procedure.").

163. 31 U.S.C. §6715, enacted in the 1994 Local Partnership Act, 108 Stat. 1877 ("The Attorney General may bring a civil action in an appropriate district court of the United States against a unit of general local government that the Attorney General has reason to believe has engaged or is engaging in a pattern or practice in violation of section 6711(a) or (b). The court may grant—(1) a temporary restraining order; (2) an injunction; or (3) an appropriate order to

ensure enjoyment of rights under section 6711(a) or (b), including an order suspending, terminating, or requiring repayment of, payments under this chapter or placing additional payments under this chapter in escrow pending the outcome of the action.").

**164.** 33 U.S.C. §403a ("[T]he creating or continuing of any unlawful obstruction in this act mentioned may be prevented and such obstruction may be caused to be removed by the injunction of any district court … [and] proper proceedings in equity to this end may be instituted under the direction of the Attorney-General of the United States.")

**165.** 33 U.S.C. §406, enacted in the 1899 Rivers and Harbors Appropriation Act, Section 12, 30 Stat. 111151 ("[T]he removal of any structures or parts of structures erected in violation of the provisions of the said sections may be enforced by the injunction of any district court exercising jurisdiction in any district in which such structures may exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States.").

**166.** 33 U.S.C. §495(a) ("[T]he order or direction of the Secretary of the department in which the Coast Guard is operating or Chief of Engineers made in pursuance thereof may be enforced by injunction, mandamus, or other summary process, upon application to the district court in the district in which such structure may, in whole or in part, exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States at the request of the Secretary of the department in which the Coast Guard is operating ....").

**167.** 33 U.S.C. §519 ("The removal of any bridge erected or maintained in violation of the provisions of this subchapter or the order or direction of the Secretary [of the department in which the Coast Guard is operating] made in pursuance thereof, and compliance with any order of the Secretary made with respect to any bridge in accordance with the provisions of this subchapter, may be enforced by injunction, mandamus, or other summary process upon application to the district court of any district in which such bridge may, in whole or in part, exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States at the request of the Secretary.").

**168.** 33 U.S.C. §1319(b), enacted in the 1972 Clean Water Act, Section 2, 86 Stat. 816, 860 ("The Administrator [of the Environmental Protection Agency] is authorized to commence a civil action for appropriate relief, including a permanent or temporary injunction, for any violation for which he is authorized to issue a compliance order under subsection (a) of this section.").

169. 33 U.S.C. §1319(f), enacted in the 1977 Clean Water Act, Section 54(b), 91 Stat. 1566, 1591 ("Whenever, on the basis of any information available to him, the Administrator [of the Environmental Protection Agency] finds that an owner or operator of any source is introducing a pollutant into a treatment works …., the Administrator may commence a civil action for appropriate relief, including but not limited to, a permanent or temporary injunction, against the owner or operator of such treatment works.").

170. 33 U.S.C. §1344(s)(3), enacted in the 1972 Clean Water Act, Section 2, 86 Stat. 816, 884 ("The Secretary [of the Army] is authorized to commence a civil action for appropriate relief, including a permanent or temporary injunction for any violation for which he is authorized to issue a compliance order" concerning violations of conditions set force in permits issues by the Secretary.").

171. 33 U.S.C. §1414b(g)(3), enacted in the 1988 Ocean Dumping Ban Act, Section 1002, 102 Stat. 4139, 4139 ("The Administrator [of Environmental Protection Agency] may request the Attorney General to commence a civil action for appropriate relief, including a temporary or permanent injunction and the imposition of civil penalties authorized by subsection (d)(1), for any violation of subsection (a)(1) or of an order issued by the Administrator under this section" relating to the dumping of sewage sludge or industrial waste into the ocean.).

172. 33 U.S.C. §1415(d), enacted in the 1972 Marine Protection, Research, and Sanctuaries Act, Section 105, 86 Stat. 1052, 1057 ("The Attorney General or his delegate may bring actions for equitable relief to enjoin an imminent or continuing violation of this subchapter, of regulations promulgated under this subchapter, or of permits issued under this subchapter, and the district courts of the United States shall have jurisdiction to grant such relief as the equities of the case may require.").

173. 33 U.S.C. §1514(b)(3), enacted in the 1974 Deepwater Port Act, Section 15, 88 Stat. 2126, 2140 ("Upon a request by the Secretary [of Transportation], the Attorney General shall commence a civil action for appropriate relief, including a permanent or temporary injunction or a civil penalty not to exceed $25,000 per day of such violation, for any violation for which the Secretary is authorized to issue a compliance order under paragraph (1) of this subsection. Any action under this subsection may be brought in the district court of the United States for the district in which the defendant is located or resides, or is doing business, and such court shall have jurisdiction to restrain such violation, require compliance, or impose such penalty.").

174. 33 U.S.C. §1514(c), enacted in the 1974 Deepwater Port Act, Section 15, 88 Stat. 2126, 2140 ("Upon a request by the Secretary [of Transportation], the Attorney General shall bring an action in an appropriate district court of the United

States for equitable relief to redress a violation by any person of any provision of this chapter, any regulation under this chapter, or any license condition. The district courts of the United States shall have jurisdiction to grant such relief as is necessary or appropriate, including mandatory or prohibitive injunctive relief, interim equitable relief, compensatory damages, and punitive damages.").

175. 33 U.S.C. §2236(b)(3) ("On petition of the Attorney General or any other party, that district court may–(A) grant appropriate injunctive relief to restrain an action by that non-Federal interest violating the conditions of consent in subsection (a) of this section; (B) order the refund of any port or harbor dues not lawfully collected; and (C) grant other appropriate relief or remedy.").

176. 33 U.S.C. §2604(b) ("The Secretary [of Transportation] or the Administrator [of the Environmental Protection Agency] may bring a civil action to enjoin any operation in violation of this chapter or a regulation prescribed under this chapter in the district court of the United States for the district in which the violation occurred.").

177. 33 U.S.C. §4216(b), enacted in the 2020 Save Our Seas 2.0 Act, 134 Stat. 1079 ("If the Marine Debris Foundation–(1) engages in, or threatens to engage in, any act, practice, or policy that is inconsistent with its purposes set forth in section 4211(b) of this title; or (2) refuses, fails, or neglects to discharge its obligations under this subchapter, or threatens to do so, the Attorney General may petition in the United States District Court for the District of Columbia for such equitable relief as may be necessary or appropriate.").

178. 34 U.S.C. §10228(c)(3), enacted in the 1979 Justice System Improvement Act, Section 2, 93 Stat. 1167, 1206 ("Whenever the Attorney General has reason to believe that a State government or unit of local government has engaged in or is engaging in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in an appropriate United States district court. Such court may grant as relief any temporary restraining order, preliminary or permanent injunction, or other order, as necessary or appropriate to insure the full enjoyment of the rights described in this section.").

179. 34 U.S.C. §12601(b), enacted in the 1994 Violent Crime Control and Law Enforcement Act, Section 210401, 108 Stat. 1796, 2071 ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.").

180. I36 U.S.C. §90109, enacted in the 2002 Help America Vote Act, 116 Stat. 1721 ("The Attorney General may bring a civil action in the United States District Court for the District of Columbia for appropriate equitable relief if the foundation–(1) engages or threatens to engage in any act, practice, or policy that is inconsistent with the purposes in section 90102 of this title; or (2) refuses, fails, or neglects to carry out its obligations under this chapter or threatens to do so.").

181. 36 U.S.C. §151309, enacted in the Act of Aug. 12, 1998, 112 Stat. 1401 ("The Attorney General may bring a civil action in the United States District Court for the District of Columbia for appropriate equitable relief if the corporation–(1) engages or threatens to engage in any act, practice, or policy that is inconsistent with the purposes in section 151302 of this title; or (2) refuses, fails, or neglects to carry out its obligations under this chapter or threatens to do so.").

182. 36 U.S.C. §151709, enacted in the Act of Aug. 12, 1998, 112 Stat. 1407 ("The Attorney General may bring a civil action in the United States District Court for the District of Columbia for appropriate equitable relief if the corporation–(1) engages or threatens to engage in any act, practice, or policy that is inconsistent with the purposes in section 151702 of this title; or (2) refuses, fails, or neglects to carry out its obligations under this chapter or threatens to do so.").

183. 36 U.S.C. §152409, enacted in the 2000 National Recording Preservation Act, 114 Stat. 2094 ("The Attorney General may bring a civil action in the United States District Court for the District of Columbia for appropriate equitable relief if the corporation–(1) engages or threatens to engage in any act, practice, or policy that is inconsistent with the purposes in section 152402 of this title; or (2) refuses, fails, or neglects to carry out its obligations under this chapter or threatens to do so.").

184. 38 U.S.C. §2413(c) ("(1) The district courts of the United States shall have jurisdiction–(A) to prevent and restrain violations of this section; and (B) for the adjudication of any claims for relief under this section. (2) The Attorney General of the United States may institute proceedings under this section.").

185. 38 U.S.C. §4323(a), (e), enacted in the 1994 Uniformed Services Employment and Reemployment Rights Act, 108 Stat. 3165 ("If the Attorney General is reasonably satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefits sought, the Attorney General may appear on

behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for relief under this chapter [including equitable remedies under section 4323(d)] for such person.").

186. 39 U.S.C. §3007(a) ("[T]he Postal Service may, under the provisions of section 409(d), apply to the district court ... for a temporary restraining order and preliminary injunction under the procedural requirements of rule 65 of the Federal Rules of Civil Procedure.").

187. 39 U.S.C. §3008(d) ("[T]he Postal Service ... is authorized to request the Attorney General to make application, and the Attorney General is authorized to make application, to a district court of the United States for an order directing compliance with such notice.").

188. 39 U.S.C. §3011(c), enacted in the 1970 Postal Reorganization Act, Section 2, 84 Stat. 719, 750 ("In preparation for, or during the pendency of, a civil action under subsection (a) of this section, a district court of the United States, upon application therefor by the Attorney General and upon a showing of probable cause to believe the statute is being violated, may enter a temporary restraining order or preliminary injunction containing such terms as the court deems just, including, but not limited to, provisions enjoining the defendant from mailing any sexually oriented advertisement to any person or class of persons, directing any postmaster to refuse to accept such defendant's sexually oriented advertisements for mailing, and directing the detention of the defendant's incoming mail by any postmaster pending the conclusion of the judicial proceedings. Any action taken by a court under this subsection does not affect or determine any fact at issue in any other proceeding under this section.").

189. 39 U.S.C. §3018(g)(1)-(2), enacted in the 2006 Postal Accountability and Enhancement Act, 120 Stat. 3259 ("At the request of the Postal Service, the Attorney General may bring a civil action in an appropriate district court of the United States to enforce this section or a regulation prescribed under this section. ... The court in a civil action under paragraph (1) may award appropriate relief, including a temporary or permanent injunction, civil penalties as determined in accordance with this section, or punitive damages.").

190. 41 U.S.C. §4705(d)(2), enacted in the Act of Jan. 4, 2011, 124 Stat. 3796 ("When a contractor fails to comply with an order issued under paragraph (1) [concerning whistleblower protections], the head of the executive agency shall file an action for enforcement of the order in the United States district court for a district in which the reprisal was found to have occurred. In an action brought

under this paragraph, the court may grant appropriate relief, including injunctive relief and compensatory and exemplary damages.").

191. 41 U.S.C. §4712(c)(4), enacted in the 2013, National Defense Authorization Act, 126 Stat. 1837 ("Whenever a person fails to comply with an order issued under paragraph (1) [concerning Inspector General witnesses], the head of the executive agency concerned shall file an action for enforcement of such order in the United States district court for a district in which the reprisal was found to have occurred.  In any action brought under this paragraph, the court may grant appropriate relief, including injunctive relief, compensatory and exemplary damages, and attorney fees and costs.").

192. 42 U.S.C. §263a(j), enacted in the 1988 Clinical Laboratory Improvement Amendments, Section 2, 102 Stat. 2903, 2903 ("Whenever the Secretary [of Health and Human Services] has reason to believe that continuation of any activity by a laboratory would constitute a significant hazard to the public health the Secretary may bring suit…. Upon proper showing, a temporary injunction or restraining order against continuation of such activity pending issuance of a final order under this subsection shall be granted without bond by such court.").

193. 42 U.S.C. §263b(j), enacted in the 1992 Mammography Quality Standards Act, Section 2, 106 Stat. 3547, 3547 ("If the Secretary [of Health and Human Services] determines that—… a facility is operating without a certificate as required by subsection (b), the Secretary may bring suit in the district court of the United States for the district in which the facility is situated to enjoin the operation of the facility.").

194. 42 U.S.C. §290cc-33(b) ("(1) Referrals to Attorney General after notice [–] Whenever the Secretary [of Health and Human Services] finds that a State, or an entity that has received a payment pursuant to section 290cc-21 of this title, has failed to comply with a provision of law referred to in subsection (a)(1), with subsection (a)(2), or with an applicable regulation (including one prescribed to carry out subsection (a)(2)), the Secretary shall notify the chief executive officer of the State and shall request the chief executive officer to secure compliance. If within a reasonable period of time, not to exceed 60 days, the chief executive officer fails or refuses to secure compliance, the Secretary may–(A) refer the matter to the Attorney General with a recommendation that an appropriate civil action be instituted; (B) exercise the powers and functions provided by the Age Discrimination Act of 1975, section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, or title VI of the Civil Rights Act

of 1964, as may be applicable; or (C) take such other actions as may be authorized by law. (2) Authority of Attorney General [–] When a matter is referred to the Attorney General pursuant to paragraph (1)(A), or whenever the Attorney General has reason to believe that a State or an entity is engaged in a pattern or practice in violation of a provision of law referred to in subsection (a)(1) or in violation of subsection (a)(2), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

**195.** 42 U.S.C. §300h-3(c), enacted in the 1974 Safe Drinking Water Act, Section 2(a), 88 Stat. 1978 ("If the Administrator [of the Environmental Protection Agency] has reason to believe that any person is violating or will violate subsection (b), he may petition the United States district court to issue a temporary restraining order or injunction (including a mandatory injunction) to enforce such subsection.").

**196.** 42 U.S.C. §300j(e)(3), enacted in the 1974 Safe Drinking Water Act, Section 2(a), 88 Stat. 1660  ("Whenever the Administrator [of the Environmental Protection Agency] or the President or his delegate has reason to believe that any person is violating or will violate any order issued pursuant to subsection (c)(1), he may petition a United States district court to issue a temporary restraining order or preliminary or permanent injunction (including a mandatory injunction) to enforce the provision of such order.").

**197.** 42 U.S.C. §300j-9(i)(4), enacted in the Safe Drinking Water Act of 1974, 88 Stat. 1691 ("Whenever a person has failed to comply with an order issued under paragraph (2)(B), the Secretary [of the Interior] shall file a civil action in the United States District Court for the district in which the violation was found to occur to enforce such order. In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief, compensatory, and exemplary damages.").

**198.** 42 U.S.C. §300w-7(c), enacted in the 1981 Low-Income Energy Assistance Act (Title XXVI of the 1981 Omnibus Bill), 95 Stat. 357, 542 ("When a matter is referred to the Attorney General pursuant to subsection (b)(1), or whenever he has reason to believe that a State or an entity is engaged in a pattern or practice in violation of a provision of law referred to in subsection (a)(1) or in violation of subsection (a)(2), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

199. 42 U.S.C. §300x-57(b)(2), enacted in the 1992 ADAMHA Reorganization Act, 106 Stat. 407 ("When a matter is referred to the Attorney General pursuant to paragraph (1)(A), or whenever the Attorney General has reason to believe that a State or an entity is engaged in a pattern or practice in violation of a provision of law referred to in subsection (a)(1) or in violation of subsection (a)(2), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

200. 42 U.S.C. §708(c), enacted in the 1981 Low-Income Energy Assistance Act (Title XXVI of the 1981 Omnibus Bill), 95 Stat. 357, 825 ("When a matter is referred to the Attorney General pursuant to subsection (b)(1), or whenever he has reason to believe that the entity is engaged in a pattern or practice in violation of a provision of law referred to in subsection (a)(1) or in violation of subsection (a)(2), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

201. 42 U.S.C. §1320a-7a(k) ("Whenever the Secretary [of Health and Human Services] has reason to believe that any person has engaged, is engaging, or is about to engage in any activity which makes the person subject to a civil monetary penalty under this section, the Secretary may bring an action in an appropriate district court of the United States (or, if applicable, a United States court of any territory) to enjoin such activity, or to enjoin the person from concealing, removing, encumbering, or disposing of assets which may be required in order to pay a civil monetary penalty if any such penalty were to be imposed or to seek other appropriate relief.").

202. 42 U.S.C. §1320a-8(h), enacted in the 1994 Social Security Independence and Program Improvements, 108 Stat. 1510 ("Whenever the Commissioner of Social Security has reason to believe that any person has engaged, is engaging, or is about to engage in any activity which makes the person subject to a civil monetary penalty under this section [concerning fraud], the Commissioner of Social Security may bring an action … to enjoin such activity, or to enjoin the person from concealing, removing, encumbering, or disposing of assets which may be required in order to pay a civil monetary penalty and assessment if any such penalty were to be imposed or to seek other appropriate relief.")

203. 42 U.S.C. §1997a(a), enacted in the 1980 Civil Rights of Institutionalized Persons Act, Section 3, 94 Stat. 349, 350 ("[T]he Attorney General, for or in the name of the United States, may institute a civil action in any appropriate

United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights, privileges, or immunities, except that such equitable relief shall be available under this subchapter to persons residing in or confined to an institution as defined in section 1997(1)(B)(ii) of this title only insofar as such persons are subjected to conditions which deprive them of rights, privileges, or immunities secured or protected by the Constitution of the United States.").

**204.** 42 U.S.C. §2000a-3(a) ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance.").

**205.** 42 U.S.C. §2000a-5(a), enacted in the 1964 Civil Rights Act, Title II (i.e., public accommodations), Section 206, 78 Stat. 241, 245 ("Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint (1) signed by him (or in his absence the Acting Attorney General), (2) setting forth facts pertaining to such pattern or practice, and (3) requesting such preventive relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described.").

**206.** 42 U.S.C. §2000b(a), enacted in the 1964 Civil Rights Act, Title III (i.e., public facilities), Section 301, 78 Stat. 241, 246 ("Whenever the Attorney General receives a complaint in writing signed by an individual to the effect that he is being deprived of or threatened with the loss of his right to the equal protection of the laws, … and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of an action will materially further the orderly progress of

desegregation in public facilities, the Attorney General is authorized to institute for or in the name of the United States a civil action in any appropriate district court of the United States against such parties and for such relief as may be appropriate , and such court shall have and shall exercise jurisdiction of proceedings instituted pursuant to this section.").

207. 42 U.S.C. §2000c-6(a), enacted in the 1964 Civil Rights Act of 1964, Title IV (i.e., desegregation of public schools), Section 407, 78 Stat. 241, 248 ("Whenever the Attorney General receives a complaint in writing—(1) signed by a parent or group of parents to the effect that his or their minor children, as members of a class of persons similarly situated, are being deprived by a school board of the equal protection of the laws" relating to the "orderly achievement of desegregation in public education, the Attorney General is authorized, after giving notice of such complaint to the appropriate school board or college authority and after certifying that he is satisfied that such board or authority has had a reasonable time to adjust the conditions alleged in such complaint, to institute for or in the name of the United States a civil action in any appropriate district court of the United States against such parties and for such relief as may be appropriate, and such court shall have and shall exercise jurisdiction of proceedings instituted pursuant to this section, provided that nothing herein shall empower any official or court of the United State to issue any order seeking to achieve a racial balance in any school by requiring the transportation of pupils or students from one school to another or one school district to another in order to achieve such racial balance, or otherwise enlarge the existing power of the court to insure compliance with constitutional standards ….").

208. 42 U.S.C. §2000cc-2(f), enacted in the 2000 Religious Land Use and Institutionalized Persons Act, 114 Stat. 804 ("The United States may bring an action for injunctive or declaratory relief to enforce compliance with this chapter [concerning religious discrimination]. Nothing in this subsection shall be construed to deny, impair, or otherwise affect any right or authority of the Attorney General, the United States, or any agency, officer, or employee of the United States, acting under any law other than this subsection, to institute or intervene in any proceeding.").

209. 42 U.S.C. §2000e-5(f)(2), enacted in the 1972 Equal Employment Opportunity Act, 86 Stat. 105–106 ("Whenever a charge is filed with the [Equal Employment Opportunities] Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, may

bring an action for appropriate temporary or preliminary relief pending final disposition of such charge.").

210. 42 U.S.C. §2000e-6(a), enacted in the 1964 Civil Rights Act, Title VII (i.e., employment discrimination), Section 707, 78 Stat. 241, 261–262 ("Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter [i.e., regarding employment discrimination], and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint (1) signed by him (or in his absence the Acting Attorney General), (2) setting forth facts pertaining to such pattern or practice, and (3) requesting such relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described.").

211. 42 U.S.C. §2280, enacted in the 1946 Atomic Energy Act, Section 16(c), 60 Stat. 755, 773 ("[T]he Attorney General on behalf of the United States may make application to the appropriate court for an order enjoining such acts or practices.").

212. 42 U.S.C. §3610(e)(1), enacted in the 1988 Fair Housing Amendments Act, 102 Stat. 1625 ("If the Secretary [of Housing and Urban Development] concludes at any time following the filing of a complaint that prompt judicial action is necessary to carry out the purposes of this subchapter, the Secretary may authorize a civil action for appropriate temporary or preliminary relief pending final disposition of the complaint under this section. Upon receipt of such an authorization, the Attorney General shall promptly commence and maintain such an action. Any temporary restraining order or other order granting preliminary or temporary relief shall be issued in accordance with the Federal Rules of Civil Procedure. The commencement of a civil action under this subsection does not affect the initiation or continuation of administrative proceedings under this section and section 3612 of this title.").

213. 42 U.S.C. §3612(j)(1), enacted in the 1988 Fair Housing Amendments Act, 102 Stat. 1629 ("The Secretary [of Housing and Urban Development] may petition any United States court of appeals for the circuit in which the discriminatory housing practice is alleged to have occurred or in which any respondent resides or transacts business for the enforcement of the order of the administrative law judge and for appropriate temporary relief or restraining order, by filing in such

court a written petition praying that such order be enforced and for appropriate temporary relief or restraining order.").

214.  42 U.S.C. §3612(*o*)(1)–(3), enacted in the 1988 Fair Housing Amendments Act, 102 Stat. 1629 ("If an election is made under subsection (a), the Secretary [of Housing and Urban Development] shall authorize, and not later than 30 days after the election is made the Attorney General shall commence and maintain, a civil action on behalf of the aggrieved person in a United States district court seeking relief under this subsection. ... Any aggrieved person with respect to the issues to be determined in a civil action under this subsection may intervene as of right in that civil action. ... In a civil action under this subsection, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may grant as relief any relief which a court could grant with respect to such discriminatory housing practice in a civil action under section 3613 of this title.").

215.  42 U.S.C. §3613(c)(1), enacted in the 1988 Fair Housing Amendments Act, 102 Stat. 1629 ("In a civil action under subsection (a), if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d), may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).").

216.  42 U.S.C. §3614(a), (b), (d), enacted in the 1968 Fair Housing Act, Sections 812–813, 82 Stat. 81, 88 ("Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court" and such court "may award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this subchapter as is necessary to assure the full enjoyment of the rights granted by this subchapter ....").

217.  42 U.S.C. §5065, enacted in the 1993 National and Community Service Trust Act, Section 370, 107 Stat. 785, 909 ("Whoever falsely—(1) advertises or represents; or (2) publishes or displays any sign, symbol, or advertisement,

reasonably calculated to convey the impression, that an entity is affiliated with, funded by, or operating under the authority of the Corporation, VISTA, or any of the programs of the National Senior Service Corps may be enjoined under an action filed by the Attorney General, on a complaint by the Director [read: the Chief Executive Officer of the Corporation for National and Community Service].").

218.  42 U.S.C. §5309(c), enacted in the 1974 Housing and Community Development Act, 88 Stat. 649–650 ("When a matter is referred to the Attorney General pursuant to subsection (b), or whenever he has reason to believe that a State government or unit of general local government is engaged in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including injunctive relief.").

219.  42 U.S.C. §5311(b)(2), enacted in the 1974 Housing and Community Development Act, 88 Stat. 649–650 ("[T]he Attorney General may bring a civil action in any United States district court having venue thereof for such relief as may be appropriate, including an action to recover the amount of the assistance furnished under this chapter which was not expended in accordance with it, or for mandatory or injunctive relief.").

220.  42 U.S.C. §5411(a), enacted in the 1974 Housing and Community Development Act, 88 Stat. 705 ("The United States district courts shall have jurisdiction, for cause shown and subject to the provisions of rule 65(a) and (b) of the Federal Rules of Civil Procedure, to restrain violations of this chapter, or to restrain the sale, offer for sale, or the importation into the United States, of any manufactured home which is determined, prior to the first purchase of such manufactured home in good faith for purposes other than resale, not to conform to applicable Federal manufactured home construction and safety standards prescribed pursuant to this chapter or to contain a defect which constitutes an imminent safety hazard, upon petition by the appropriate United States attorney or the Attorney General on behalf of the United States.").

221.  42 U.S.C. §5851(d), enacted in the Act to authorize appropriations to the Nuclear Regulatory Commission for fiscal year 1979, Section 10, 92 Stat. 2947, 2951 ("Whenever a person has failed to comply with an order issued under subsection (b)(2), the Secretary [of Labor] may file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order.  In actions brought under this subsection, the district courts

49

shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief, compensatory, and exemplary damages.").

222. 42 U.S.C. §6395(d), enacted in the 1975 Energy Policy and Conservation Act, Section 525, 89 Stat. 871, 963 ("Whenever it appears to any officer or agency of the United States in whom is vested, or to whom is delegated, authority under this chapter that any person has engaged, is engaged, or is about to engage in acts or practices constituting a violation of section 6394 of this title [concerning energy conservation], such officer or agency may request the Attorney General to bring an action … to enjoin such acts or practices ….").

223. 42 U.S.C. §6973(a), enacted in the Resource Conservation and Recovery Act of 1976, Section 2, 90 Stat 2795 ("Notwithstanding any other provision of this chapter, upon receipt of evidence that the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste may present an imminent and substantial endangerment to health or the environment, the Administrator [of the Environmental Protection Agency] may bring suit on behalf of the United States in the appropriate district court against any person (including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility) who has contributed or who is contributing to such handling, storage, treatment, transportation or disposal to restrain such person from such handling, storage, treatment, transportation, or disposal, to order such person to take such other action as may be necessary, or both.").

224. 42 U.S.C. §7413(b), enacted in the 1970 Clean Air Act Amendments, Section 4(a), 84 Stat. 1676, 1686 ("The Administrator [of the Environmental Protection Agency] shall, as appropriate, in the case of any person that is the owner or operator of an affected source, a major emitting facility, or a major stationary source, and may, in the case of any other person, commence a civil action for a permanent or temporary injunction, or to assess and recover a civil penalty of not more than $25,000 per day for each violation, or both ….").

225. 42 U.S.C. §7477, enacted in the 1977 Clean Air Act Amendments, Section 127(a), 91 Stat. 685, 740 ("The Administrator [of the Environmental Protection Agency] shall, and a State may, take such measures, including issuance of an order, or seeking injunctive relief, as necessary to prevent the construction or modification of a major emitting facility which does not conform to the requirements of this part, or which is proposed to be constructed in any area designated pursuant to section 7407(d) of this title as attainment or unclassifiable and which is not subject to an implementation plan which meets the requirements of this part.").

**226.** 42 U.S.C. §7622(d) enacted in the Clean Air Act Amendments of 1977, Section 312, 91 Stat. 783 ("Whenever a person has failed to comply with an order issued under subsection (b)(2), the Secretary [of Labor] may file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order.  In actions brought under this subsection, the district courts shall have jurisdiction to grant all appropriate relief including, but not limited to, injunctive relief, compensatory, and exemplary damages.").

**227.** 42 U.S.C. §8434, enacted in the 1978 Powerplant and Industrial Fuel Use Act, Section 724, 92 Stat. 3289, 3335 ("Whenever it appears to the Secretary [of Energy] that any person has engaged, is engaged, or is about to engage in acts or practices constituting a violation of this chapter, or any rule or order thereunder, a civil action, may be brought, in accordance with section 7192(c) of this title, in the appropriate district court of the United States to enjoin such acts or practices, and, upon a proper showing, the court shall grant, without bond, mandatory or prohibitive injunctive relief, including interim equitable relief.").

**228.** 42 U.S.C. §8625(c), enacted in the 1981 Low-Income Energy Assistance Act (Title XXVI of the 1981 Omnibus Bill), Section 2606, 95 Stat. 357, 900 ("When a matter is referred to the Attorney General pursuant to subsection (b), or whenever he has reason to believe that the State is engaged in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including injunctive relief.").

**229.** 42 U.S.C. §9152(b)(1), enacted in the 1980 Ocean Thermal Energy Conversion Act, Section 302, 94 Stat. 974, 995 ("Upon a request by the Administrator [of the National Oceanic and Atmospheric Administration], the Attorney General shall commence a civil action for appropriate relief, including a permanent or temporary injunction, to halt any violation for which the Administrator is authorized to issue a compliance order under subsection (a)(2) of this section.").

**230.** 42 U.S.C. §9152(b)(2), enacted in the 1980 Ocean Thermal Energy Conversion Act, Section 302, 94 Stat. 974, 995 ("Upon a request by the Administrator [of the National Oceanic and Atmospheric Administration], the Attorney General shall bring an action in an appropriate district court of the United States for equitable relief to redress a violation, by any person subject to section 9151 of this title, of any provision of this chapter, any regulation issued pursuant to this chapter, or any license condition.").

**231.** 42 U.S.C. §9604(e)(5)(B), enacted in the 1986 Superfund Amendments and Reauthorization Act, Section 104, 100 Stat. 1613, 1617 ("The President may ask

the Attorney General to commence a civil action to compel compliance with a request or order referred to in subparagraph (A). Where there is a reasonable basis to believe there may be a release or threat of a release of a hazardous substance or pollutant or contaminant, the court shall take the following actions:  (i) In the case of interference with entry or inspection, the court shall enjoin such interference or direct compliance with orders to prohibit interference with entry or inspection unless under the circumstances of the case the demand for entry or inspection is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.   (ii) In the case of information or document requests or orders, the court shall enjoin interference with such information or document requests or orders or direct compliance with the requests or orders to provide such information or documents unless under the circumstances of the case the demand for information or documents is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.").

232.  42 U.S.C. §9606(a), enacted in the 1980 Comprehensive Environmental Response, Compensation, and Liability Act, Section 106, 94 Stat. 2767, 2780 ("[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require.").

233.  42 U.S.C. §12188(b)(1)(B), enacted in the 1990 Americans with Disabilities Act, 104 Stat. 363 ("If the Attorney General has reasonable cause to believe that— (i) any person or group of persons is engaged in a pattern or practice of discrimination under this subchapter [concerning disability rights]; or (ii) any person or group of persons has been discriminated against under this subchapter and such discrimination raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.")

234.  42 U.S.C. §12188(b)(2)(A)(i), enacted in the 1990 Americans with Disabilities Act, 104 Stat. 363 ("In a civil action under paragraph (1)(B) [by the Attorney General], the court–may grant any equitable relief that such court considers to be appropriate, including, to the extent required by this subchapter.").

235.  42 U.S.C. §9604(d)(5)(B) enacted in the Superfund Amendments and Reauthorization Act of 1986, Section 104, 100 Stat. 1613 ("The President may

ask the Attorney General to commence a civil action to compel compliance with a request or order referred to in subparagraph (A).").

**236.** 42 U.S.C. §9918(c)(3) enacted in the Omnibus Budget Reconciliation Act of 1981, Tit. 2, Section 201, 112 Stat. 2747 ("When a matter is referred to the Attorney General pursuant to paragraph (2), or whenever the Attorney General has reason to believe that the State is engaged in a pattern or practice of discrimination in violation of the provisions of this subsection, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including injunctive relief.").

**237.** 42 U.S.C. §10406(c)(2)(D) ("When a matter is referred to the Attorney General pursuant to subparagraph (C)(i), or whenever the Attorney General has reason to believe that a State, an Indian tribe, or an entity described in subparagraph (C) is engaged in a pattern or practice in violation of a provision of law referred to in subparagraph (A) or in violation of subparagraph (B), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

**238.** 43 U.S.C. §1062, enacted in the Act of Feb. 25, 1885, 23 Stat. 321 ("It shall be the duty of the United States attorney for the proper district, on affidavit filed with him by any citizen of the United States that section 1061 of this title is being violated showing a description of the land [e]nclosed with reasonable certainty … to institute a civil suit in the proper United States district court, or territorial district court, in the name of the United States, and against the parties named or described who shall be in charge of or controlling the [e]nclosure complained of as defendants; and jurisdiction is also conferred on any United States district court or territorial district court having jurisdiction over the locality where the land [e]nclosed, or any part thereof, shall be situated, to hear and determine proceedings in equity, by writ of injunction, to restrain violations of the provisions of this chapter[.]").

**239.** 43 U.S.C. §1733(b), enacted in the 1976 Federal Land Policy and Management Act, 90 Stat. 2763 ("At the request of the Secretary [of the Interior], the Attorney General may institute a civil action in any United States district court for an injunction or other appropriate order to prevent any person from utilizing public lands in violation of regulations issued by the Secretary under this Act.").

**240.** 43 U.S.C. §1350(a), enacted in the 1978 Outer Continental Shelf Lands Act Amendments, 92 Stat. 659 ("At the request of the Secretary [of the Interior], the Secretary of the Army, or the Secretary of the Department in which the Coast Guard is operating, the Attorney General or a United States attorney shall institute a civil action ... for a temporary restraining order, injunction, or other appropriate remedy to enforce any provision of this subchapter, any

regulation or order issued under this subchapter, or any term of a lease, license, or permit issued pursuant to this subchapter.").

241. 45 U.S.C. §231n(j)(5)(F), enacted in the 2001 Railroad Retirement and Survivors' Improvement Act, Section 105(a), 115 Stat. 878, 882 ("The Railroad Retirement Board may bring a civil action—(i) to enjoin any act or practice by the Trust, its Board of Trustees, or its employees or agents that violates any provision of this subchapter; or (ii) to obtain other appropriate relief to redress such violations, or to enforce any provisions of this subchapter.").

242. 46 U.S.C. §2305(a), enacted in the Act of Aug. 26, 1983, 97 Stat. 509 ("The district courts of the United States have jurisdiction to enjoin the negligent operation of vessels prohibited by this chapter on the petition of the Attorney General for the United States Government.").

243. 46 U.S.C. §4311(f), enacted in the Act of Aug. 26, 1983, 97 Stat. 534 ("A civil action under this subsection shall be brought by filing a petition by the Attorney General for the Government. When practicable, the Secretary [of the Department in which the Coast Guard operates] shall give notice to a person against whom an action for injunctive relief is contemplated and provide the person with an opportunity to present views and, except for a knowing and willful violation, shall provide the person with a reasonable opportunity to achieve compliance.").

244. 46 U.S.C. §41307(a), enacted in the 2005 Amendments to Title 46 (shipping laws), Section 7, 120 Stat. 1485, 1547 ("[T]he Federal Maritime Commission may bring a civil action to enjoin conduct in violation of this part [concerning various regulations of ocean shipping]. The action must be brought in the district court of the United States for any judicial district in which the defendant resides or transacts business. After notice to the defendant, and a showing that the standards for granting injunctive relief by courts of equity are met, the court may grant a temporary restraining order or preliminary injunction for a period not to exceed 10 days after the Commission has issued an order disposing of the issues under investigation.").

245. 46 U.S.C. §41307(b), enacted in the 2005 Amendments to Title 46 (shipping laws), Section 7, 120 Stat. 1485, 1547 ("If, at any time after the filing or effective date of an agreement under chapter 403 of this title, the [Federal Maritime] Commission determines that the agreement is likely, by a reduction in competition, to produce an unreasonable reduction in transportation service or an unreasonable increase in transportation cost or to substantially lessen competition in the purchasing of certain covered services, the Commission, … may bring a civil action in the United States District Court for the District of Columbia to enjoin the operation of the agreement. The Commission's sole

remedy with respect to an agreement likely to have such an effect is an action under this subsection.").

246.  47 U.S.C. §36, enacted in the Act of May 27, 1921, 42 Stat. 8 ("The President is empowered to prevent the landing of any cable about to be landed in violation of sections 34 to 39 of this title.  When any such cable is about to be or is landed or is being operated without a license" a federal court "shall have jurisdiction, at the suit of the United States, to enjoin the landing or operation of such cable or to compel, by injunction, the removal thereof.").

247.  47 U.S.C. §223(b)(6), enacted in the 1983 Federal Communications Commission Authorization Act, 97 Stat. 1469 ("The Attorney General may bring a suit in the appropriate district court of the United States to enjoin any act or practice which violates paragraph (1) or (2) [concerning obscene or indecent phone calls]. An injunction may be granted in accordance with the Federal Rules of Civil Procedure.").

248.  47 U.S.C. §401(b), enacted in the 1934 Communications Act, Section 401, 48 Stat. 1064, 1092–1093 ("If any person fails or neglects to obey any order of the [Federal Communications] Commission other than for the payment of money, while the same is in effect, the Commission or any party injured thereby, or the United States, by its Attorney General, may apply to the appropriate district court of the United States for the enforcement of such order. If, after hearing, that court determines that the order was regularly made and duly served, and that the person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such person or the officers, agents, or representatives of such person, from further disobedience of such order, or to enjoin upon it or them obedience to the same.").

249.  49 U.S.C. §507(c), enacted in the 1984 Tandem Truck Safety Act, 98 Stat. 2841 ("The Attorney General, at the request of the Secretary [of Transportation], may bring an action in an appropriate district court of the United States for equitable relief to redress a violation by any person of a provision of subchapter III of chapter 311 (except sections 31138 and 31139) or section 31502 of this title, or an order or regulation issued under any of those provisions.").

250.  49 U.S.C. §5122(a), enacted in the 2005 Safe, Accountable, Flexible, Efficient Transportation Equity Act, Section 7119, 119 Stat. 1144, 1905 ("At the request of the Secretary [of Transportation], the Attorney General may bring a civil action in an appropriate district court of the United States to enforce this

chapter or a regulation prescribed or order, special permit, or approval issued under this chapter. The court may award appropriate relief, including a temporary or permanent injunction, punitive damages, and assessment of civil penalties considering the same penalty amounts and factors as prescribed for the Secretary in an administrative case under section 5123.").

251.  49 U.S.C. §11702, enacted in the 1995 ICC Termination Act, Section 102(a), 109 Stat. 803, 845 ("The [Surface Transportation] Board may bring a civil action– (1) to enjoin a rail carrier from violating sections 10901 through 10906 of this title, or a regulation prescribed or order or certificate issued under any of those sections ....").

252.  49 U.S.C. §13902(c)(7), enacted in the 1995 ICC Termination Act, Section 103, 109 Stat. 803, 880 ("Either the Secretary [of Transportation] or the Attorney General may bring a civil action in an appropriate district court of the United States to enforce this subsection or a regulation prescribed or order issued under this subsection.  The court may award appropriate relief, including injunctive relief.").

253.  49 U.S.C. §13906(b)(7)(A), enacted in the 2012 Moving Ahead for Progress in the 21st Century Act, Section 32918(a), 126 Stat. 405, 823–824 ("Either the Secretary [of Transportation] or the Attorney General of the United States may bring a civil action in an appropriate district court of the United States to enforce the requirements of this subsection or a regulation prescribed or order issued under this subsection.  The court may award appropriate relief, including injunctive relief.").

254.  49 U.S.C. §13906(c)(8)(A), enacted in the 2012 Moving Ahead for Progress in the 21st Century Act, Section 32918(a), 126 Stat. 405, 826 ("Either the Secretary or the Attorney General may bring a civil action in an appropriate district court of the United States to enforce the requirements of this subsection [concerning financial security of freight forwarders] or a regulation prescribed or order issued under this subsection.  The court may award appropriate relief, including injunctive relief.").

255.  49 U.S.C. §14504a(i), enacted in the 2005 Safe, Accountable, Flexible, Efficient Transportation Equity Act, Section 4305(b), 119 Stat. 1144, 1764 ("Upon request by the Secretary [of Transportation], the Attorney General may bring a civil action in the United States district court described in paragraph (2) to enforce an order issued to require compliance with this section and with the terms of the UCR agreement" by a "temporary restraining order or a

preliminary or permanent injunction requiring that the State or any person comply with this section.").

256.  49 U.S.C. §20112(a), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 869 ("At the request of the Secretary of Transportation, the Attorney General may bring a civil action in a district court of the United States–(1) to enjoin a violation of, or to enforce, this part, except for section 20109 of this title, or a railroad safety regulation prescribed or order issued by the Secretary; (2) to collect a civil penalty imposed or an amount agreed on in compromise under section 21301, 21302, or 21303 of this title; or (3) to enforce a subpoena, request for admissions, request for production of documents or other tangible things, or request for testimony by deposition issued by the Secretary under this part.").

257.  49 U.S.C. §22403(j), enacted in the 2021 Infrastructure Investment and Jobs Act, Section 21301, 135 Stat. 429, 683 ("The Attorney General shall commence a civil action in an appropriate Federal court to enjoin any activity which the Secretary [of Transportation] finds is in violation of this chapter, regulations issued hereunder, or any conditions which were duly agreed to, and to secure any other appropriate relief.").

258.  49 U.S.C. §24103(a), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 901 ("Except as provided in paragraph (2) of this subsection, only the Attorney General may bring a civil action for equitable relief in a district court of the United States when Amtrak or a rail carrier–(A) engages in or adheres to an action, practice, or policy inconsistent with this part or chapter 229; (B) obstructs or interferes with an activity authorized under this part or chapter 229; (C) refuses, fails, or neglects to discharge its duties and responsibilities under this part or chapter 229; or (D) threatens–(i) to engage in or adhere to an action, practice, or policy inconsistent with this part or chapter 229; (ii) to obstruct or interfere with an activity authorized by this part or chapter 229; or (iii) to refuse, fail, or neglect to discharge its duties and responsibilities under this part or chapter 229.").

259.  49 U.S.C. §30163(a), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 967 ("The Attorney General may bring a civil action in a United States district court to enjoin—(1) a violation of this chapter or a regulation prescribed or order issued under this chapter; and (2)the sale, offer for sale, or introduction or delivery for introduction, in interstate commerce, or the importation into the United States, of a motor vehicle or motor vehicle equipment for which it is decided, before the first

purchase in good faith other than for resale, that the vehicle or equipment—(A) contains a defect related to motor vehicle safety about which notice was given under section 30118(c) of this title or an order was issued under section 30118(b) of this title; or (B) does not comply with an applicable motor vehicle safety standard prescribed under this chapter.")

260. 49 U.S.C. §30171(b)(5) enacted in the 2012 Moving Head for Progress in the 21st Century Act, Div. C, Tit. 1, 126 Stat. 765, 768 ("Whenever any person fails to comply with an order issued under paragraph (3), the Secretary [of Transportation] may file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order. In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief, including injunctive relief and compensatory damages.").

261. 49 U.S.C. §31115, enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 999 ("On the request of the Secretary of Transportation, the Attorney General shall bring a civil action for appropriate injunctive relief to ensure compliance with this subchapter or subchapter I of this chapter.").

262. 49 U.S.C. §31706(a), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1033 ("On request of the Secretary of Transportation, the Attorney General may bring a civil action in a court of competent jurisdiction to enforce compliance with sections 31704 and 31705 of this title [including an injunction].").… Subject to section 1341 of title 28, the court, on a proper showing—(1) shall issue a temporary restraining order or a preliminary or permanent injunction; and (2) may require by the injunction that the State or any person comply with sections 31704 and 31705 of this title.").

263. 49 U.S.C. §31706(c), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1033 ("Subject to section 1341 of title 28, the court, on a proper showing—(1) shall issue a temporary restraining order or a preliminary or permanent injunction; and (2) may require by the injunction that the State or any person comply with sections 31704 and 31705 of this title" concerning registration and taxes).

264. 49 U.S.C. §32308(d)(1), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1041 ("The Attorney General may bring a civil action in a United States district court to enjoin a violation of subsection (a) of this section.").

265. 49 U.S.C. §32507(c)(1), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1046 ("The Secretary [of Transportation] or the Attorney General may bring a civil action in a United States district court to enjoin a violation of this chapter or the sale, offer for sale, introduction or delivery for introduction in interstate commerce, or importation into the United States, of a passenger motor vehicle or passenger motor vehicle equipment that is found, before the first purchase in good faith other than for resale, not to comply with a standard prescribed under section 32502 of this title [concerning bumper standards].").

266. 49 U.S.C. §32709(c), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1054 ("The Attorney General may bring a civil action to enjoin a violation of this chapter [concerning odometers] or a regulation prescribed or order issued under this chapter.").

267. 49 U.S.C. §33115(c)(1), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1091 ("The Attorney General may bring a civil action in a United States district court to enjoin a violation of this chapter [concerning theft prevention] or the sale, offer for sale, introduction or delivery for introduction in interstate commerce, or importation into the United States, of a passenger motor vehicle containing a major part, or of a major replacement part, that is subject to the standard and is determined before the sale of the vehicle or part to a first purchaser not to conform to the standard.").

268. 49 U.S.C. §46106, enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1229 ("The Secretary of Transportation … may bring a civil action against a person in a district court of the United States to enforce this part or a requirement or regulation prescribed, or an order or any term of a certificate or permit issued, under this part [concerning regulations of air commerce and safety]. The action may be brought in the judicial district in which the person does business or the violation occurred.").

269. 49 U.S.C. §46107, enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1229 ("The Attorney General may bring a civil action in a district court of the United States against a person to enforce section 40106(b) of this title [concerning Presidential suspension of foreign air travel]….[T]he Attorney General may bring a civil action in an appropriate court—(A) to enforce this part or a requirement or regulation prescribed, or an order or any term of a certificate or permit issued, under this

part [concerning regulations of air commerce and safety]; and (B) to prosecute a person violating this part or a requirement or regulation prescribed, or an order or any term of a certificate or permit issued, under this part.").

270. 49 U.S.C. §47111(f) enacted in the Federal Aviation Administration Authorization Act of 1994, Section 112(b), 108 Stat. 1259 ("For any violation of this chapter or any grant assurance made under this chapter, the Secretary [of Transportation] may apply to the district court of the United States for any district in which the violation occurred for enforcement. Such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or other process, mandatory or otherwise, restraining any person from further violation.").

271. 49 U.S.C. §60120(a)(1), enacted in the 1994 Amendments to Title 49 (i.e., Transportation), Section 1(e),  108 Stat. 745, 1323 ("At the request of the Secretary of Transportation, the Attorney General may bring a civil action in an appropriate district court of the United States to enforce this chapter, including section 60112, or a regulation prescribed or order issued under this chapter. The court may award appropriate relief, including a temporary or permanent injunction, punitive damages, and assessment of civil penalties, considering the same factors as prescribed for the Secretary in an administrative case under section 60122.").

272. 49 U.S.C. §60129(b)(5), enacted in  the Pipeline Safety Improvement Act of 2002, Section 6(a), 116 Stat. 2989 ("Whenever any person has failed to comply with an order issued under paragraph (3), the Secretary of Labor may file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order. In actions brought under this paragraph, the district courts shall have jurisdiction to grant all appropriate relief, including, but not to be limited to, injunctive relief and compensatory damages.").

273. 50 U.S.C. §167*l*, enacted in the 1960 Helium Act Amendments, Section 2, 74 Stat. 918, 923 ("Whenever in the judgment of the Secretary [of the Interior] any person has engaged or is about to engage in any act or practice which constitutes or will constitute a violation of any provision of this chapter [concerning helium gas], or any regulation or order issued or any term of a license granted thereunder, any such act or practice may be enjoined by any district court having jurisdiction of such person, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States.").

274. 50 U.S.C. §3233(b), enacted in the 2010 Intelligence Authorization Act, Section 413(a), 124 Stat. 2654, 2726 ("Whenever it appears to the Attorney General that any person is engaged or is about to engage in an act or practice which constitutes or will constitute conduct prohibited by subsection (a) [concerning the ODNI name or seal], the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such act or practice. Such court shall proceed as soon as practicable to the hearing and determination of such action and may, at any time before final determination, enter such restraining orders or prohibitions, or take such other action as is warranted, to prevent injury to the United States or to any person or class of persons for whose protection the action is brought.").

275. 50 U.S.C. §3513(b), enacted in the 1982 Intelligence Authorization Act, Section 503, 95 Stat. 1150, 1153 ("Whenever it appears to the Attorney General that any person is engaged or is about to engage in an act or practice which constitutes or will constitute conduct prohibited by subsection (a) [concerning the CIA name or seal], the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such act or practice. Such court shall proceed as soon as practicable to the hearing and determination of such action and may, at any time before final determination, enter such restraining orders or prohibitions, or take such other action as is warranted, to prevent injury to the United States or to any person or class of persons for whose protection the action is brought.").

276. 50 U.S.C. §3613(b) ("Whenever it appears to the Attorney General that any person is engaged or is about to engage in an act or practice which constitutes or will constitute conduct prohibited by subsection (a), the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such act or practice.").

277. 50 U.S.C. §4041(a), enacted in the 2010 Veterans' Benefits Act, Section 303(a), 124 Stat. 2864, 2877 ("The Attorney General may commence a civil action in any appropriate district court of the United States against any person who—(1) engages in a pattern or practice of violating this chapter [concerning civil relief for servicemembers]; or (2) engages in a violation of this chapter that raises an issue of significant public importance."); *id.* §4041(b)(1) ("In a civil action commenced under subsection (a), the court may ... grant any appropriate equitable or declaratory relief with respect to the violation of this chapter….").

278. 50 U.S.C. §4565(d)(3), enacted in the 1988 Omnibus Trade and Competitiveness Act, Section 5021, 102 Stat. 1107, 1425 ("The President may direct the Attorney

General of the United States to seek appropriate relief, including divestment relief, in the district courts of the United States, in order to implement and enforce this subsection [concerning mergers that threaten national security].").

279. 50 U.S.C. §4565(l)(6)(D)(iii), enacted in the 2019 John S. McCain National Defense Authorization Act, Section 1718, 132 Stat. 1636, 2198 ("If, at any time after a mitigation agreement or condition is entered into or imposed under paragraph (3)(A), the Committee [read: Committee on Foreign Investment in the United States] or lead agency, as the case may be, determines that a party or parties to the agreement or condition are not in compliance with the terms of the agreement or condition, the Committee or lead agency may ... seek injunctive relief.").

280. 51 U.S.C. §20141(b), enacted in the 2010 Amendments to Title 51 (i.e., National and Commercial Space Programs), Section 3, 124 Stat. 3328, 3348 ("Whenever it appears to the Attorney General that any person is engaged in an act or practice which constitutes or will constitute conduct prohibited by subsection (a) [concerning the NASA name], the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such act or practice.").

281. 51 U.S.C. §60123(a)(2), enacted in the 2010 Amendments to Title 51 (National and Commercial Space Programs), Section 3, 124 Stat. 3328, 3415 ("[T]he Secretary [of Commerce] may ... seek an order of injunction ... over the licensee to terminate, modify, or suspend licenses under this subchapter and to terminate licensed operations on an immediate basis, if the Secretary determines that the licensee has substantially failed to comply with any provisions of this chapter [concerning land remote sensing], with any terms, conditions, or restrictions of such license, or with any international obligations or national security concerns of the United States ....").

282. 52 U.S.C. §10101(c), enacted in the 1957 Civil Rights Act, Section 131, 71 Stat. 634, 637 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of" the right to vote "the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order.").

283. 52 U.S.C. §10302(c) ("If in any proceeding instituted by the Attorney General or an aggrieved person under any statute to enforce the voting guarantees of

the fourteenth or fifteenth amendment in any State or political subdivision the court finds that violations of the fourteenth or fifteenth amendment justifying equitable relief have occurred within the territory of such State or political subdivision, the court, in addition to such relief as it may grant ….").

284. 52 U.S.C. §10306(b), enacted in the 1965 Voting Rights Act, Section 10(b), 79 Stat. 442 ("[T]he Attorney General is authorized and directed to institute forthwith in the name of the United States such actions, including actions against States or political subdivisions, for declaratory judgment or injunctive relief against the enforcement of any requirement of the payment of a poll tax as a precondition to voting ….").

285. 52 U.S.C. §10308(d), enacted in the 1965 Voting Rights Act, Section 12(d), 79 Stat. 444 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 10301, 10302, 10303, 10304, 10306, or 10307 of this title, section 1973e of Title 42,1 or subsection (b) of this section, the Attorney General may institute for the United States, or in the name of the United States, an action for preventive relief, including an application for a temporary or permanent injunction, restraining order, or other order, and including an order directed to the State and State or local election officials to require them (1) to permit persons listed under chapters 103 to 107 of this title to vote and (2) to count such votes.").

286. 52 U.S.C. §10308(e), enacted in the 1965 Voting Rights Act, Section 12(e), 79 Stat. 444 ("Upon receipt of such notification [that an individual has been prevented from voting], the Attorney General may forthwith file with the district court an application for an order providing for the marking, casting, and counting of the ballots of such persons and requiring the inclusion of their votes in the total vote before the results of such election shall be deemed final and any force or effect given thereto.").

287. 42 U.S.C. §10406(c)(2)(D), enacted in the 2010 CAPTA Reauthorization Act, 124 Stat. 3489 ("When a matter is referred to the Attorney General pursuant to subparagraph (C)(i), or whenever the Attorney General has reason to believe that a State, an Indian tribe, or an entity described in subparagraph (C) is engaged in a pattern or practice in violation of a provision of law referred to in subparagraph (A) or in violation of subparagraph (B), the Attorney General may bring a civil action in any appropriate district court of the United States for such relief as may be appropriate, including injunctive relief.").

288. 52 U.S.C. §10504, enacted in the 1970 Amendments to the Voting Rights Act of 1965, Section 6, 84 Stat. 317 ("Whenever the Attorney General has reason to believe that a State or political subdivision (a) has enacted or is seeking to administer any test or device as a prerequisite to voting in violation of the prohibition contained in section 10501 of this title, or (b) undertakes to deny the right to vote in any election in violation of section 10502 or 10503 of this title, he may institute for the United States, or in the name of the United States, an action in a district court of the United States, in accordance with sections 1391 through 13931 of Title 28, for a restraining order, a preliminary or permanent injunction, or such other order as he deems appropriate.").

289. 52 U.S.C. §10701(a)(1), enacted in the 1975 Voting Rights Act Amendments, 89 Stat. 405 ("The Attorney General is directed to institute, in the name of the United States, such actions against States or political subdivisions, including actions for injunctive relief, as he may determine to be necessary to implement the twenty-sixth article of amendment to the Constitution of the United States.").

290. 52 U.S.C. §20105(a), enacted in the 1984 Voting Accessibility for the Elderly and Handicapped Act, 98 Stat. 1679 ("If a State or political subdivision does not comply with this chapter, the United States Attorney General or a person who is personally aggrieved by the noncompliance may bring an action for declaratory or injunctive relief in the appropriate district court.").

291. 52 U.S.C. §20307(a), enacted in the 1986 Uniformed and Overseas Citizens Absentee Voting Act, 100 Stat. 927 ("The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as may be necessary to carry out this chapter.").

292. 52 U.S.C. §20510(a), enacted in the 1993 National Voter Registration Act, 107 Stat. 88 ("The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this chapter.").

293. 52 U.S.C. §21111, enacted in the 2002 Help America Vote Act, Section 401, 116 Stat. 1666, 1715 ("The Attorney General may bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief (including a temporary restraining order, a permanent or temporary injunction, or other order) as may be necessary to carry out the uniform and nondiscriminatory election technology and

administration requirements under sections 21081, 21082, and 21083 of this title.").

**294.** 52 U.S.C. §30107(a), enacted in the 1974 Campaign Communications Reform Act, 88 Stat. 1282 ("The [Federal Elections] Commission has the power ... to initiate (through civil actions for injunctive, declaratory, or other appropriate relief), defend (in the case of any civil action brought under section 30109(a)(8) of this title) or appeal any civil action in the name of the Commission to enforce the provisions of this Act and chapter 95 and chapter 96 of Title 26, through its general counsel.").

**295.** 52 U.S.C. §30109(a)(6)(A), enacted in the 1979 Federal Election Campaign Act Amendments, 93 Stat. 1354 ("If the [Federal Elections] Commission is unable to correct or prevent any violation of this Act or of chapter 95 or chapter 96 of Title 26, by the methods specified in paragraph (4), the Commission may, upon an affirmative vote of 4 of its members, institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order (including an order for a civil penalty which does not exceed the greater of $5,000 or an amount equal to any contribution or expenditure involved in such violation) in the district court of the United States for the district in which the person against whom such action is brought is found, resides, or transacts business.").

**EXHIBIT B: PLAINTIFF UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY, *UNITED STATES V. ABBOTT*, NO. 1:23-CV-853 (W.D. TEX.), ECF 107.**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>GREG ABBOTT, in his capacity as<br>GOVERNOR OF THE STATE OF TEXAS,<br>and THE STATE OF TEXAS,<br><br>*Defendants.* | Case No. 1:23-cv-00853-DAE |

**PLAINTIFF UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff the United States of America respectfully files this Notice of Supplemental Authority in support of its Memorandum in Opposition to Defendants' Motion to Dismiss (ECF 63) and its Supplemental Brief in Response to Defendants' Motion to Dismiss (ECF 104).

1. Mere hours after the parties filed their supplemental briefs addressing the United States' claim under Article VII of the 1848 Treaty of Guadalupe Hidalgo, the Fifth Circuit issued a decision addressing one of the same legal arguments Texas has raised in this case. *United States v. Texas*, No. 24-50149 (5th Cir. Mar. 26, 2024) (attached as Ex. A to this notice).

2. In *United States v. Texas*, the Fifth Circuit denied Texas's motion for a stay pending appeal of this Court's decision preliminarily enjoining Texas Senate Bill 4. Among other issues, the panel majority rejected Texas's argument that the United States lacks a cause of action to enforce the supremacy of federal law. *United States v. Texas*, Slip Op. at 7-12 (Richman, C.J.). The court found "no basis in the precedent of this court

1

or the Supreme Court for concluding that the United States lacks a cognizable path for seeking to enjoin an allegedly preempted state law." *Id.* at 12.

3. The Fifth Circuit's published and precedential decision is directly relevant to one of the two issues this Court directed the parties to address in their supplemental briefs—namely, whether the United States has a cause of action to enforce Article VII of the 1848 Treaty against conflicting state action.

Respectfully submitted,

Dated: March 27, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

 */s/ Landon A. Wade*
LANDON A. WADE
  Assistant United States Attorney
  Texas Bar No. 24098560
United States Attorney's Office
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, TX 78701
(512) 370-1255 (tel)
(512) 916-5854 (fax)
Landon.wade@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division

 */s/  Andrew D. Knudsen*
BRIAN H. LYNK
  Senior Trial Counsel
  DC Bar No. 459525
BRYAN J. HARRISON
  Trial Attorney
  FL Bar No. 106379
KIMERE J. KIMBALL
  Trial Attorney
  CA Bar No. 260660
ANDREW D. KNUDSEN
  Trial Attorney
  DC Bar No. 1019697
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (Lynk)
(202) 514-8865 (fax)
Brian.lynk@usdoj.gov
Bryan.harrison@usdoj.gov
Kimere.kimball@usdoj.gov
Andrew.knudsen@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2024, a copy of this filing was served on counsel of record through the Court's electronic filing system.

*/s/ Andrew D. Knudsen*
Andrew Knudsen

EXHIBIT C: DEFENDANTS' RESPONSE TO PLAINTIFF
UNITED STATES' NOTICE OF SUPPLEMENTAL
AUTHORITY, *UNITED STATES v. ABBOTT*, NO. 1:23-CV-
853 (W.D. TEX.), ECF 108.

# United States District Court
## Western District of Texas
## Austin Division

United States of America,

    *Plaintiff*,

        v.

Greg Abbott, in his capacity as
Governor of the State of Texas, and the
State of Texas,

    *Defendants*.

No. 1:23-cv-00853-DAE

## DEFENDANTS' RESPONSE TO
## PLAINTIFF UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff cites as supplemental authority the Fifth Circuit's recent decision denying a motion to stay pending appeal this Court's order preliminarily enjoining the enforcement of S.B. 4. According to Plaintiff, the Fifth Circuit's stay opinion demonstrates that it has an equitable cause of action to enforce the 1848 Treaty of Guadalupe Hidalgo against Texas. ECF No. 107. The Fifth Circuit's decision is irrelevant for at least three reasons.

*First*, the Supreme Court has already explained that a litigant seeking to press a claim under a treaty absent implementing legislation must show two things: (1) that the treaty is self-executing, and (2) that the plaintiff has a cause of action:

> Only if the treaty contains stipulations which are self-executing, that is, require no legislation to make them operate, will they have the force and effect of a legislative enactment. … *Even when treaties are self-executing* in the sense that they create federal law, *the background presumption is that international agreements*, even those directly benefiting private persons, *generally do not create private rights or provide for a private cause of action in domestic courts*.

*Medellín v. Texas*, 552 U.S. 491, 505–06 n.3 (2008) (cleaned up) (emphasis added). The Fifth Circuit did not purport to overrule *Medellín*, nor could it do so. Instead, the Fifth Circuit addressed the fundamentally different question of how to litigate alleged statutory preemption. As Texas has explained elsewhere, the Fifth Circuit's preliminary view in the S.B. 4 litigation that the United

States may assert some undefined cause of action in equity is mistaken even in that specific context. But there is no basis in law or logic to extend that analysis far outside of its context, especially when doing so would run headlong into *Medellín's* holding that there is a "presumption" against non-statutory causes of action to enforce international agreements.

*Second*, the S.B. 4 litigation involves a putative equitable cause of action to assert preemption *where no explicit alternative remedy displaces any alleged equitable cause of action*. The Fifth Circuit thus found the United States could press its non-statutory challenge to S.B. 4 because "Texas cite[d] to no constitutional or statutory provision that expressly or impliedly displaces an action arising in equity." ECF No. 107 at 13.[1] This case, however, involves at least two remedies that would plainly displace any putative equitable cause of action: (1) the International Boundary and Water Commission's exclusive jurisdiction over disputes under the Treaty, *see* ECF No. 105 at 9–11 (discussing why this shows non-self-execution); and (2) the specific enforcement scheme created by the Rivers and Harbors Act over obstructions in navigable waters, *id*. at 14.

Even if the Treaty were self-executing, either of those specified remedies would displace any equitable cause of action. As "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others," *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001), the Rivers and Harbors Act addressing the same conduct as Plaintiff maintains is governed by the Treaty[2] is dispositive and in no way contradicted by the Fifth Circuit's ruling. It would be "anomalous to impute … a judicially implied cause of action beyond the bounds [Congress has]

---

[1]    References to pagination for documents filed on this Court's electronic docket are to the stamped page numbers in the header of those filings.

[2]    To the extent there is a conflict between the relative scopes of the Treaty and the Rivers and Harbors Act—including whether any equitable cause of action to enforce the former has been displaced by the latter—the Rivers and Harbors Act governs because it was adopted later in time. *See Breard v. Greene*, 523 U.S. 371, 376 (1998) ("an Act of Congress … is on a full parity with a treaty, and that when a statute which is subsequent in time is inconsistent with a treaty, the statute to the extent of conflict renders the treaty null.") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (1957) (plurality opinion) and citing *Whitney v. Robertson*, 124 U.S. 190, 194 (1888)).

delineated for [a] comparable express caus[e] of action." *Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (finding limits of action under Section 1983 weighs against finding implied *Bivens* remedy) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 736 (1975)). And the IBWC's exclusive jurisdiction and diplomatic remedy necessarily means that any remedy outside that exclusive process is displaced.

*Third*, even apart from ordinary principles of displacement, there is special reason here to conclude that any putative equitable cause of action has been displaced. The Rivers and Harbors Act—unlike the Treaty—was enacted with the consent of the House of Representatives through the process of bicameralism and presentment. *See* 33 U.S.C. § 401 *et seq.* Congress—not the President and the Senate—may regulate the "channels of interstate commerce," such as navigable waterways. *United States v. Morrison*, 529 U.S. 598, 609 (2000). Plaintiff "cannot, by invoking [the court's] equitable powers, circumvent *Congress's*" chosen enforcement remedies. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 328 (2015) (emphasis added); *see also NLRB v. P*I*E Nationwide, Inc.*, 894 F.2d 887, 893 (7th Cir. 1990) (Posner, J.) ("The principles of equitable jurisprudence are not suspended merely because a government agency is the plaintiff.") (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) and *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542–45 (1987)).

Indeed, if this Court were to find that the Plaintiff has an equitable cause of action to enforce the Treaty's navigability provisions, it would be granting the Executive Branch a power that the Constitution gives to Congress. *See, e.g., United States v. Postal*, 589 F.2d 862, 877 (5th Cir. 1979) ("A treaty cannot be self-executing … to the extent that it involves governmental action that under the Constitution can be taken only by the Congress."); *Rest. (Third) of Foreign Relations Law of the United States* § 111 cmt. I (1987) ("An international agreement cannot take effect as domestic law without implementation by Congress if the agreement would achieve what lies within the exclusive law-making power of Congress under the Constitution."); Curtis A. Bradley, *The Treaty Power and American Federalism, Part II*, 99 Mich. L. Rev. 98, 133 n.17 (2000) ("If separation of powers limitations apply to the treaty power, they prevent treaties from making certain domestic changes

(such as the creation of domestic criminal law or the appropriation of money) without the involvement of the House of Representatives.") (citing *Hopson v. Kreps*, 622 F.2d 1375, 1380 (9th Cir. 1980) and *The Over the Top*, 5 F.2d 838, 845 (D. Conn. 1925)); Lori Fisler Damrosch, *The Role of the United States Senate Concerning "Self-Executing" and "Non-Self-Executing" Treaties*, 67 CHI.-KENT L. REV. 515, 528 (1991) (noting "the widespread view that at least a few subjects do require the participation of the House" rather than through treaties directly). Although these considerations counsel against finding a treaty provision self-executing (as Defendants have elsewhere explained),[3] they also independently demonstrate the impropriety of any equitable cause of action for the Executive Branch to enforce a treaty absent a cause of action created by Congress.

In short, Congress has the power to regulate interstate commerce, and Plaintiff is wrong to assert authority Congress has not provided it: "Agencies may play the sorcerer's apprentice but not the sorcerer himself." *Sandoval*, 532 U.S. at 291. With courts "[h]aving sworn off the habit of venturing beyond Congress's intent" to infer the existence of a cause of action, this Court should "not accept [Plaintiff's] invitation to have one last drink," *id*. at 287, and become the first tribunal to find that an executive agency has an equitable cause of action to enforce a treaty domestically.

In the 175-year history of the Treaty, Plaintiff has never sought to enforce it through an equitable cause of action—indeed, Plaintiff has never cited a single case where a court has found an equitable cause of action for the United States to enforce a treaty domestically. After all, "[a] non-self-executing treaty, by definition, is one that was ratified with the understanding that it is not

---

[3]     It is unclear if Plaintiff has now disclaimed the theory that it could have an equitable cause of action to somehow enforce even a non-self-executing treaty provision. *See* ECF No. 104 at 16 n. 31 (Plaintiff noting "the separate issues of whether a treaty provision is self-executing *and, if so*, whether a particular party may sue to enforce it") (emphasis added). But if the Court finds Article VII of the Treaty to be non-self-executing, it need not address the issue of whether Plaintiff has an equitable cause of action—because a cause of action to enforce a provision that was not binding domestically would be fruitless. Needless to say, if the Court were to find that the United States had an equitable cause of action to enforce a non-self-executing treaty provision, it would even more fundamentally erase the prerogatives of Congress that the doctrine of non-self-execution serves to protect.

to have domestic effect of its own force. That understanding precludes the assertion that Congress has implicitly authorized the President—acting on his own—to achieve precisely the same result" *Medellín*, 552 U.S. at 526–27. The Court should dismiss the Treaty claim.

Date: April 7, 2024

KEN PAXTON
Attorney General of the State of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Ryan D. Walters*
RYAN D. WALTERS
Chief, Special Litigation Division
Tex. State Bar No. 24105085
ryan.walters@oag.texas.gov

DAVID BRYANT
Special Counsel
Tex. State Bar No. 03281500
david.bryant@oag.texas.gov

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

JACOB E. PRZADA
Special Counsel
Tex. State Bar No. 24125371
jacob.przada@oag.texas.gov

KYLE S. TEBO
Assistant Attorney General
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

**Counsel for Defendants**

## Certificate of Service

On April 7, 2024, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ Ryan D. Walters*
RYAN D. WALTERS