

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7513
Washington, DC 20530

DT:LOvervold:MBaldi

Maxwell A. Baldi (202) 532-0211
maxwell.baldi@usdoj.gov

April 19, 2024

VIA CM/ECF

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:   *United States v. Texas*, No. 24-50149

Dear Mr. Cayce:

    Texas's Rule 28(j) letter references the Supreme Court's decisions in *DeVillier v. Texas*, No. 22-913 (Apr. 16, 2024), and *Labrador v. Poe*, No. 23A763 (Apr. 15, 2024). Neither decision advances Texas's cause.

    For purposes of this case, the Supreme Court's observation in *DeVillier* that "[c]onstitutional rights do not typically come with a built-in cause of action," slip op. 5, adds nothing to the Supreme Court's observation in *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 326 (2015), that the Supremacy Clause does not confer a right of action. The relevant point, which Texas continues to ignore, is that the Court in *Armstrong* went on to analyze whether, "quite apart from any cause of action conferred by the Supremacy Clause, this suit can proceed against [the government] in equity." *Id.* at 328. The Court in *DeVillier* expressly declined to address that separate issue, acknowledging that equitable and legal rights of action arise differently and distinguishing cases that granted equitable relief without an express right of action from the case before the Court, which involved "a cause of action for damages, a remedy that is legal, not equitable, in nature." *See* slip op. 5-6.

    In *Labrador*, the Court limited an injunction to the named plaintiffs, and five Justices expressed doubt about the propriety of injunctive relief that goes beyond what is necessary to redress the plaintiff's injury. *See* slip op. 10-13 (Gorsuch, J.,

concurring); slip op. 10 n.4 (Kavanaugh, J., concurring). The United States has consistently agreed that courts should not award equitable relief beyond what is necessary to provide relief to the plaintiff. *See, e.g.*, Br. for the United States, *Texas v. United States*, No. 21-40680, at 54 (5th Cir. Dec. 8, 2021). But here, the United States is the plaintiff, and every application of the statute will cause harms to the United States, as the government and the district court have documented. The district court, therefore, went "no further than necessary to provide interim relief to the parties." *Labrador*, slip op. 1 (Gorsuch, J., concurring).

                    Respectfully submitted,

                    */s/ Maxwell A. Baldi*
                    Maxwell A. Baldi

cc:    All counsel of record (by CM/ECF)