

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

April 19, 2024

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *United States v. Texas*, No. 24-50149
            Response to Rule 28(j) Letter regarding *DeVillier v. Texas*, No. 22-913, 2024 WL 1624576 (U.S. Apr. 16, 2024) and *Labrador v. Poe*, No. 23A763, 2024 WL 1625724 (U.S. Apr. 15, 2024)

Dear Mr. Cayce:

    Neither of Texas's supplemental authorities help its case.

    *DeVillier v. Texas* declined to decide whether a person may sue under the Takings Clause because it found Texas law provided a cause of action. The decision has no bearing here. *DeVillier* involved a claim for "just compensation." 2024 WL 1624576, at *2. The Court explained that such a "damages" remedy "is legal, not equitable," and so prior Takings Clause cases permitting "equitable claims" for "injunctions" were inapposite. *Id.* at *3. Here, plaintiffs seek only equitable relief. That makes all the difference. *Crown Castle Fiber, L.L.C. v. City of Pasadena*, 76 F.4th 425, 434 (5th Cir. 2023) ("But Crown Castle is not asking for damages here. The company seeks declaratory and injunctive relief, bringing the suit in equity.").

    In *Labrador v. Poe*, the Supreme Court issued a partial stay of an injunction against an Idaho law. There is no opinion for the Court, only a summary order. *See* 2024 WL 1625724, at *12 (Kavanaugh, J., concurring). And the Justices' separate opinions have little relevance here. *Poe* involved a statewide injunction based on harm to two individual children. *Id.* at *2 (Gorsuch, J., concurring). The crux of the dispute was whether the need to protect those individuals' anonymity warranted statewide relief. *See id.* at *13 (Jackson, J., dissenting) (explaining this "fact-specific reason" for affording statewide relief); *id.* at *4 n.2 (Gorsuch, J., concurring)



(suggesting the district court should have considered "the adequacy of less intrusive" relief to address anonymity concerns). Here, unlike in *Poe*, the United States is a plaintiff harmed by every application of S.B. 4. And, even apart from that, Texas has never even tried to explain how something less than a statewide injunction would provide complete relief for the *Las Americas* plaintiffs—two organizations and a municipality harmed by the systemic application of S.B. 4. In any case, Texas waived any argument on appeal for plaintiff-specific relief by failing to brief it. *See Lozovyy v. Kurtz*, 813 F.3d 576, 580 n.2 (5th Cir. 2015) ("because this argument was not raised in Lozovyy's initial brief, it is waived").

Sincerely,

/s/ Cody Wofsy
Cody Wofsy
Deputy Director
American Civil Liberties Union,
   Immigrants' Rights Project

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785



## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 347 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

    I hereby certify that on April 19, 2024, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: April 19, 2024                                     /s/ Cody Wofsy
                                                          Cody Wofsy

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785