

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Aaron L. Nielson Aaron.Nielson@oag.texas.gov
Solicitor General (512) 463-2100

June 18, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
Court of Appeals for The Fifth Circuit

 Re: *United States v. State of Texas*, No. 24-50149

Dear Mr. Cayce:

 Counsel provides notice under Rule 28(j) of the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (Jun. 13, 2024), which requires dismissal of the *Las Americas* suit for lack of Article III standing.

 In *Hippocratic Medicine*, the Court unanimously held that medical organizations lacked standing to challenge an FDA decision. The Court explained (at 5-6) that the "causation" requirement of standing is "ordinarily substantially more difficult to establish" where a plaintiff challenges "regulation ... of *someone else*." The Court also concluded (at 21-23) that *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), does not support standing where an organization has "divert[ed] its resources in response to a defendant's actions." That conclusion is consistent with the United States's response to Justice Barrett's questions at oral argument that Article III does not support organizational standing under such a theory, including "in the immigration context." *Hippocratic Medicine*, Oral.Arg.Tr.19-21.

 *Hippocratic Medicine* forecloses the *Las Americas* plaintiffs' reliance on *Havens*. *See, e.g.*, *Las Americas* Br.10, 13, 15-17. Although conceding that S.B.4 does not regulate them, they allege it would force them (indirectly) to "develop wholly new materials and resources" to assist individuals arrested under S.B.4, "dedicate more resources" to asylum applications, and "divert resources" from some services. ROA.802-03. Based on those allegations, the district court found standing under *Havens* because S.B.4 "perceptibly impaired" their "activities—with the consequent drain on the organization's resources." ROA.489. *Hippocratic Medicine* thus confirms that the district court erred.

Letter to Mr. Cayce, Clerk
Page 2

      The *Las Americas* plaintiffs may attempt to argue that whether they have standing is irrelevant because the United States has standing. *See Las Americas* Br.12-13. The United States, however, has no cause of action. *See, e.g.*, Texas Reply Br.4-5. Because "plaintiffs must demonstrate standing for each claim," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021), a plaintiff without standing cannot team up with someone who lacks a cause of action. This is especially true in consolidated cases, which "preserv[e] the distinct identities" of litigants and do not share "rights"—including standing—among "the separate parties in them." *Hall v. Hall*, 584 U.S. 59, 67 (2018).

                                                      Respectfully submitted,

                                                      /s/ Aaron L. Nielson
                                                    Aaron L. Nielson
                                                    *Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)