

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

June 20, 2024

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *United States v. Texas*, No. 24-50149
Response to Rule 28(j) Letter regarding *FDA v. Alliance for Hippocratic Medicine*, Nos. 23-235 & 23-236, 2024 WL 2964140 (U.S. June 13, 2024)

Dear Mr. Cayce:

    Defendants suggest that *FDA v. Alliance for Hippocratic Medicine* eliminates standing under *Havens*. But *Alliance* is consistent with this Court's precedents. *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (circuit precedent not abrogated absent "unequivocal indication" from the Supreme Court).

    *Alliance* reaffirmed *Havens*, rejecting only the standing of certain "issue-advocacy" organizations "based on their incurring costs to oppose FDA's actions." 2024 WL 2964140, at *13 (organization studied FDA actions and "engag[ed] in public advocacy and public education" against them). The Court held that organizations "cannot manufacture" standing "simply by expending money to gather information and advocate against the defendant's action." *Id.*; *see also id.* (rejecting theory because "all the organizations in America would have standing to challenge almost every [] policy that they dislike, provided they spend a single dollar opposing those policies"). That is consistent with this Circuit's existing law. *See, e.g.*, *ACORN v. Fowler*, 178 F.3d 350, 358-59 (5th Cir. 1999) (bringing litigation to challenge policy did not support standing); *NAACP v. City of Kyle, Tex.*, 626 F.3d 233, 238-39 (5th Cir. 2010) (similar for lobbying and commissioning study).



"Critically," the Supreme Court explained, the plaintiff in *Havens* "not only was an issue-advocacy organization, but also operated a housing counseling service." 2024 WL 2964140, at *13. It had standing because the challenged policy "directly affected and interfered with" the plaintiff's "core business activities"—providing counseling services. *Id*. Again, that is consistent with existing circuit law. *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) (finding standing where organization was "not a lobbying group" and expended resources "not with a view toward litigation, but toward mitigating [policy's] real-world impact"). So too with Las Americas and American Gateways. S.B. 4. would "completely change[]" their "core" operations of providing legal services to their clients by "forcing them to identify clients earlier, help noncitizens navigate the federal immigration process while in state prison, and seek federal relief as quickly as possible before a removal under state law." ROA.490-91; *Las Americas* Br. 13-16. Nor does *Alliance* impact the standing of El Paso County or the United States.

Sincerely,

/s/ Cody Wofsy
Cody Wofsy
Deputy Director
American Civil Liberties Union,
   Immigrants' Rights Project

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785



## CERTIFICATE OF COMPLIANCE

     I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 350 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

     I hereby certify that on June 20, 2024, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: June 20, 2024　　　　　　　　　　　　/s/ Cody Wofsy
　　　　　　　　　　　　　　　　　　　　　　Cody Wofsy

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785