

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

June 20, 2024

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

  Re: *United States v. Texas*, No. 24-50149
    Rule 28(j) Letter regarding *United States v. Iowa*, No. 24-cv-00161-SHL-SBJ, --- F. Supp. 4th ---, 2024 WL 3035430 (S.D. Iowa June 17, 2024).

Dear Mr. Cayce:

  In *United States v. Iowa*, a district court enjoined an Iowa law, S.F. 2340, which is almost identical to the reentry and removal provisions of S.B. 4. *Compare* 2024 WL 3035430, at *1 *with* ROA.484-86. The Court found the analysis in this Court's stay opinion persuasive. 2024 WL 3035430, at *11.

  *Iowa* held S.F. 2340 was field preempted, explaining that "there is no reasonable way to interpret *Arizona* as forbidding state law attempts to criminalize alien registration violations but allowing state law attempts to criminalize illegal reentry." *Id.* at *11-12. So too here. *See Las Americas* Br. 24-28, 35.

  The court also concluded that S.F. 2340 conflicts with federal law in numerous respects, including that it directs state judges to issue what "is for all intents and purposes an order of removal," "does not permit federal immigration law to run its course," "creates an untenable dichotomy between federal and state law in an area where the Supreme Court has recognized that the United States must speak with a single, harmonious voice," and permits state officers to "arrest [noncitizens] and put them in jail for something the United States has given them permission to do." 2024 WL 3035430, at *12-*13. The same is true of S.B. 4. *See Las Americas* Br. 29-34.

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785



*Iowa* also held that the United States had a cause of action to challenge a preempted state law, 2024 WL 3035430, at *10-*11 (collecting cases), rejecting arguments similar to the ones Defendants have made in this case, Texas Br. 16-20; *see* 2024 WL 3035430, at *11 ("As Defendants have not cited a single case to the contrary, the Court has little difficulty rejecting their position that the United States has not stated a viable cause of action."). It also held that the United States suffers "significant harm when a state tries to enforce its own immigration laws that are likely preempted by federal law," and that the federal government's interest is "paramount" in this context. *Id*. at *14.

Sincerely,

/s/ Cody Wofsy
Cody Wofsy
Deputy Director
American Civil Liberties Union,
　Immigrants' Rights Project



## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 329 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

    I hereby certify that on June 20, 2024, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: June 20, 2024                         <u>/s/ Cody Wofsy</u>
                                                      Cody Wofsy