

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Aaron L. Nielson  
Solicitor General

Aaron.Nielson@oag.texas.gov  
(512) 463-2100

July 3, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
Court of Appeals for The Fifth Circuit

Re:   *United States v. State of Texas*, No. 24-50149

Dear Mr. Cayce:

Counsel responds to notices from the *Las Americas* plaintiffs regarding recent decisions in *United States v. Iowa* and *United States v. Oklahoma*. Though the state statutes in those out-of-circuit district court cases differ from S.B.4 in certain respects, both decisions highlight errors in the stay panel's opinion.

First, while both courts recycled this Court's preliminary merits analysis, they recognized that this Court "extended" *Arizona*'s holding. Okla.Op.16-17; Iowa.Op.20. In other words, Plaintiffs ask this Court to innovate—in the context of a disfavored facial challenge and despite Texas's constitutional self-defense authority, which trumps conflicting federal statutes whenever it applies.

Second, both courts focused on what the state laws "aim at" or their "objective[s]." Okla.Op.8, 14; Iowa.Op.2, 25. But criminal laws like S.B.4 may have varied objectives, and, regardless, federal and state criminal laws often overlap. Federal criminal law thus should not preempt state criminal law based on *shared*— rather than conflicting—objectives. Nearly two centuries of precedent allowing separate sovereigns to administer overlapping (but distinct) criminal codes confirm this point. *Gamble v. United States*, 587 U.S. 678, 683-91 (2019); *contra* Okla.Op.24.

Third, despite repeating the panel's suggestion that the federal government may sue in equity to enforce federal supremacy, Okla.Op.12-14; Iowa.Op.18-19, both courts exhibited no awareness of supplemental briefing in this Court showing that such suits would render superfluous hundreds of federal statutes. ECF 179. Their decisions also flatly contradict the rule that Congress, not courts, creates federal

Letter to Mr. Cayce, Clerk
Page 2

causes of action. As one Supreme Court Justice recently observed, *In re Debs* "wasn't exactly our brightest moment." Oral.Arg.Tr. 86, No. 23-726 (U.S.).

Finally, both courts cursorily applied the final three *Winter* factors, suggesting that "a[ny] violation of the Supremacy Clause" suffices for showing irreparable harm, equities favoring the federal government, and public interests warranting an injunction. Okla.Op.28-31; Iowa.Op.23-25. Such cursory treatment contradicts the Supreme Court's recent insistence that the federal government must establish all four factors. *See Starbucks Corp. v. McKinney*, 144 S.Ct. 1570, 1576 (2024).

Such errors "become no less [erroneous] by simple dint of repetition." *Judulang v. Holder*, 565 U.S. 42, 61 (2011). This Court should vacate the injunction.

                                  Respectfully submitted,

                                    /s/ Aaron L. Nielson
                                  Aaron L. Nielson
                                  *Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)