

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

July 15, 2024

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *United States v. Texas*, No. 24-50149
           Response to Rule 28(j) Letter regarding *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024)

Dear Mr. Cayce:

    Defendant Hicks's sovereign immunity arguments lack merit, were never raised below, and are irrelevant. Las Americas Br. 22-23; Oral Argument at 50:30-54:30 (Apr. 3, 2024). Nothing in *Mi Familia Vota v. Ogg* changes that.

    The district attorney in *Ogg* "promise[d] not to enforce the challenged statutes" pending litigation. 105 F.4th at 331. By contrast, Hicks has confirmed he *will* enforce S.B. 4. *See* Hicks Press Conference at 2:38-2:47 (Mar. 22, 2024), https://www.youtube.com/watch?v=lWiNSXbh03E (stating, when discussing S.B. 4: "I don't have a choice in enforcing the law. The law is the law and it has to be enforced."); *id.* at 19:30-21:23 (explaining that he had recently "secured from the governor's office $1.1 million dollars in grant money" which is "going to help us have the resources we need to do this prosecution"). He has thus "show[n] a demonstrated willingness to enforce" S.B. 4. *Ogg*, 105 F.4th at 330.

    Critically, as I noted at argument, there is simply no need to address Hicks's sovereign immunity arguments in this appeal. Hicks claims he is a state agent. But even if that is so, Hicks nevertheless remains bound by the preliminary injunction. In the consolidated case, the United States sued Texas itself—and there is no sovereign immunity as against the United States. The preliminary injunction runs



against Texas *and* all of its agents. ROA.586. That includes Hicks, if he is a state agent. So deciding Hicks's immunity arguments (as against the *Las Americas* plaintiffs) would make no practical difference here because he remains bound by the United States' injunction against Texas.

There are further good reasons to not resolve those arguments at this stage. Because the case is in a preliminary injunction posture, Hicks will have future opportunities to address these matters below. So far, the district court has made no findings regarding Hicks's willingness to enforce S.B. 4, because he did not raise this issue below. Las Americas Br. 22. But as the case proceeds, Plaintiffs can amend their complaint (if necessary) to address the press conference and other intervening facts. *See Ogg*, 105 F.4th at 331 n.13.

        Sincerely,

        /s/ Cody Wofsy
        Cody Wofsy
        Deputy Director
        American Civil Liberties Union,
          Immigrants' Rights Project



## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 346 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

    I hereby certify that on July 15, 2024, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: July 15, 2024                                                  /s/ Cody Wofsy
                                                                               Cody Wofsy

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785