

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7513
Washington, DC 20530

DT:LOvervold:MBaldi

Maxwell A. Baldi                                                                                                    (202) 532-0211
maxwellbaldi@usdoj.gov

March 20, 2025

VIA CM/ECF
Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:   *United States v. Texas*, No. 24-50149

Dear Mr. Cayce:

I write to inform the Court that the United States voluntarily dismissed its complaint in the above captioned case on March 18, 2025. Notice of Dismissal, No. 1:24-cv-8, Dkt. 79; *see* Fed. R. Civ. P. 41(a)(1)(A)(i).

This appeal arises from two parallel actions in the district court: *United States v. Texas*, No. 1:24-cv-8, and *Las Americas Immigrant Advocacy Center v. McCraw*, No. 1:23-cv-1537. The district court granted, in a single order, motions for preliminary injunction filed by both the United States and the private plaintiffs. Texas appealed. This Court denied Texas's motion for a stay pending appeal of that preliminary injunction, 97 F.4th 268 (2024), and Texas's appeal remains pending.

Voluntary dismissal terminates the action and "put[s] the plaintiff in a legal position as if he had never brought . . . suit." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). Accordingly, the dismissal serves to dissolve the preliminary injunction entered by the district court in No. 1:24-cv-8. The preliminary injunction entered in No. 1:23-cv-1537 remains in effect. *See Hall v. Hall*, 584 U.S. 59, 72 (2018). As no live controversy remains between the United States and Texas, the United States respectfully suggests that this appeal is moot as to the United States. We therefore ask this Court to dismiss the United States as an appellee from this appeal.

Because the United States has dismissed its suit, we respectfully submit that this Court's supplemental briefing order is moot as to the United States as well. *See* Order, Dkt. 231 (Feb. 11, 2025).

We have consulted with Texas, which does not oppose dismissing the United States as an appellee. Texas also believes that the judgment of the district court and the stay panel decision should be vacated. The United States does not oppose vacatur of the underlying district court decision insofar as it applies to the case brought by the United States. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994).

                                            Sincerely,

                                            */s/ Maxwell A. Baldi*
                                            Maxwell A. Baldi

cc:    All counsel of record (via CM/ECF)