# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## Docket No. 24-50149

UNITED STATES OF AMERICA,

*Plaintiff – Appellee*

v.

STATE OF TEXAS; GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS
GOVERNOR OF TEXAS; TEXAS DEPARTMENT OF PUBLIC SAFETY;
FREEMAN MARTIN\*, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
TEXAS DEPARTMENT OF PUBLIC SAFETY,

*Defendants – Appellants*

LAS AMERICAS IMMIGRANT ADVOCACY CENTER, AMERICAN
GATEWAYS, COUNTY OF EL PASO, TEXAS,

*Plaintiffs – Appellees*

v.

FREEMAN MARTIN\*, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
TEXAS DEPARTMENT OF PUBLIC SAFETY; JAMES MONTOYA\*, IN HIS
OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR THE 34TH DISTRICT,

*Defendants – Appellants*

**On Appeal from**
United States District Court for the Western District of Texas,
Nos. 1:24-cv-00008-DAE (lead case), 1:23-cv-01537

**PLAINTIFFS-APPELLEES' SUPPLEMENTAL BRIEF PURSUANT TO
COURT ORDER**

David A. Donatti
(TX Bar No. 24097612)
Adriana C. Piñon
(TX Bar No. 24089768)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org

*For Plaintiffs-Appellees*
*Las Americas Immigrant Advocacy*
*Center, American Gateways, and*
*County of El Paso*

Daniel Hatoum
(TX Bar No. 24099136)
Erin D. Thorn
(TX Bar No. 24093261)
TEXAS CIVIL RIGHTS PROJECT
1017 W. Hackberry Ave.
Alamo, TX 78516
Telephone: (512) 474-5073, ext. 207
Facsimile: (956) 787-6348
daniel@texascivilrightsproject.org
erin@texascivilrightsproject.org

*For Plaintiffs-Appellees*
*Las Americas Immigrant Advocacy*
*Center and American Gateways*

Jo Anne Bernal
(TX Bar No. 02208720)
El Paso County Attorney
320 S. Campbell St., Suite 200
El Paso, Texas 79901

Cody Wofsy
Spencer Amdur
Hannah Schoen
Morgan Russell
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7thFloor
San Francisco, CA 94104
T: (415) 343-0770
F: (415) 395-0950
cwofsy@aclu.org
samdur@aclu.org
hschoen@aclu.org
mrussell@aclu.org

Anand Balakrishnan
Omar Jadwat
Lee Gelernt
Wafa Junaid
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
abalakrishnan@aclu.org
ojadwat@aclu.org
lgelernt@aclu.org
wjunaid@aclu.org

*For Plaintiffs-Appellees*
*Las Americas Immigrant Advocacy*
*Center, American Gateways, and*
*County of El Paso*

Tel: (915) 273-3247
joanneb@epcounty.com

Bernardo Rafael Cruz
(TX Bar No. 24109774)
Assistant County Attorney
320 S. Campbell St., Suite 200
El Paso, Texas 79901
Tel: (915) 273-3247
b.cruz@epcounty.com

*For Plaintiff County of El Paso*

 *Automatically substituted pursuant to
Fed. R. App. P. 43(c)(2)

Plaintiffs respectfully submit this brief to respond to the Court's briefing Order of February 11, 2025, and subsequent events.

In the February 11 Order, the Court directed the parties to provide briefing addressing three questions: (1) "[w]hat is the effect, if any, of *Coinbase*[*, Inc. v. Bielski*, 599 U.S. 736, 740 (2023)] and *Griggs* [*v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)] on the district court's January 31, 2025 order?"; (2) "[w]hat is the effect, if any, of" President Trump's Executive Orders 14159 and 14165 and Governor Abbott's Executive Orders GA-50-54 "on the district court's preliminary injunction and on this appeal?"; and (3) "have the parties' positions on any issues in the appeal changed?" ECF No. 231.

On March 18, the United States filed a notice of voluntary dismissal of its lawsuit in district court. Notice of Voluntary Dismissal, Dist. Ct. ECF No. 79, *United States v. Texas*, No. 1:24-cv-00008-DAE. On March 20, the federal government filed a letter with this Court, suggesting that the appeal is moot "as to the United States" and asking the Court to dismiss the United States from the appeal. ECF No. 243 at 1. It relayed Texas's view that "the judgment of the district court and the stay panel decision should be vacated." *Id*. at 2. The United States indicated that it does not oppose vacating "the underlying district court decision insofar as it applies to the case brought by the United States," but

was silent on Texas's request to vacate this Court's stay opinion. *Id*. Also on March 20, Defendant James Montoya—who was automatically substituted for Defendant Bill D. Hicks when he assumed office as District Attorney for the 34th Judicial District of Texas, *see* Fed. R. App. P. 43(c)(2)—filed an agreed-to motion to dismiss his appeal pursuant to Fed R. App. P. 42(b). ECF No. 244.

(1) Beginning with the parties' positions, the United States has voluntarily dismissed its case and suggested that "this appeal is moot as to the United States," ECF No. 243. However, as the United States' letter explains, this appeal arises from two cases: the United States' case and Plaintiffs' case. The district court granted Plaintiffs' motion for a preliminary injunction as well as the United States', so the preliminary injunction in Plaintiffs' case "remains in effect." *Id*. Accordingly, this appeal is not moot as to Plaintiffs, who are continuing to pursue this case.

Texas indicates in the United States' letter that it believes both the district court's preliminary injunction order and this Court's stay order should be vacated under the *Munsingwear* doctrine. *See* ECF No. 243 at 2 (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)). That request is legally baseless. As explained, Plaintiffs sought and obtained the relief below, so neither the case, nor the injunction, nor this appeal is moot. *Id*. at 1 (United States acknowledging Plaintiffs' injunction remains in effect).

Mootness is a necessary predicate for any *Munsingwear* vacatur. *See Bancorp Mortg.*, 513 U.S. at 22-23.

Moreover, even if this case had been rendered moot, that would provide no basis for vacating the stay opinion. *Munsingwear* vacatur serves a particular purpose: "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Id*. at 25. But Texas did not seek any further review of the Court's stay opinion—it did not, for example, seek en banc review or certiorari—and the time for doing so has now long-since passed. Whatever arguments Texas might have about review of the district court's preliminary injunction, it was certainly not precluded from seeking further review of the stay decision. It simply chose not to do so.

For his part, Defendant Montoya has now moved to dismiss his appeal. ECF No. 244. Plaintiffs therefore respectfully submit that the Court may resolve the pending appeal without further consideration of arguments advanced only by Defendant Montoya's predecessor, Mr. Hicks. *See* ECF Nos. 84-1, 158, 206; *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (parties must brief their arguments in their own appellate briefs, as "incorporation of arguments from other pleadings would lengthen" page limits in the appellate rules).

3

As to Plaintiffs, their positions remain the same. The preliminary injunction against S.B. 4 should be affirmed because the statute—which allows state officers to unilaterally arrest, detain, prosecute, and deport noncitizens without federal supervision or direction—intrudes on and conflicts with Congress's exclusive authority over entry and removal. *United States v. Texas*, 97 F.4th 268 (5th Cir. 2024); *Arizona v. United States*, 567 U.S. 387 (2012). Plaintiffs have standing and a cause of action. *United States v. Texas*, 719 F. Supp. 3d 640, 655-60, 662 n.10 (W.D. Tex. 2024). The district court did not abuse its discretion in enjoining this unconstitutional statute. *See id*. at 687-99.

That said, Plaintiffs recognize that the terrain has shifted in this case since last year's litigation—including both the United States and Defendant Montoya bowing out yesterday. And this is, of course, "a court of review, not first view." *Rest. L. Ctr. v. United States Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023) (internal quotation marks omitted). Plaintiffs would therefore not be opposed to a limited remand to the district court to consider intervening developments, to assess whether any modifications of its injunction or opinion are necessary, and to take other action it may deem appropriate under the circumstances. *See, e.g.*, *Hornbeck Offshore Servs., LLC v. Salazar*, No. 10-30585, 2010 WL 3219469, at *1 (5th Cir. Aug. 16, 2010) (unpublished). However, particularly in light of the Court's conclusions in the stay opinion and the severe harms that

4

would result from this law going into effect, the Court should leave the preliminary injunction fully in place pending further proceedings. *See, e.g.*, *id*. (limited remand with injunction remaining in place). The status quo in this case is well over a hundred years of settled Supreme Court precedent, followed by an injunction that has remained in effect for a year. The orderly course, if the Court believes there are issues for the district court to examine, is to leave that status quo undisturbed while litigation proceeds.

(2) The Executive Orders cited in this Court's supplemental briefing order do not alter the preliminary injunction or the questions before the Court. Those Orders are about *cooperation* with federal enforcement efforts; this case is about Texas's attempt to establish a unilateral state immigration system.

President Trump's Executive Orders provide that the federal government will "faithfully execute the immigration laws" while also "ensur[ing] State and local law enforcement agencies . . . can assist" federal officials "through agreements under . . . 8 U.S.C. § 1357(g)." *See* Exec. Order No. 14159, 90 Fed. Reg. 8443 (Jan. 29, 2025); Exec. Order No. 14165, 90 Fed. Reg. 8467 (Jan. 30, 2025) (providing that the federal government will "[c]ooperat[e] fully with State and local law enforcement officials"). Similarly, each of Governor Abbott's Executive Orders directs Texas to cooperate with the United States. *See* Exec. Order No. GA-50 ("direct[ing] . . . state agencies to assist federal actors . . . to

deploy any physical infrastructure to improve operational security at the southern border"); Exec. Order No. GA-51 ("direct[ing] all appropriate state agencies to assist federal law enforcement . . . to eliminate the operations of designated foreign terror organizations . . . by sharing intelligence"); Exec. Order No. GA-52 (directing Texas officials to "identify all land and facilities . . . available for use by Immigration and Customs Enforcement or other federal actors"); Exec. Order GA-53 (directing the Adjutant General of Texas to develop a plan to assist United States Northern Command in securing the border); Exec. Order No. GA-54 ("directing . . . state agencies to assist federal actors . . . with carrying out functions under federal immigration law").

Nothing in any of these Executive Orders purports to grant Texas the authority to unilaterally prosecute and remove noncitizens without federal involvement. They accordingly do not undermine any of Plaintiffs' arguments in this case. Indeed, whatever the merits of the President's declaration of an "invasion"—and there is none within the meaning of the Constitution—that would not create authority for *Texas* to ignore and override Congress's immigration statutes. Las Americas Br., ECF No. 140-1, at 40-44. If anything, the increased cooperation actually undermines Texas's previous claim that the federal government has "failed to contain the [border] crisis" and thus has abandoned the field, necessitating Texas's unilateral efforts. *See* Texas Br.,

ECF No. 87, at 3, 6, 24.

(3) Finally, neither *Coinbase* nor *Griggs* impacts the district court's January 31 order clarifying its preliminary injunction. The *Griggs* doctrine, applied in *Coinbase*, provides that the filing of an appeal generally divests the district court of jurisdiction over matters that are the subject of the appeal such that, while an injunction is on appeal, the district court has limited power to alter the injunction. *See Coinbase*, 599 U.S. at 740 (citing *Griggs*, 459 U.S. at 58); *see also Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (discussing this rule). However, the district court may generally make other orders provided it does not materially alter the terms of the injunction. *Coastal Corp.*, 869 F.2d at 820.

The district court's January 31 order merely confirms that the injunction does not bar Texas officials from cooperating with the federal government. *See* Order Clarifying/Modifying Preliminary Injunction Issued on February 29, 2024 at 5, Dist. Ct. ECF No. 76, *United States v. Texas*, No. 1:24-cv-00008-DAE (W.D. Tex. Jan. 31, 2025). But as this Court recognized, that has always been the case. *See Texas*, 97 F.4th at 292-93 (distinguishing cooperation from unilateral enforcement, and explaining that S.B. 4 permits state authorities to prosecute and remove individuals unilaterally, "without any consultation or cooperation with" federal officials). Thus, the January 31 order simply restates

7

the preliminary injunction and therefore does not alter the injunction whatsoever.

Dated: March 21, 2025

Respectfully Submitted,

David A. Donatti
(TX Bar No. 24097612)
Adriana C. Piñon
(TX Bar No. 24089768)
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
Facsimile: (713) 942-8966
ddonatti@aclutx.org
apinon@aclutx.org

*For Plaintiffs-Appellees*
*Las Americas Immigrant Advocacy*
*Center, American Gateways,*
*and County of El Paso*

Daniel Hatoum
(TX Bar No. 24099136)
Erin D. Thorn
(TX Bar No. 24093261)
TEXAS CIVIL RIGHTS PROJECT
1017 W. Hackberry Ave.
Alamo, TX 78516
Telephone: (512) 474-5073, ext. 207
Facsimile: (956) 787-6348
daniel@texascivilrightsproject.org

*For Plaintiffs-Appellees*
*Las Americas Immigrant Advocacy*
*Center and American Gateways*

Jo Anne Bernal
(TX Bar No. 02208720)
El Paso County Attorney
320 S. Campbell St., Suite 200
El Paso, Texas 79901

*/s/ Cody Wofsy*
Cody Wofsy
Spencer Amdur
Hannah Schoen
Morgan Russell
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7thFloor
San Francisco, CA 94104
T: (415) 343-0770
F: (415) 395-0950
cwofsy@aclu.org
samdur@aclu.org
hschoen@aclu.org
mrussell@aclu.org

Anand Balakrishnan
Omar Jadwat
Lee Gelernt
Wafa Junaid
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
abalakrishnan@aclu.org
ojadwat@aclu.org
lgelernt@aclu.org
wjunaid@aclu.org

*For Plaintiffs-Appellees*
*Las Americas Immigrant Advocacy*
*Center, American Gateways, and*
*County of El Paso*

Tel: (915) 273-3247
joanneb@epcounty.com

Bernardo Rafael Cruz
(TX Bar No. 24109774)
Assistant County Attorney
320 S. Campbell St., Suite 200
El Paso, Texas 79901
Tel: (915) 273-3247
b.cruz@epcounty.com

*For Plaintiff County of El Paso*

## CERTIFICATE OF SERVICE

I certify that, on March 21, 2025, a true and correct copy of this document was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's CM/ECF document filing system, and on all counsel of record.

*/s/ Cody Wofsy*
Cody Wofsy