

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

April 30, 2025

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *United States v. Texas*, No. 24-50149
            Response to Defendants' Rule 28(j) Letter Dated April 29, 2025

Dear Mr. Cayce:

    Defendants note that the Eighth Circuit vacated its opinion in *United States v. Iowa*, 126 F.4th 1334 (8th Cir. 2025). The court concluded the appeal as to the United States was moot. No. 24-2265, 2025 WL 1140834, at *1 (8th Cir. Apr. 15, 2025). But the court recognized that the appeal as to the private plaintiffs was not moot. *See Iowa Migrant Movement for Just. v. Bird*, No. 24-2263, 2025 WL 1140762, at *1 (8th Cir. Apr. 15, 2025), *vacating* 2025 WL 319926, at *1 (8th Cir. Jan. 24, 2025). The same is true here. ECF No. 252 at 2-3.

    Nor is vacatur warranted here. In *Iowa*, the court of appeals had resolved the *merits* of the appeal in its published opinion. That case therefore involved a typical application of *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), as Iowa stood to lose its opportunity to seek further review of the panel's decision. *See* 2025 WL 1140834, at *1 (8th Cir. Apr. 15, 2025). Here, Defendants seek vacatur of the Court's *stay* opinion, but the time for seeking further review of that is long since past, so *Munsingwear* is plainly inapplicable. *See* ECF No. 252 at 3.

    Defendants also submit the transcript from a status conference in district court. That discussion underscores Plaintiffs' position that the court's January 31 order only confirmed that the "injunction does not bar Texas officials from cooperating with the federal government." *Id.* at 7; *see* Tr. at 11. Defendants suggest



that the district court's comments indicate some change of view on the legality of S.B. 4. Not so. The court's point was that Texas's proffered justification—the supposed dereliction of federal authorities—"has been rectified," *id*. at 12-13, further undercutting the State's rationale for S.B. 4, *see* ECF No. 252 at 6.

Finally, Plaintiffs note that two more courts have joined the unanimous rejection of laws like S.B. 4. *See* ECF No. 84, *Idaho Organization of Resource Councils v. Labrador*, No. 25-cv-178 (D. Idaho); ECF No. 67, *Florida Immigrant Coalition v. Uthmeier*, No. 25-cv-21524 (S.D. Fla.).

        Sincerely,

        /s/ Cody Wofsy
        Cody Wofsy
        Deputy Director
        American Civil Liberties Union,
          Immigrants' Rights Project



## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 342 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

    I hereby certify that on April 30, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: April 30, 2025                              /s/ Cody Wofsy
                                                          Cody Wofsy