

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

June 10, 2025

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *United States v. Texas*, No. 24-50149
           Rule 28(j) Letter regarding *Florida Immigrant Coalition v. Uthmeier*,
           No. 25-11469, ECF No. 24-1(11th Cir. June 6, 2025).

Dear Mr. Cayce:

    In *Florida Immigrant Coalition v. Uthmeier*, a panel of the Eleventh Circuit unanimously denied Florida's motion to stay a preliminary injunction against a state statute that criminalizes illegal entry and reentry, like the Texas law at issue here. *Compare* Slip Op. 2-3 *with* ROA.484-86. The Eleventh Circuit concluded that "[i]t seems likely—given the federal government's longstanding and distinct interest in the exclusion and admission of [noncitizens], and the Immigration and Nationality Act's extensive regulation of [noncitizen] admission"—that Florida's statute was field preempted. Slip Op. 9. The same is true of S.B. 4, which purports not only to authorize arrests, detentions, and prosecutions for illegal entry and reentry, as the Florida statute does, but also to allow state officers to deport noncitizens. *See* ECF No. 140-1 at 24-28, 33-36.

    The Eleventh Circuit also rejected Florida's equities arguments, pointing out that, "even assuming that 'effects from illegal immigration' is an irreparable harm . . . [f]ederal officials of course already enforce immigration law—and many Florida law-enforcement agencies have entered into agreements with the Department of Homeland Security that allow local police to enforce federal immigration law." Slip Op. 14. The same is true here. *See* ECF No. 252 at 5-6 (addressing increased cooperation by Texas).

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785



      This unanimous panel decision now joins all other courts to have considered these laws in finding them preempted, including a recent decision in Oklahoma on remand after the United States dismissed its challenge. *See Padres Unidos de Tulsa v. Drummond*, ___ F.Supp.3d ___, 2025 WL 1573590 (W.D. Okla. June 3, 2025).

                                      Sincerely,

                                        /s/ Cody Wofsy
                                        Cody Wofsy
                                        Deputy Director
                                        American Civil Liberties Union,
                                        Immigrants' Rights Project



## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 257 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

    I hereby certify that on June 10, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: June 10, 2025                        <u>/s/ Cody Wofsy</u>
                                                    Cody Wofsy