

**Cody Wofsy**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

January 16, 2026

The Honorable Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *United States v. Texas*, No. 24-50149
           Rule 28(j) Letter Regarding *Bost v. Illinois State Bd. of Elections*, No. 24-568, 2026 WL 96707 (U.S. Jan. 14, 2026)
           **En Banc Oral Argument Scheduled January 22, 2026**

Dear Mr. Cayce:

In *Bost v. Illinois State Board of Elections*, the Supreme Court held that a candidate for office had standing to challenge electoral rules. While the Justices' opinions differed with regard to concerns unique to elections, as well as the particular allegations, all nine agreed on two principles applicable to this case.

First, plaintiffs have standing where they "incur . . . costs to 'mitigate or avoid' a 'substantial risk' of some independent harm." 2026 WL 96707 at *5. As Chief Justice Roberts' majority opinion recognized, such a litigant is injured by being "require[d] . . . to expend additional resources." *Id.* at *3. Justice Barrett, concurring in the judgment, further explained that "[p]ocketbook harm is a traditional Article III injury," "not only when a law directly imposes costs on a plaintiff" but also when a plaintiff must "'reasonably incur[] costs to mitigate or avoid' the 'substantial risk' of a harm caused by a statute." *Id.* at *6. And Justice Jackson, dissenting, agreed that a plaintiff showing a "reasonable probability of future harm absent costly mitigation efforts" establishes standing. *Id.* at *15. That is precisely what Las Americas has shown here. *See* Pfs. Supp. En Banc Br. 14 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)).



Second, such financial injuries may be incurred to avoid *non-financial* harms. Thus, for example, Congressman Bost was not seeking to maximize his profit. *Id.* at *3 (majority) (his interests were in "a fair process" and "represent[ing] the people"); *id.* at *7 (Barrett, J.) (rule threatened to "put his election at risk and damage his reputation"). Even though the challenged law's threat was non-economic, all the Justices agreed that expending resources in response to that threat represented a "legally cognizable" economic injury. *Id.* at *3; *see also id.* at *6-7 (Barrett, J.) (approvingly analogizing to *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010)); *id.* at *15 (Jackson, J.) (agreeing with the *Monsanto* principle in this context). So too for Las Americas. *See* Pfs. Supp. En Banc Br. 14-15 (discussing *Monsanto*).

Sincerely,

/s/ Cody Wofsy
Cody Wofsy
Deputy Director
American Civil Liberties Union,
Immigrants' Rights Project

425 California St, 7th Floor, San Francisco, CA 94104 | cwofsy@aclu.org | 415-343-0785



## CERTIFICATE OF COMPLIANCE

 I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 339 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

 I hereby certify that on January 16, 2026, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Dated: January 16, 2026          /s/ Cody Wofsy
                   Cody Wofsy